UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN ROOT TECHNOLOGY Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> CHIARO TECHNOLOGY Ltd., <br><br> Defendant. | CASE NO. 2:23-cv-00631-JHC <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

# I

## INTRODUCTION

Before the Court is Defendant's motion for reconsideration. Dkt. # 53. The Court DENIES the motion.

# II

## DISCUSSION

A.  Reconsideration of Merits Determination

The Court denied Plaintiff's motion for a temporary restraining order largely because the Court concluded that the harm alleged was not so irreparable as to justify a temporary restraining

ORDER DENYING MOTION FOR RECONSIDERATION - 1

order on an emergency basis. *See* Dkt. # 43 at 7. However, the Court also "tentatively" concluded that, based on the briefing before it, Plaintiff was likely to prevail on the merits. *Id.*

While Defendant prevailed on the ultimate issue presented in the motion for a temporary restraining order, Defendant requests modification or clarification of the Court's order. According to Defendant, Plaintiff provided Amazon a copy of the Court's order shortly after it was issued. Dkt. # 53 at 3. Based on that order, Amazon re-listed the S12 Pro products. *Id.* Accordingly, Defendant argues that the Court should "clarif[y] that the Court's Order should not be interpreted as an order finding that the S12 Pro products do not infringe unless and until the Court is provided full briefing from both parties on the issue of infringement and issues an order finding as much." *Id.* at 8.

The Court declines to do so. The Court's order accurately reflected its understanding of the issues at the time the order was issued. To be sure, the Court agrees with Defendant that its decision was based on briefing provided by Defendant on a rushed timeline, and that its merits determination is—as the order states—at most "tentative." Any third parties are welcome to take such factors into consideration when reading the Court's order. But the Court does not believe that the actions of either Plaintiff or Amazon justify reconsideration. *See* LCR 7(h) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling. . . .").

Defendant also says that it "will not have an opportunity to present its infringement positions to the Court for months if not years." Dkt. # 53 at 5 n.3. This does not justify reconsideration of the Court's order on Plaintiff's motion. If Defendant believes it will be irreparably harmed by Plaintiff's alleged infringement, it may seek whatever relief it deems proper. But it does not justify reconsideration of *Plaintiff*'s motion.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

Moreover, the Court notes that the current status quo—in which Plaintiff continues to manufacture and sell the accused products—represents a garden-variety patent case. In many patent cases, a patentee must litigate a case to judgment; if successful, a patentee may be entitled to a prospective injunction as well as money damages to compensate for past infringement. Plaintiff's continued sale of the accused products while the parties litigate this case does not, *on its own*, justify reconsideration of the Court's prior order.

B.      Reconsideration of Jurisdiction Determination

In the Court's order, the Court concluded that "at this stage, the Court is satisfied that it possesses jurisdiction: There appears to be an actual controversy between Plaintiff and Defendant, even if Plaintiff has done business under various English names. So long as the various names refer to the same corporate entity, there does not seem to be a jurisdictional issue." Dkt. # 45 at 4.

Defendant argues that reconsideration is appropriate in light of new facts that contradict Plaintiff's asserted basis for jurisdiction. Dkt. # 53 at 5 ("[Defendant] continues to accumulate new facts supporting that Plaintiff has not been forthright about its corporate structure and that this Court does not have subject matter jurisdiction over the declaratory judgment action.").

The Court is, as always, interested in ensuring that it possesses jurisdiction over the proceeding. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists."). But while some of the facts raised by Defendants are troubling, they do not alter the Court's conclusion that "*at this stage*, the Court is satisfied that it possesses jurisdiction." Dkt. # 43 at 4 (emphasis added). If Defendant believes the Court lacks jurisdiction, it may argue as such in a proper

motion of its own alleging lack of jurisdiction.[1]  *See A.V. by Varela v. Panama-Buena Vista Union Sch. Dist.*, 292 F. Supp. 3d 992, 1000 (E.D. Cal. 2017) ("[L]ack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).").

### III

### CONCLUSION

For the reasons above, the Court DENIES the motion for reconsideration.  Dkt. # 53.

Dated this 13th day of June, 2023.

*John H. Chun*
John H. Chun
United States District Judge

---

[1] Such a motion would also create a briefing schedule that allows for a response by Plaintiff.