THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN ROOT TECHNOLOGY CO., LTD., HONG KONG LUTE TECHNOLOGY CO., LIMITED, AND SHENZHEN CONGLIN E-COMMERCE CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>CHIARO TECHNOLOGY, LTD.,<br><br>Defendant. | No. 2:23-cv-00631<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to the Court's May 24, 2023 *Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement* ("Order"), Dkt # 51, and the parties' June 7, 2023 Fed. R. Civ. P. 26(f) conference, Plaintiffs and Defendant Chiaro Technology, Ltd., d/b/a Elvie (collectively, "the parties") submit this joint status report and discovery plan. The information below tracks the numbering set forth in the Order.

**1.      Statement of the case:**

This is a complex patent infringement action with ancillary state law claims. On April 28, 2023 Plaintiff Shenzhen Root Technology Co., Ltd. filed a declaratory judgment action of non-infringement of its S12 Pro product as to Elvie's U.S. Patent No. 11,357,893 ("the '893 patent) relating to wearable breast pump technology. With Elvie's forthcoming answer and counterclaims (due on August 2, 2023, *see* Dkt. 52), Elvie intends to allege that Plaintiffs (and other "Momcozy" entities) infringe additional Elvie patents by making, using, selling, or offering to sell in the United

JOINT STATUS REPORT AND DISCOVERY PLAN — 1

STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
(206) 624-0900

States or importing into the United States various product lines.

2. **Proposed deadline for joining additional parties:** See proposed schedule.

3. **Consent to trial before magistrate:**

The parties do not consent to have this matter tried before a Magistrate.

4. **Discovery Plan:**

    A. **Initial Disclosures**

The Initial Disclosures were exchanged on June 21, 2023 (Order, at 1).

    B. **Subjects, Timing, and Potential Phasing of Discovery**

**The Parties' Joint Position:** The parties do not believe discovery should be bifurcated or phased, except as described herein. The parties submit the following agreed-upon proposed schedule, which is based on the Court's Local Patent Rules and Local Civil Rules, with minor modifications to promote efficiency (such as exchanging infringement, non-infringement, and invalidity contentions a reasonable time after the filing of Elvie's Answer and Counterclaims).

| Deadline | Parties' Proposed Schedule |
|---|---|
| PLAINTIFF'S PROPOSAL:<br>Deadline to join additional parties | PLAINTIFFS' PROPOSAL:<br>August 9, 2023 |
| Deadline for amending pleadings (except for joining additional parties or for good cause) | September 15, 2023 |
| Preliminary Infringement Contentions and Disclosure of Asserted Claims and accompanying file history for each asserted patent (PAT 120) | September 15, 2023 |
| Preliminary Non-Infringement and Invalidity Contentions (PAT 121) and accompanying document production (PAT 122) | November 2, 2023 |
| Parties to exchange Proposed Terms and Claim Elements for Construction (PAT 130) | November 22, 2023 |
| Parties to exchange Preliminary Claim Constructions and Extrinsic Evidence (PAT 131) | December 22, 2023 |
| Parties to file Joint Claim Chart and Prehearing Statement (PAT 132) | January 26, 2024 |

JOINT STATUS REPORT AND DISCOVERY PLAN — 2

STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
(206) 624-0900

| | |
|---|---|
| Expert Witness Reports on Markman issues (if necessary) (PAT 132) | February 8, 2024 |
| Rebuttal Expert Witness Reports on Markman issues (if necessary) (PAT 132) | March 7, 2024 |
| Completion of claim construction discovery, if necessary (PAT 133) | March 22, 2024 |
| Opening *Markman* Briefs (24 pages per side) (PAT 134) | April 11, 2024 |
| Responsive *Markman* Briefs (24 pages per side) (PAT 134) | April 25, 2024 |
| Tutorial (if necessary) (PAT 132(g)) | To be set by the Court; preferably May 2024 |
| Claim Construction Hearing Ready Date (PAT 135) | To be set by the Court; preferably May 2024 |
| DEFENDANT'S PROPOSAL: Deadline to join additional parties | DEFENDANT'S PROPOSAL: September 6, 2024 |
| Close of fact discovery | September 27, 2024 |
| Parties to exchange Initial Expert Reports | October 25, 2024 |
| Parties to exchange Rebuttal Expert Reports | December 20, 2024 |
| Close of expert discovery | February 15, 2025 |
| Last day for parties to file case dispositive motions and/or *Daubert* motions | April 18, 2025 |
| Oppositions to dispositive motions and/or *Daubert* motions | May 16, 2025 |
| Reply briefs to dispositive motions and/or *Daubert* motions | June 6, 2026 |
| Hearing on Dispositive Motion | To Be Set by the Court |
| Pretrial Conference | To be set by the Court |
| Trial | To be set by the Court; Parties expect case to be ready for trial in August 17, 2025 |

The parties intend to engage in discovery concerning the conception and reduction to practice of the purported inventions, prior art, sales, marketing, licensing, third party

alternative/competitive products, financial/accounting topics, parties holding themselves out as related to "Momcozy" other than those appearing as plaintiffs, willfulness, attempts to copy or design around, knowledge of the asserted patents, design and development of the infringing products, indemnity by third parties, and the parties' competition/interference with each other's business. The parties agree to commence discovery in time to be complete by the end of the period prescribed by the Court.

C. This case is not likely to involve an unusual amount of discovery of electronically stored information. The parties agree to the *Model Protocol for Discovery of ESI (www.wawd.uscourts.gov/sites/wawd/files/ModelESIAgreement.pdf)*, subject to refinement by the parties and Court via agreement or order.

D. The parties agree that privilege logs need not cover privileged or work product documents created after the filing of the Complaint on April 28, 2023.

E. The parties do not currently propose any limits on discovery other than those reflected in the applicable Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Local Civil Rules ("LCR"), and Local Patent Rules ("LPR"), except as noted below:

**Depositions**

The parties agree that a deposition will presumptively be limited to one day of 7 hours of testimony per day, absent further agreement by the parties, good cause, or as provided for below for expert depositions. The parties will meet-and-confer in advance of a corporate or expert deposition regarding the length of the deposition. If a witness will be deposed in his or her personal capacity and as a corporate representative, the parties agree to conduct both examinations simultaneously to the extent practical.

**Depositions Using an Interpreter:**

**Plaintiffs' Position:** The duration of depositions should be governed by Fed. R. Civ. P. 30(d)(1), which provides for a single seven-hour deposition day. If, after proceeding with seven

hours of questioning in any specific deposition, either party may seek additional time if needed to fairly examine the deponent, as provided pursuant to Fed. R. Civ. P. 30(d)(1). There is no need to anticipatorily double the allowable length of all translated depositions in advance without consideration of whether additional time is needed, or how much, in the context of specific depositions.

**Elvie's Position:** Elvie maintains that for depositions using an interpreter, time should be measured using a 2x multiplier. For example, the seven-hour limit will be increased to fourteen (14) hours of deposition with an interpreter, but will only count for seven hours against the parties' limitations on depositions.

**Fact Depositions:**

**Plaintiffs' Position:** The number of depositions and their duration should be governed by Fed. R. Civ. P. 30(a)(2)(A) and 30(d), which provide for ten 7-hour depositions, exclusive of expert depositions, absent leave of court. Elvie's proposal below to set a 50-hour fact deposition limit for Plaintiffs—significantly less than what Rule 30 contemplates—while giving itself 70 total hours of fact deposition time is unjustified and inappropriate. There is no need for an hour-based limitation separate from the limitations imposed pursuant to Rule 30, and in any event, the parties should receive equal deposition time, however measured.

In addition, Elvie's request, below, for expedited jurisdictional discovery, is unnecessary. Elvie can take discovery on jurisdictional issues or any other relevant disputed issues as it sees fit, including noticing depositions in whatever order it chooses. No bifurcation or sequencing of jurisdictional discovery prior to other discovery is necessary, and doing so is likely to result in wasteful repeat depositions.

**Elvie's Position:** In view of the jurisdictional issues Elvie has brought to the Court's attention regarding Plaintiffs' representations regarding its corporate structure (*see, e.g.*, Dkt. No.

59 at 3), Elvie maintains that it should be permitted early discovery (i.e., discovery responses, document productions, depositions) on jurisdictional issues by no later than March 2024 so that Elvie can timely add any new parties before the deadline to join additional parties and well before the close of fact discovery. Moreover, Elvie proposes that each side should be entitled to take 50 hours of deposition testimony, exclusive of designated expert witness depositions, but that any early depositions on jurisdictional issues—up to 20 hours of deposition testimony—not count towards this deposition limit. By agreeing to this deposition limit, Elvie does not intend to waive other objections it may have to a deposition even if it does not exceed the limit.

Each side shall be entitled to take up to seven (7) hours of expert witness deposition testimony for each expert witness report the expert has authored, unless otherwise agreed by the parties.

The parties agree that, upon the taking party's request, fact and expert witnesses will be made available to sit for deposition in person. In the case of an in-person deposition, the requesting party will be responsible for arranging the location of the deposition in a place convenient for the deponent. Each party agrees to make its witnesses available for deposition in a location where a deposition for use in U.S. courts is permitted (e.g., Hong Kong or Macau). In the case of deposition by video conference technology, the requesting party is responsible for arranging the video platform service to be used for deposition.

   F. The parties will provide the Court with an agreed form of proposed stipulated protective order and Fed. R. Evid. 502 agreement governing Confidential, Attorneys' Eyes Only, and privileged/work product information.  Apart from such an order, the parties are not currently aware of any specific discovery issues that need to be addressed by the Court.

  **5.** **LCR 26(f)(1):**

   A. The parties will seek ways to increase the efficiency of the case pursuant to Fed. R. Civ. P. 1.

   B. The parties believe that ADR in the form of mediation may be productive

JOINT STATUS REPORT AND DISCOVERY PLAN — 6

**STOEL RIVES LLP**
600 University Street, Suite 3600
Seattle, WA 98101
(206) 624-0900

after the initial exchange of meaningful discovery.

   C. N/A

   D. The parties are not aware of any particular discovery management issues.

   E. *See supra* Section 4.B.

   F. Except as described herein, the parties do not believe that any motions need to be phased at this time.

   G. Both parties have instituted procedures to preserve relevant documents and things.

   H. *See supra* Section 4.D and F.

   I. *See supra* Section 4.C.

   J. N/A

 **6.** **Other Pending/Prior Actions:**  N/A

 **7.** **Discovery and Dispositive Motions Deadlines:** *See* proposed schedule.

 **8.** **Bifurcation:**  The parties do not believe that bifurcation of liability and damages — or of any other sets of disputed issues — is necessary or appropriate in this case, but they reserve the right to raise the issue if new information is developed or if circumstances otherwise change.

 **9.** **Pre-Trial Statements and Order:** The parties do not believe that pre-trial statements or order prescribed by the rules should be dispensed with.

 **10.** **Individualized Trial Program (LCR 39.2) and ADR (LCR 39.1):**

The parties do not believe that the *Individualized Trial Program* set forth in Local Civil Rule 39.2 should be applied to this case.  As to ADR, *see supra* Section 5.B.

 **11.** **Other Suggestions to Shorten/Simplify the Case:**

The parties have mutually agreed to accept service of papers, discovery, and documents (except original service of process) electronically and hereby memorialize their Electronic Service Agreement.  Service by electronic mail is considered complete upon transmission to the email addresses listed on the Court docket for counsel of record.  If the serving party receives notice or

indication that an electronic transmission has failed for any reason, that party must immediately notify the other party of the issue so that it may be promptly resolved.  When documents are numerous or large, they may be served via an electronic file sharing service accessible only to the parties.  Service via an electronic file sharing service is considered complete when the documents have been uploaded to the electronic file sharing service with a link provided to the other parties.

**12.** **Tutorial on Technology:**

The parties believe that a tutorial may aid the Court decide issues of patent claim construction, and the parties may incorporate such a tutorial, jointly or separately, into their *Markman* briefing, presentations, or oral arguments.

**13.** **Trial Readiness Date:**  August 17, 2025

**14.** **Jury Trial:**  The parties demand a trial by jury.

**15.** **Trial Length:**  The parties believe 10 court days will be required for trial.

**16.** **Trial Counsel:**  Names and contact information are set forth below.

**17.** **Scheduling Conflicts:**  February 10 - 17, 2024; October 1-8, 2024; and January 29 - February 4, 2025.

**18.** **Service of Process:**  Service has been completed on Defendant.

**19.** **Pre-Trial Conference:** The parties are interested in scheduling a pre-trial conference with the Court via telephone as a means to expedite disposition of the action and to avoid potentially unnecessary procedures.

**20.** **Corporate Disclosure Statements:**  All of the parties who have appeared to date have filed Fed. R. Civ. P. 7.1 and LCR 7.1 corporate disclosure statements as of June 28, 2023.  See Dkt ## 2, 55-58.

Dated: June 28, 2023.

Respectfully submitted,

| STOEL RIVES LLP | STERNE, KESSLER, GOLDSTEIN & FOX PLLC |
|---|---|
| /s/Brian C. Park<br>Brian C. Park, WSBA No. 25584<br>Jacqueline Middleton, WSBA No. 52636<br>STOEL RIVES LLP<br>600 University Street, Suite 3600<br>Seattle, WA 98101<br>brian.park@stoel.com<br>jacqueline.middleton@stoel.com<br>Tel.: (206) 386-7542<br>Fax: (206) 386-7500<br><br>Qianwu Yang (admitted *pro hac vice*)<br>Xiaomin Cao (admitted *pro hac vice*)<br>SHM LAW FIRM<br>25 F, China Resources Tower,<br> 2666 Keyuan South Rd., Nanshan<br>Shenzhen, China 518052<br>Tel.: +86 139 2521 2009<br>Fax: +86 755 8326 6693<br>yang@shm.law<br>cao.xiaomin@shm.law<br><br>Joshua A. Hartman (admitted *pro hac vice*)<br>MERCHANT & GOULD, P.C.<br>1900 Duke St., Suite 600<br>Alexandria, VA 22314<br>Tel.: (703) 518-4504<br>Fax: (612) 332-9081<br>jhartman@merchantgould.com<br><br>Eric R. Chad (admitted *pro hac vice*)<br>MERCHANT & GOULD, P.C.<br>2200 Fifth Street Towers<br>150 South Fifth Street<br>Minneapolis, MN 55402-4247<br>Tel: (612) 332-5300<br>Fax: (612) 332-9081<br>echad@merchantgould.com<br><br>Attorneys for Plaintiffs | /s/Josephine Kim<br>Nirav Desai (admitted *pro hac vice*)<br>Josephine Kim (admitted *pro hac vice*)<br>1100 New York Ave., NW<br>Washington, DC 20005<br>Telephone: 202.371.2600<br>Facsimile: 202.371.2540<br><br>Lowe Graham Jones PLLC<br>Mark P. Walters, WSBA No. 30819<br>Mitchell D. West, WSBA No. 53103<br>walters@LoweGrahamJones.com<br>west@LoweGrahamJones.com<br>1325 Fourth Avenue, Suite 1130<br>Seattle, WA 98101<br>T: 206.381.3300 |

JOINT STATUS REPORT AND DISCOVERY PLAN — 9

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification and serve such filing on all counsel of record.

DATED: June 28, 2023.

*/s/Lauren Markovich*
Lauren Markovich, Litigation Practice Assistant