HONORABLE KYMBERLY K. EVANSON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHENZHEN ROOT TECHNOLOGY CO., LTD.,
HONG KONG LUTE TECHNOLOGY CO.,
LIMITED, AND SHENZHEN CONGLIN E-
COMMERCE CO., LTD.,

              Plaintiffs,

     v.

CHIARO TECHNOLOGY Ltd.,

              Defendant.

CHIARO TECHNOLOGY LTD.,

              Counterclaim Plaintiff,

v.

SHENZHEN ROOT TECHNOLOGY CO., LTD.,
HONG KONG LUTE TECHNOLOGY CO.,
LIMITED, SHENZHEN CONGLIN E-
COMMERCE CO., LTD, SHENZHEN ROOT E-
COMMERCE CO., LTD., SHENZHEN TPH
TECHNOLOGY CO., LTD., SHENZHEN
JINRUIXING TECHNOLOGY CO., LTD.,
SHENZHEN LUTEJIACHENG NETWORK
TECHNOLOGY CO., LTD., and SHENZHEN
JINRUIHANG TECHNOLOGY CO., LTD.,

              Counterclaim Defendants.

Case No. 2:23-cv-00631

**COUNTERCLAIM
DEFENDANTS' ANSWER TO
COUNTERCLAIMS,
AFFIRMATIVE DEFENSES AND
COUNTER-COUNTERCLAIMS**

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS – 1
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Plaintiffs/Counterclaim Defendants Shenzhen Root Technology Co., Ltd. (aka Shenzhen Lutejiacheng Network Technology Co., Ltd.)[a], Hong Kong Lute Technology Co., Limited, Shenzhen Conglin E-Commerce Co., Ltd, and Shenzhen Jinruihang Technology Co, Ltd., (collectively "Counterclaim Defendants" or "Momcozy") hereby submit their Answer to Chiaro Technology Ltd.'s ("Elvie's) Counterclaims. Any and all allegations contained in Counter Plaintiff's Counterclaims not admitted in this Answer are denied. This Answer is not being filed on behalf of counterclaim defendants Shenzhen Root E-Commerce Co., Ltd., Shenzhen TPH Technology Co. Ltd., or Shenzhen Jinruixing Technology Co., Ltd. In several paragraphs of the counterclaims, Counterclaim plaintiff cites to various documents which allegedly support their allegations. Counterclaim defendants take no position as to whether those citations are accurate or not. To the extent a response is needed to the citations, they are denied. Momcozy reserves the right to raise additional defenses based on further discovery and subsequent factual developments in this case.

## GENERAL DENIAL

Momcozy denies all allegations in Elvie's Counterclaims except for those specifically admitted below. With respect to the allegations made in the Counterclaims, upon knowledge with respect to Momcozy's own acts, and on information and belief as to other matters, Momcozy responds and alleges as follows:

## ANSWER TO COUNTERCLAIMS

### Nature of the Counterclaims

1.    This counterclaim is for willful patent infringement of U.S. Patent Nos. 11,357,893 (the "'893 patent") and 11,413,380 (the "'380 patent") (collectively, the "Asserted

---

[a] On or around September 22, 2023, the name Shenzhen LuteJiacheng Network Technology Co., Ltd. was changed to Shenzhen Lute Innovation Technology Co., Ltd.

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 2
2:23-cv-00631

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Patents")[1] and breach of contract under Washington common law.

**ANSWER:**

The Counterclaim Defendants admit that the counterclaim purports to be for willful patent infringement of U.S. Patent Nos. 11,357,893 (the "'893 patent") and 11,413,380 (the "'380 patent") (collectively, the "Asserted Patents") and breach of contract under Washington common law. Momcozy specifically denies any act of patent infringement, past or present, as well as any breach of contract under Washington common law. Except as expressly admitted, Momcozy denies each and every allegation of Paragraph 1.

As to footnote no. 1, Momcozy lacks information sufficient to form a belief as to Elvie's intent and therefore denies the same.

2.      Elvie alleges that each of Momcozy's S9, S9 Pro, S12, S12 Pro, M1, and M5 products (collectively, the "Accused Products") infringe each of the Asserted Patents.[2]

**ANSWER:**

Counterclaim Defendants admit that Elvie alleges that each of Momcozy's S9, S9 Pro, S12, S12 Pro, M1, and M5 products (collectively, the "Accused Products") infringe each of the Asserted Patents. Counterclaim Defendants deny that there is any such infringement. As to footnote no. 2, Momcozy lacks information sufficient to form a belief as to Elvie's intent and therefore denies the same.

## The Parties[3]

3.      Elvie is a company incorporated under the laws of England and Wales and located

---

[1] Elvie intends to amend its Counterclaims to further assert infringement of allowed Patent Application No. 17/203,292 upon its issuance by the USPTO.

[2] Elvie may also amend its Counterclaims to identify additional products that infringe the Asserted Patents, including Momcozy's new V1 product.

[3] Elvie has propounded discovery requesting Plaintiffs to identify all entities involved in the design, redesign, development, operation, manufacture, testing, marketing, distribution, sale, or importation into the United

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 3
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

at 63-66 Hatton Garden, Second Floor, London, EC1N 8LE, United Kingdom.

**ANSWER:**

Momcozy admits that Elvie is a corporation organized and existing under the laws of the United Kingdom with its principal place of business at 63-66 Hatton Garden, EC1N 8LE, London, United Kingdom.  Momcozy lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.  As to footnote no. 3, Momcozy admits that Elvie has propounded discovery to plaintiffs and that discovery is ongoing.  Momcozy denies the remaining allegations of footnote no. 3.

4.      On information and belief, Shenzhen Root Technology Co., Ltd. ("Shenzhen Root") is a company formed in China with the address 2F2-201 Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China. On information and belief, Shenzhen Root is managed by Pan Silin as the General Manager and Executive Director and Pan Zhenxiang as the supervisor. Shenzhen Root is assigned the United Social Credit Code ("USCC") of 91440300MA5FX6EH4G.

**ANSWER:**

Counterclaim Defendants admit the allegations of paragraph 4 of the counterclaims.

5.      On information and belief, Hong Kong Lute Technology Co., Limited ("Hong Kong Lute") is a foreign corporation that is registered in the state of Colorado under the address 18121 E Hampden Ave, Unit C, #1007, Aurora, CO 80013. On information and belief, Pan Silin is listed as the sole Officer of Hong Kong Lute. Hong Kong Lute is formed under the laws of Hong Kong and has its principal place of business at Room 02, 21F Shek

---

States of the Accused Products. However, discovery is ongoing and Plaintiffs have not yet identified all entities and information requested as of this filing. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories. Elvie reserves the right to amend its Counterclaims, including naming additional Counterclaim Defendants, as discovery progresses and after Plaintiffs fully respond to Elvie's discovery requests.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Kwan Commercial Building, 38 Bi Street, Yau Ma Tei, Kowloon, Hong Kong. Hong Kong Lute is assigned the company code of 3069869.

**ANSWER:**

Counterclaim Defendants admit that Hong Kong Lute is a foreign corporation organized under the laws of Hong Kong and has its principal place of business at Room 02, 21F Shek Kwan Commercial Building, 38 Bi Street, Yau Ma Tei, Kowloon, Hong Kong. Its Chief Executive Officer/Executive Director is Pan Junyu and it is assigned the company code of 3069869. Counterclaim Defendants deny the remaining allegations of paragraph 5 of the counterclaims.

6.      As Plaintiffs have admitted, Shenzhen Root is a parent of Hong Kong Lute. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 2.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root is a parent of Hong Kong Lute.

7.      As Plaintiffs have admitted, Hong Kong Lute is a subsidiary of Shenzhen Root. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 2.

**ANSWER:**

Counterclaim Defendants admit that Hong Kong Lute is a subsidiary of Shenzhen Root.

8.      On information and belief, Shenzhen Conglin E-Commerce Co., Ltd. ("Shenzhen Conglin") is a company formed in China with the address 401D81, Leizhen Building, No. 40, Fuming Road, Futian District, Shenzhen, China. Shenzhen Conglin is managed by Gong Shaocong and Duan Shuyu. On information and belief, Shenzhen Conglin is assigned the USCC of 91440300MA5H3EYN0R.

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS – 5
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Conglin E-Commerce Co., Ltd. is organized under the laws of the People's Republic of China and has its principal place of business at 21F, Jinzhonghuan International Business Building, No. 3037, Jintian Road, Fu'an Community, Futian Street, Futian District, Shenzhen, China. Its legal representative (executive director) is Gong Shaocong and its Unified Social Credit Code (USCC) is 91440300MA5H3EYN0R. Counterclaim Defendants deny the remaining allegations of this paragraph.

9.       As Plaintiffs have admitted, Shenzhen Root is a parent of Shenzhen Conglin, which is owned in trust for the benefit of and is controlled by Shenzhen Root. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 2.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root is a parent of Shenzhen Conglin, which is owned in trust for the benefit of, and is controlled by, Shenzhen Root.

10.      As Plaintiffs have admitted, Shenzhen Conglin is a subsidiary of, is owned in trust for the benefit of, and is controlled by Shenzhen Root. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 2.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Conglin is a subsidiary of, is owned in trust for the benefit of, and is controlled by Shenzhen Root.

11.      On information and belief, Shenzhen TPH Technology Co., Ltd. ("Shenzhen TPH") is a company formed in China with the address 2F, Building 29, Lianchuang Technology Park II, Longgang District, Shenzhen, China. On information and belief, Shenzhen TPH is managed by Zianzi Chen and Yanhong Cai. According to Shenzhen E-Commerce and

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   Hong Kong Dian Ying Industry Co. Ltd, Shenzhen TPH is responsible for the manufacture

2   and sale to Shenzhen E-Commerce and Hong Kong Dian Ying Industry Co. Ltd of at least

3   the S9, S12, and M1 breast pumps. On information and belief, Shenzhen TPH is assigned

4   the USCC of 914403003352154174.

5      **ANSWER:**

6      Counterclaim Defendants admit that Shenzhen TPH is responsible for the manufacture and

7   sale to Hong Kong Dian Ying Industry Co. Ltd of the S9, S12, and M1 breast pumps.  Counterclaim

8   Defendants lack information sufficient to support a belief as to the remaining allegations of this

9   paragraph and therefore deny the same.

10     12.    On  information  and  belief,  Shenzhen  Jinruixing  Technology  Co.,  Ltd.

11  ("Jinruixing") is a company formed in China with the address 4F, Building D, No. 2

12  Shihuan Road, Baoan District, Shenzhen, China. On information and belief, Jinruixing is

13  managed by Tao Yang and Yujiao Sun. According to Pan Silin, Jinruixing is responsible

14  for selling the Accused Products on Amazon.com. Dkt # 39 at p. 5. On information and

15  belief,  Shenzhen  Jinruixing  Technology  Co.,  Ltd.  is  assigned  the  USCC  of

16  91440300MA5D9A071A.

17     **ANSWER:**

18     Counterclaim Defendants admit that Pan Silin stated that Jingruixingkejiyouxiangongsi is

19  the entity controlling the Amazon account, Jinruixing, which sells the S12 Pro on Amazon.com.

20  Counterclaim Defendants deny that Pan Silin stated that Counterclaim Defendant, Jinruixing, is

21  responsible for selling the Accused Products on Amazon.com. Counterclaim Defendants lack

22  information sufficient to form a belief as to the remaining allegations of this paragraph and

23  therefore deny the same.

24

25     13.    On information and belief, Shenzhen Root E-Commerce Co., Ltd. ("Shenzhen E-

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Commerce") is a company formed in China with the address 2F2-208 Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China. On information and belief, Shenzhen E-Commerce recently changed its name to Shenzhen Yuyou Technology Co., Ltd. On information and belief, Shenzhen E-Commerce is managed by Yongge Zheng and Geyu Zheng. On information and belief, Yongge Zhen is the sole shareholder of Shenzhen Conglin. On information and belief, Shenzhen E-Commerce is assigned the USCC of 91440300359646166T.

**ANSWER:**

Counterclaim Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore deny the same.

14.     On information and belief, Shenzhen Lutejiacheng Technology Co., Ltd. ("Lutejiacheng") is a company formed in China with the address 2F2-201 Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China. On information and belief, Lutejiacheng is managed by Pan Silin and Pan Zhenxiang. On information and belief, Lutejiacheng is assigned the USCC of 91440300MA5FX6EH4G.

**ANSWER:**

Momcozy admits the allegations of paragraph 14.  Lutejiacheng and Shenzhen Root are the same company, with the latter being the English name of the former. At the end of September, 2023, Lutejiacheng changed its name to Shenzhen Lute Innovation Technology Co., Ltd.

15.     As Plaintiffs have admitted, Shenzhen Root is a parent of Lutejiacheng. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 2.

**ANSWER:**

Counterclaim Defendants deny that Shenzhen Root is a parent of Lutejiacheng.

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 8
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

16.     As Plaintiffs have admitted, Lutejiacheng is a subsidiary of Shenzhen Root. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 2.

**ANSWER:**

Counterclaim Defendants deny that Lutejiacheng is a subsidiary of Shenzhen Root.

17.     On information and belief, Shenzhen Jinruihang Technology Co., Ltd. ("Jinruihang") is a company formed in China with the address Room 204, Building 59, Vanke Donghai'an, No. 216 Huanbi Road, Donghai'an, No. 216 Huanbi Road, Donghai'an Community, Meisha Street, Yantian District, Shenzhen, China. On information and belief, Jinruihang is assigned the USCC of 91440300MA5GKP331A.

**ANSWER:**

Counterclaim Defendants admit the allegations of this paragraph.

18.     As Plaintiffs have admitted, Shenzhen Root is a parent of Jinruihang. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 2.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root is a parent of Jinruihang.

19.     As Plaintiffs have admitted, Jinruihang is a subsidiary of Shenzhen Root. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 2.

**ANSWER:**

Counterclaim Defendants admit that Jinruihang is a subsidiary of Shenzhen Root.

20.     As Plaintiffs have admitted, all shares of Jinruihang are owned by Tao Jin on behalf of and for the benefit of Shenzhen Root. *See* Plaintiffs' August 7, 2023 Responses to

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Defendant's First Set of Interrogatories, Interrogatory No. 2.

**ANSWER:**

Counterclaim Defendants admit that all shares of Jinruihang are owned by Tao Jin on behalf of and for the benefit of Shenzhen Root.

21.    On information and belief, Elvie is aware of two other entities, Hong Kong Dian Ying Industry Co., Ltd. and Smartlin, that may be entities separate from the Counterclaim Defendants and involved in the offer for sale, sale, and/or importation of the Accused Products. Elvie has propounded discovery regarding these entities.

**ANSWER:**

Counterclaim Defendants admit that Smartlin is an Amazon storefront's name, whose registered owner is plaintiff Shenzhen Conglin E-commerce Co., Ltd. and that Hong Kong Dian Ying Industry Co., Ltd. is an independent Hong Kong company involved in the importation of the accused S9, S12 and M1 products in the capacity of Shenzhen Root's agent before July 2021. Counterclaim Defendants deny the remaining allegations of paragraph 21.

## Jurisdiction and Venue

22.    This is an action for patent infringement under 35 U.S.C. § 271 and breach of contract claims under Washington common law.

**ANSWER:**

Counterclaim Defendants admit that Counterclaim Plaintiff purports to assert an action for patent infringement under 35 U.S.C. § 271 and breach of contract claims under Washington common law.  Counterclaim Defendants deny that there has been any infringement or breach of contract.

23.    This Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271 for Elvie's

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

claims of patent infringement arising under federal law. This Court has supplemental jurisdiction of Elvie's breach of contract claim pursuant to 28 U.S.C. § 1367, because such claims arise from the same set of operative facts and are so related to the claim arising from Elvie's claim of patent infringement. The Court's exercise of supplemental jurisdiction would promote judicial economy, convenience, fairness, and avert the risk of inconsistent adjudications of the same issues of law and fact.

**ANSWER:**

Counterclaim Defendants admit that this Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271 for Elvie's claims of patent infringement arising under federal law. Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

24.     On information and belief, Shenzhen Root, Hong Kong Lute, Shenzhen Conglin, Jinruixing, Jinruihang, Shenzhen E-Commerce operate in the United States to sell the Accused Products through the brand name "Momcozy" and are related to the entities that represented Momcozy in the APEX Proceeding.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root, Shenzhen Conglin, and Jinruihang operate in the United States and are related to the entities that represented Momcozy in the APEX Proceeding. Counterclaim Defendants admit that Shenzhen Root sells S12, S12 Pro, S9, S9 Pro, and M1 products through Shenzhen Conglin and sells S12, S12 Pro, S9, and S9 Pro products through Jinruihang under the brand name "Momcozy." Counterclaim Defendants deny the remaining allegations of this paragraph.

**A.     This Court has Personal Jurisdiction Over Shenzhen Root, Hong Kong Lute, and**

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 11
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**Shenzhen Conglin**

25.     Counterclaim Defendants Shenzhen Root, Hong Kong Lute, and Shenzhen Conglin have availed themselves of this forum in this action and are therefore subject to personal jurisdiction in this district. *See* Dkt #54.

**ANSWER:**

Counterclaim Defendants admit that, solely for purposes of this action, Shenzhen Root, Hong Kong Lute, and Shenzhen Conglin are subject to personal jurisdiction in this district. Counterclaim Defendants deny the remaining allegations of this paragraph.

26.     On information and belief, Shenzhen Root, Hong Kong Lute, and Shenzhen Conglin sell the Accused Devices in the United States under the tradename "Momcozy." *See* Dkt. # 29 at p. 33; Dkt. # 39 ¶¶ 5, 10.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root, Hong Kong Lute, and Shenzhen Conglin sell the Accused Products in the United States under the tradename "Momcozy."

27.     On information and belief, Shenzhen Root is an entity responsible for importing, offering for sale, and selling the Accused Products in the United States. *See* Dkt. # 39 ¶ 2.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root imports, offers for sale, and sells the Accused Products in the United States.

28.     On information and belief, Shenzhen Root sells the Accused Products online, including at momcozy.com and Amazon.com. *See* Dkt. # 39 ¶ 7.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root sells the Accused Products online,

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

including at momcozy.com and Amazon.com.

29.     As Plaintiffs have admitted, Shenzhen Root is responsible for the design, development, operation, manufacture, testing, marketing, distribution, sale, and importation into the United States of at least the S12 Pro products imported into the United States, either directly or through its subsidiaries. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 1.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root is responsible for the design, development, operation, manufacture, testing, marketing, distribution, sale, and importation into the United States of the S12 Pro products imported into the United States, either directly or through its subsidiaries. Counterclaim Defendants deny the remaining allegations of this paragraph.

30.     On information and belief, Hong Kong Lute is an entity responsible for importing, offering for sale, and selling the Accused Products in the United States. *See* Dkt. # 29 at 33.

**ANSWER:**

Counterclaim Defendants admit that Hong Kong Lute is an entity responsible for offering for sale and selling the Accused Products in the United States. Counterclaim Defendants deny the remaining allegations of this paragraph.

31.     On information and belief, Hong Kong Lute sells the Accused Products online, including at momcozy.com and Amazon.com. *See* Dkt. # 29 at 33.

**ANSWER:**

Counterclaim Defendants admit that Hong Kong Lute sells the Accused Products at momcozy.com. Counterclaim Defendants deny the remaining allegations of this paragraph.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

32.     By May 17, 2022, Hong Kong Lute, along with Shenzhen Lute Jiacheng Technology Co., Ltd., was listed on Momcozy.com as the entities behind Momcozy. See Dkt. # 29 at 33. On information and belief, the listed Shenzhen Lute Jiacheng Technology Co., Ltd. is the same entity as Shenzhen Lutejiacheng Technology Co., Ltd. ("Lutejiacheng").

**ANSWER:**

Counterclaim Defendants admit the allegations of this paragraph.

33.     As Plaintiffs have admitted, Hong Kong Lute participated in the distribution and importation into the United States of the S12 Pro products. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 1.

**ANSWER:**

Counterclaim Defendants admit that Hong Kong Lute participated in the distribution and importation into the United States of the S12 Pro products.

34.     As Plaintiffs have admitted, Hong Kong Lute took possession of the S12 Pro products, including in Hong Kong, and caused those products to be imported into the United States. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 1.

**ANSWER:**

Counterclaim Defendants admit that Hong Kong Lute took possession of the S12 Pro products in Hong Kong, and caused those products to be imported into the United States.

35.     On information and belief, Shenzhen Conglin is an entity responsible for importing, offering for sale, and selling the Accused Products in the United States. *See* Dkt. # 39 ¶ 10.

**ANSWER:**

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Counterclaim Defendants admit that Shenzhen Conglin is the entity that is the Amazon Store Smartlin's registered owner, which is under the control of Shenzhen Root for offering for sale, and selling the Accused S12, S12 Pro, S9, S9 Pro, and M1 products in the United States. Counterclaim Defendants deny the remaining allegations of this paragraph.

36.     On information and belief, Shenzhen Conglin sells the Accused Products online, including at momcozy.com and Amazon.com. *See* Dkt. # 39 ¶ 10.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Conglin sells the accused S12, S12 Pro, S9, S9 Pro, and M1 products on Amazon.com. Counterclaim Defendants deny the remaining allegations of this paragraph.

37.     As Plaintiffs have admitted, Shenzhen Conglin was involved in the distribution, marketing, and sales of S12 Pro products, including sales of those products in the United States via Amazon.com after importation into the United States. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 1.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Conglin was involved in the distribution, marketing, and sales of S12 Pro products, including sales of those products in the United States via Amazon.com after importation into the United States.

38.     As Plaintiffs have admitted, Shenzhen Conglin marketed and sold the S12 Pro products via listings with Amazon.com. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 1.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Conglin marketed and sold the S12 Pro

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

products via listings with Amazon.com.

39.     Therefore, this Court has personal jurisdiction over Shenzhen Root, Hong Kong Lute, and Shenzhen Conglin.

**ANSWER:**

Counterclaim Defendants, solely for purposes of this action, admit that this Court has personal jurisdiction over Shenzhen Root, Hong Kong Lute, and Shenzhen Conglin.

**B.     This Court has Personal Jurisdiction Over Shenzhen TPH**

40.     On information and belief, based at least upon correspondence received from Plaintiffs' counsel, Shenzhen TPH is the manufacturer of the S9, and S12 breast pumps on behalf of Momcozy. Dkt. # 29 at 170-71; Ex. 1, FDA Website.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen TPH is the manufacturer of the S9 and S12 breast pumps for Momcozy.  Counterclaim Defendants lack information sufficient to form a belief as to the remaining allegations of this paragraph.  Counterclaim Defendants deny the remaining allegations of this paragraph.

41.     On information and belief based at least upon correspondence received from Plaintiffs' counsel, Shenzhen TPH has indemnified Shenzhen Root E-Commerce Co., Ltd. and Hong Kong Dian Ying Industry Co. Ltd. for any patent infringement of at least the S9, S12, and M1 breast pumps. Dkt. #29 at 170-71.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen TPH warrants that the S9, S12, and M1 breast pumps do not infringe any intellectual property rights of Elvie including the 893 patent. Counterclaim Defendants deny the remaining allegations of this paragraph and specifically deny

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

that they have committed or are committing any act of patent infringement.

42.     On information and belief, Shenzhen TPH knowingly manufactured and sold at least the S9, S12, and M1 breast pumps to the entity called "Momcozy," or entities working on behalf of "Momcozy," knowing that they would be imported into and sold in the United States, including the State of Washington.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen TPH knowingly manufactured and sold the S9, S12, and M1 breast pumps to the entity called "Momcozy," or entities working on behalf of "Momcozy," knowing that they would be imported into and sold in the United States, including the State of Washington. Counterclaim Defendants deny the remaining allegations of this paragraph.

43.     On information and belief, Shenzhen TPH manufactures and sells to Counterclaim Defendants at least the S9, S12, and M1 breast pumps, knowing that the products will be imported into and sold in the United States.[4]

**ANSWER:**

Counterclaim Defendants admit that Shenzhen TPH manufactured and sold to Counterclaim-Defendants the S9, S12, and M1 breast pumps, knowing that the products will be imported into and sold in the United States**.**  As to footnote no. 4, Counterclaim Defendants admit that the S12 Pro is not manufactured by Shenzhen TPH.  Counterclaim Defendants deny the remaining allegations of this paragraph.

44.     On information and belief, Shenzhen TPH has indemnified Plaintiffs for charges of patent infringement against at least the S9, S12, and M1 breast pumps. Dkt. # 29 at p. 170.

---

[4] According to Pan Silin's declaration, the S12 Pro is not manufactured by Shenzhen TPH. *See* Dkt. # 35 at p. 5. Elvie has propounded discovery regarding the correct identity of the manufacturer of each of the Accused Products.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**ANSWER:**

Counterclaim Defendants contend that Shenzhen TPH should be indemnifying Counterclaim Defendants fully in this case as to the S9, S12, and M1 breast pumps. Counterclaim Defendants deny each and every remaining allegation in Paragraph 44, and specifically deny that they have committed or are committing any act of patent infringement.

45.     On information and belief, Shenzhen TPH is aware of Elvie's patents. *See* Dkt. 29 at p. 170-71.

**ANSWER:**

Counterclaim Defendants admit that Counterclaim Defendants notified Shenzhen TPH about Elvie's '893 patent after receiving Elvie's Cease and Desist Letter on or around June 22, 2022. Counterclaim Defendants lack sufficient information to form a belief as to the remaining allegations of paragraph 45 and therefore deny the same.

46.     On information and belief, Shenzhen TPH has informed Plaintiffs that the products it manufactures do not infringe any intellectual property, including Elvie's patents. *See* Dkt. #29 at p. 170-71.

**ANSWER:**

Counterclaim Defendants admit the allegations of paragraph 46.

47.     Therefore, this Court has personal jurisdiction over Shenzhen TPH.

**ANSWER:**

Counterclaim Defendants lack sufficient information to form a belief as to the allegations of paragraph 47 and therefore deny the same.

**C.     This Court has Personal Jurisdiction Over Jinruixing**

48.     On information and belief, Jinruixing sells the Accused Devices in the United States

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS – 18
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

under the tradename "Momcozy." *See* Dkt. # 39 at p. 4-5.

**ANSWER:**

Counterclaim Defendants lack sufficient information to form a belief as to the allegations of paragraph 48 and therefore deny the same.

49.     On information and belief, Jinruixing participated in the APEX proceeding that Counterclaim Defendants allege provides the Court with personal jurisdiction. *See* Dkt. #20 at Ex. 4 at 1.

**ANSWER:**

Counterclaim Defendants deny each and every allegation of this paragraph.

50.     The agreement governing the APEX proceeding between Elvie and Momcozy, which Jinruixing signed, states that, "Participants agree to the jurisdiction and venue of the federal and state courts located in King County, Seattle, Washington." *See* Dkt. # 54 ¶ 38; Dkt. # 39 at p. 5.

**ANSWER:**

Counterclaim Defendants admit that the agreement that Momcozy signed states "Participants agree to the jurisdiction and venue of the federal and state courts located in King County, Seattle, Washington." Counterclaim Defendants deny each and every remaining allegation of Paragraph 50.

51.     On information and belief, Jinruixing offers for sale, sells, and/or imports the Accused Products through online marketplaces such as Amazon.com, including in this District. *See* Dkt. # 39 at p 4-5.

**ANSWER:**

Counterclaim Defendants lack information sufficient to form a belief as to the allegations

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

of this paragraph.

52.    On information and belief, Jinruixing made the Accused Products available for sale in the United States with knowledge that the Accused Products infringed Elvie's patents. *See* Dkt. #22, ¶ 12.

**ANSWER:**

Counterclaim Defendants lack information sufficient to form a belief as to the allegations of this paragraph.

53.    Therefore, this Court has personal jurisdiction over Jinruixing.

**ANSWER:**

Counterclaim Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore deny the same.

**D.    This Court has Personal Jurisdiction Over Shenzhen E-Commerce**

54.    On information and belief, Shenzhen E-Commerce sells the Accused Devices in the United States under the tradename "Momcozy." *See, e.g.*, Dkt. # 29 at 27.

**ANSWER:**

Counterclaim Defendants lack information sufficient to support a belief as to the allegations of this paragraph.

55.    On information and belief, Shenzhen E-Commerce is an entity offering for sale and selling Momcozy products, including the Accused Products, in the United States through, at least, its online website, momcozy.com. See Dkt. # 29 at p. 32.

**ANSWER:**

Counterclaim Defendants lack information sufficient deny to form a belief as to the allegations of this paragraph.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

56.     By at least November 29, 2020, Shenzhen E-Commerce was listed on Momcozy.com as the entity behind Momcozy. *See* Dkt. # 29 at 27.

**ANSWER:**

Counterclaim Defendants admit that the former English name of Shenzhen Root Technology Co., Ltd., which is Shenzhen Root E-Commerce Co., Ltd, was listed on Momcozy.com. Counterclaim Defendants deny the remaining allegations of this paragraph.

57.     By at least March 3, 2022, Shenzhen E-Commerce and Hong Kong Dian Ying Industry Co., Limited were listed on Momcozy.com as the entities behind Momcozy. See Dkt. # 29 at 32.

**ANSWER:**

Counterclaim Defendants admit that by March 3, 2022, the former English name of Shenzhen Root Technology Co., Ltd., which is Shenzhen Root E-Commerce Co., Ltd, and Hong Kong Dian Ying Industry Co., Limited were listed on Momcozy.com. Counterclaim Defendants deny the remaining allegations of this paragraph.

58.     Therefore, this Court has personal jurisdiction over Shenzhen E-Commerce.

**ANSWER:**

Counterclaim Defendants lack information sufficient to form a belief as to the allegations of Paragraph 58 and therefore deny the same.

**E.      This Court has Personal Jurisdiction Over Lutejiacheng**

59.     On information and belief, Lutejiacheng sells the Accused Devices in the United States under the tradename "Momcozy." *See* Ex. 22, FDA Lutejiacheng Registration.

**ANSWER:**

Counterclaim Defendants admit that Lutejiacheng sells the Accused Products in the United

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 21
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

States under the tradename "Momcozy."

60.     On information and belief, Lutejiacheng is an entity involved in the sale and importation of the Accused Products into the United States.

**ANSWER:**

Counterclaim Defendants admit that Lutejiacheng is an entity involved in the sale and importation of the Accused Products into the United States.

61.     By May 17, 2022, Shenzhen Lute Jiacheng Technology Co., Ltd., along with Hong Kong Lute, was listed on Momcozy.com as the entities behind Momcozy. *See* Dkt. # 29 at 33. On information and belief, the listed Shenzhen Lute Jiacheng Technology Co., Ltd is the same entity as Shenzhen Lutejiacheng Technology Co., Ltd. ("Lutejiacheng").

**ANSWER:**

Counterclaim Defendants admit that by May 17, 2022, Shenzhen Lute Jiacheng Technology Co., Ltd., along with Hong Kong Lute, were listed on Momcozy.com and the listed Shenzhen Lute Jiacheng Technology Co., Ltd is the same entity as Shenzhen Lutejiacheng Technology Co., Ltd.

62.     On information and belief, Lutejiacheng is managed by Pan Silin, the alleged sole founder and CEO of Shenzhen Root Technology Co., Ltd. Dkt. #19, ¶ 1.

**ANSWER:**

Counterclaim Defendants admit that Lutejiacheng is managed by Pan Silin, the founder and CEO of Shenzhen Root Technology Co., Ltd.  Counterclaim Defendants deny the remaining allegations of Paragraph 62.

63.     On information and belief, Momcozy's U.S. trademark registration for the mark "Momcozy" was registered under Lutejiacheng's name. *See* Dkt. #35 at ¶ 8 and Ex. 29 at

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 22
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1.

**ANSWER:**

Counterclaim Defendants admit that Momcozy's U.S. trademark registration for the mark "Momcozy" was registered under Lutejiacheng's name.

64.     On information and belief, Lutejiacheng registered the Accused Products with the FDA in order to sell the Accused Products within the United States. *See* Exhibit 22, FDA Lutejiacheng Registration. On information and belief, Lutejiacheng offers for sale, sells, and/or imports the Accused Products in the United States.

**ANSWER:**

Counterclaim Defendants admit that Lutejiacheng registered the Accused Products with the FDA in order to sell the Accused Products within the United States and Lutejiacheng offers for sale, sells, and/or imports the Accused Products in the United States.

65.     On information and belief, Lutejiacheng made the Accused Products available for sale in the United States with knowledge that the Accused Products infringed Elvie's patents. *See* Dkt. #22, ¶ 12.

**ANSWER:**

Counterclaim Defendants deny that Lutejiacheng made the Accused Products available for sale in the United States with knowledge that the Accused Products infringed Elvie's patents. Counterclaim Defendants specifically deny that they have committed or are committing any act of patent infringement.

66.     On information and belief, Lutejiacheng has made the devices available for purchase in the United States by registering the device with FDA in the United States.

**ANSWER:**

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 23
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Counterclaim Defendants admit the allegations of paragraph 66.

67.     As Plaintiffs have admitted, Lutejiacheng is responsible for purchasing S12 Pro products from Shenzhen Root's manufacturers and then shipping them to Hong King before the products are imported into the United States. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 1.

**ANSWER:**

Counterclaim Defendants deny each and every allegation of this paragraph.

68.     Therefore, this Court has personal jurisdiction over Lutejiacheng.

**ANSWER:**

Counterclaim Defendants admit, solely for purposes of this action, that this Court has personal jurisdiction over Lutejiacheng.

**F.     This Court has Personal Jurisdiction Over Jinruihang**

69.     On information and belief, Jinruihang is a subsidiary of Shenzhen Root.

**ANSWER:**

Counterclaim Defendants admit Jinruihang is a subsidiary of Shenzhen Root.

70.     As Plaintiffs have admitted, Jinruihang is a post-importation distributor through Amazon.com of the S12 Pro products. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 1.

**ANSWER:**

Counterclaim Defendants admit that Jinruihang is a post-importation distributor through Amazon.com of the S12 Pro products.

71.     On information and belief, Jinruihang sells the S12 Pro products throughout the

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 24
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

United States, including this district, through online marketplaces such as Amazon.com.

**ANSWER:**

Counterclaim Defendants admit that Jinruihang sells the S12 Pro products throughout the United States, including this district, through Amazon.com.  Counterclaim Defendants deny the remaining allegations of this paragraph.

72.     Therefore, this Court has personal jurisdiction over Jinruihang.

**ANSWER:**

Counterclaim Defendants admit, solely for purposes of this action, that this Court has personal jurisdiction over Jinruihang.  Counterclaim Defendants deny the remaining allegations of this paragraph.

73.     Venue is proper in this judicial district under §§ 1391 and 1400, and as a result of Counterclaim Defendants' choice of forum in filing this action.

**ANSWER:**

Counterclaim Defendants admit, solely for purposes of this action, that venue is proper in this judicial district.  Counterclaim Defendants deny the remaining allegations of this paragraph.

**Background**

A.     **Elvie's Innovations in Women's Health**

74.     Elvie was founded in April 2013 by Tania Boler, an internationally recognized women's health expert, with the mission to revolutionize women's healthcare by developing smarter, "female first" technology that improves the health and lives of women.

**ANSWER:**

Counterclaim Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore deny the same.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

75.     Since 2013, Elvie has innovated, developed and sold products in women's healthcare categories which have been overlooked for many years, including breast pumps and pelvic floor health. The first product to launch, Elvie Trainer, is an award-winning Kegel trainer and app that helps women strengthen the pelvic floor. Its second product, Elvie Pump, is the world's first silent, wearable breast pump. Elvie Pump launched during the 2018 London Fashion Week when Valeria Garcia walked the runway while wearing the Elvie Pump.

**ANSWER:**

Counterclaim Defendants lack information to support a belief as to the allegations of this paragraph and therefore deny the same.

76.     Prior to the launch of the Elvie Pump, the breast pump industry had remained largely stagnant for almost half a century, with breast pumps being loud, big, and typically requiring an electrical outlet. Elvie invested substantial time and resources to investigate the issues women faced when using existing breast pumps. With its in-bra, discreet, silent, and wireless design, the Elvie Pump changed the way that mothers can breastfeed to meet the demands of their increasingly busier lives.

**ANSWER:**

Counterclaim Defendants lack information to support a belief as to the allegations of this paragraph and therefore deny the same.

77.     In addition, Elvie Pump allows mothers to control the pump through a phone application. This allows mothers to customize the pump to fit their needs while giving them the freedom to pump whenever and wherever they would like.

**ANSWER:**

Counterclaim Defendants lack information to support a belief as to the allegations of this

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 26
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

paragraph and therefore deny the same.

78.     Noted as one of "the biggest innovation[s] in pumping technology of the past 100 years," *See Elvie*, Core77 Design Awards 2019, https://designawards.core77.com/health-wellness/85273/Elvie (last accessed May 10, 2023), Elvie Pump's trailblazing technology includes a coin-sized pump, sleek design, and the ability to run quietly and discreetly.

**ANSWER:**

Counterclaim Defendants admit that the quote "the biggest innovation[s] in pumping technology of the past 100 years," is set out in *Elvie*, Core77 Design Awards 2019, https://designawards.core77.com/health-wellness/85273/Elvie.     Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

79.     The Elvie Pump has won over 20 awards for its innovation including International Design Awards, Mumsnet Awards, Dezeen Awards, Baby Magazine Awards, The Red Dot Awards and Good Design Awards amongst others. *See* Ex. 3, Achievements at Elvie + Chiaro.

**ANSWER:**

Counterclaim Defendants lack information to support a belief as to the allegations of this paragraph and therefore deny the same.

80.     For example, in 2019, TIME named the Elvie Pump as one of the "Best Inventions of 2019" (Exhibit 4); the Core77 Design Awards named the Elvie Pump as a runner up in the category of Health & Wellness (Exhibit 5); and Dezeen named the Elvie Pump the "Wearable Design of the Year." (Exhibit 6). In 2020, the European Centre awarded the Elvie Pump the 'Good Design Award." (Exhibit 7). Further, in 2022, Forbes named the

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 27
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Elvie Pump the "Best Wearable Breast Pump." (Exhibit 8).

**ANSWER:**

Counterclaim Defendants admit that the Exhibits 4-8 contain the terms quoted in paragraph 80.  Counterclaim Defendants lack sufficient information to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

81.     In light of the Elvie Pump's groundbreaking technology and popularity, copycat devices (such as Momcozy's S12 Pro device) began appearing in the marketplace in the past several years. These devices are typically sold at a much lower price point than the Elvie Pump partly because, unlike Elvie, the manufacturers of these devices did not have to invest in extensive research & development, nor do they maintain 'hospital-grade' quality.

**ANSWER:**

Counterclaim Defendants admit that Momcozy's S12 Pro device is present in the marketplace at this time.  Counterclaim Defendants deny each and every remaining allegation of this paragraph, and specifically deny that they have committed or are committing any act of patent infringement.

82.     In order to protect its pioneering technology, Elvie applied for and received numerous patents covering its innovative breast pump design and architecture.

**ANSWER:**

Counterclaim Defendants admit that Elvie received certain patents. Counterclaim Defendants deny each and every remaining allegation of this paragraph.

83.     Elvie began filing patent applications on its design and architecture before Counterclaim Defendants ever sold a single breast pump.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**ANSWER:**

Counterclaim Defendants admit that at least one patent application on the Elvie breast pump was filed before any Momcozy breast pump was sold in the United States.  Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

**B.     The Asserted Patents**

84.     On June 14, 2022, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued U.S. Patent No. 11,357,893 ("the '893 patent"), entitled, "Breast Pump System." A true and correct copy of the '893 patent is attached hereto as Exhibit 23. The '893 patent was exclusively licensed to Elvie, and Elvie possess the exclusive right of recovery for any past, present, or future infringements of the '893 patent, including equitable relief and damages.

**ANSWER:**

Counterclaim Defendants admit that Exhibit 23 purports to be a copy of United States Patent No. 11,357,893 which is entitled "Breast Pump System" and that this patent was issued on June 14, 2023.  Counterclaim Defendants deny that this patent was duly or lawfully issued.  Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

85.     The '893 patent claims priority to a number of Great Britain patent applications with priority dates as early as June 15, 2017. The '893 patent issued from U.S. Patent Application No. 17/203,050 (the "'050 application") which was filed on March 16, 2021. The '050 application is a continuation of U.S. Patent Application No. 17/181,057 (the "'057 application"), which was filed on February 22, 2021. The '057 application is a continuation of U.S. Patent Application 16/009,547 (the "'547 application") which was

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011.

**ANSWER:**

Counterclaim Defendants admit that the '893 patent purports to claim priority to certain Great Britain patent applications with priority dates as early as June 15, 2017, and that the '893 patent purports to have issued from U.S. Patent Application No. 17/203,050 (the "'050 application") which purports to have been filed on March 16, 2021. Counterclaim Defendants also admit that the '050 application purports to be a continuation of U.S. Patent Application No. 17/181,057 (the "'057 application"), which purports to have been filed on February 22, 2021, and that the '057 application purports to be a continuation of U.S. Patent Application 16/009,547 (the "'547 application") which purports to have been filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011.  Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

86.     On August 16, 2022, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued U.S. Patent No. 11,413,380 (the "'380 patent"), entitled, "Breast Pump System." A true and correct copy of the '380 patent is attached hereto as Exhibit 24. The '380 patent was exclusively licensed to Elvie, and Elvie possess the exclusive right of recovery for any past, present, or future infringements of the '380 patent, including equitable relief and damages.

**ANSWER:**

Counterclaim Defendants admit that Exhibit 24 purports to be a copy of United States Patent No. 11,413,380 which is entitled "Breast Pump System" and that this patent was issued on August 16, 2022.  Counterclaim Defendants deny that this patent was duly or lawfully issued. Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 30
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

87.     The '380 patent claims priority to a number of Great Britain patent applications with priority dates as early as June 15, 2017. The '380 patent issued from U.S. Patent Application No. 17/203,327 (the "'327 application"), which was filed on March 16, 2021. The '327 application is a continuation of U.S. Patent Application No. 17/181,057 (the "'057 application"), which was filed on February 22, 2021. The '057 application is a continuation of U.S. Patent Application No. 16/009,547 (the "'547 application"), which was filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011.

**ANSWER:**

Counterclaim Defendants admit that the '380 patent purports to claim priority to certain Great Britain patent applications with priority dates as early as June 15, 2017, and that the '380 patent purports to be issued from U.S. Patent Application No. 17/203,327 (the "'327 application"), which purports to have been filed on March 16, 2021. Counterclaim Defendants also admit that the '327 application purports to be a continuation of U.S. Patent Application No. 17/181,057 (the "'057 application"), which purports to have been filed on February 22, 2021, and that the '057 application purports to be a continuation of U.S. Patent Application No. 16/009,547 (the "'547 application"), which purports to have been filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011.   Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

88.     The Asserted Patents' priority date of June 15, 2017 is well before Momcozy first entered the market in 2019. *See* Dkt #54, ¶ 3.

**ANSWER:**

Counterclaim Defendants object to the term "well before" as indefinite and therefore lack information sufficient to support a belief as to the allegations of this paragraph and therefore deny the same.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

C.      **Momcozy's Unlawful Conduct**

1.      **The Accused Products**

89.     Seeing the success that Elvie achieved through its wearable breast pump inventions, Counterclaim Defendants began manufacturing, importing, and selling the Accused Products, which copy Elvie's architecture. Counterclaim Defendants make, use, sell, and offer for sale these breast pumps under the "Momcozy" name, including the S9, S9 Pro, S12, S12 Pro, M1, and M5 models.[5]

**ANSWER:**

Counterclaim Defendants admit they began manufacturing, importing, and selling the Accused Products under the "Momcozy" name, including the S9, S9 Pro, S12, S12 Pro, M1, and M5 models.  Counterclaim Defendants deny the remaining allegations of this paragraph.  As to footnote no. 5, Counterclaim Defendants reserve their rights with respect to any attempted addition of new products to this litigation.

90.     Counterclaim Defendants sell the Accused Products through online marketplaces, such as Amazon.com, Walmart.com, and on the Momcozy website. In part because Counterclaim Defendants merely copied Elvie's architecture and did not—and do not— invest the time and resources to develop an innovative product that Elvie did and continues to do, Counterclaim Defendants are able to make and sell the Accused Products at a much lower price point than Elvie.

**ANSWER:**

Counterclaim Defendants admit that the Accused Products are sold through online marketplaces, such as Amazon.com, Walmart.com, and on the Momcozy website and that certain

---

[5] To the extent Momcozy introduces additional products, Elvie reserves the right to obtain discovery on those products and further identify them as Accused Products. For example, Momcozy's website references an S10 product, but it is not currently available for purchase.

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 32
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

of the Accused Products are sold at relatively lower price points than certain of Elvie's products. Counterclaim Defendants deny the remaining allegations of this paragraph.

91.     Owing to their late entry into the marketplace using Elvie's by-then-known architecture, the Accused Products have not garnered the industry praise that Elvie's products did years before. Instead, Counterclaim Defendants tout their Amazon buyer reviews that, not surprisingly, focus merely on Momcozy's relatively lower prices.[6]

**ANSWER:**

Counterclaim Defendants admit that the Accused Products are sold at relatively lower prices than Counterclaim Plaintiff's products.   Counterclaim Defendants deny the remaining allegations of this paragraph.   As to footnote no. 6, Counterclaim Defendants lack information sufficient to form a belief as to whether Amazon buyer reviews are easily manipulated and therefore deny the same.

92.     Forced to address Momcozy's copying, in June 2022, Elvie attempted to resolve the issue without Court action by sending a cease and desist letter to the entities, "Shenzhen Root E-Commerce Co., Ltd." and "Hong Kong Dian Ying Industry Co., Ltd." regarding Momcozy's sales of the S9, S12, and M1 Breast Pumps, that infringed upon Elvie's Patents, including the '893 patent. *See* Dkt. #1, Ex. 2 at p. 2-3. These entities were listed on the Momcozy website's "Contact Us" page with their respective address. Elvie included copies of its patents in the letter. *See id.*

**ANSWER:**

Counterclaim Defendants admit that Elvie sent a cease and desist letter to the entities,

---

[6] It is also well known that Amazon buyer reviews are easily manipulated. *See, e.g.*, https://www.bloomberg.com/news/articles/2021-08-18/amazon-amzn-cracks-down-on-fake-reviews-hitting-chinese-retailers#xj4y7vzkg; https://www.wsj.com/articles/how-scammers-in-china-manipulate-amazon-11545044402.

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 33
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

"Shenzhen Root E-Commerce Co., Ltd." and "Hong Kong Dian Ying Industry Co., Ltd." regarding Momcozy's sales of the S9, S12, and M1 Breast Pumps, alleging that they infringed upon Elvie's Patents, including the '893 patent. Counterclaim Defendants admit that these entities were listed on the Momcozy website's "Contact Us" page with their respective addresses and that Elvie included what purported to be copies of its patents with the letter.  Counterclaim Defendants deny the remaining allegations of this paragraph.

93.     In response to Elvie's letter, the entities informed Elvie that "Shenzhen TPH Technology Co., Ltd." was the alleged manufacturer of the Accused Products and that the entity "had warranted and guaranteed that it has complete intellectual property rights for those products, which do not infringe any intellectual property rights of others, including the '893 patent." *See* Dkt. #29 at p. 170. Momcozy continued to sell its Accused Products.

**ANSWER:**

Counterclaim Defendants admit that "Shenzhen TPH Technology Co., Ltd." was the manufacturer of certain of the Accused Products and that the entity "had warranted and guaranteed that it has complete intellectual property rights for those products, which do not infringe any intellectual property rights of others, including the '893 patent." Counterclaim Defendants admit that Momcozy continued to sell its Accused Products.  Counterclaim Defendants deny the remaining allegations of this paragraph.

2.      **The APEX Proceeding**

94.     Elvie sought relief from Amazon itself and, on January 30, 2023, Elvie received notice that its request to participate in the Amazon APEX proceeding as to Momcozy's S12 and S12 Pro devices infringing the '893 patent had been accepted. *See* Dkt. #29, Ex. 20.

**ANSWER:**

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Counterclaim Defendants admit that Elvie sought to commence an Amazon APEX proceeding as to whether Momcozy's S12 and S12 Pro devices infringed the '893 patent. Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

95.     Two different entities responded as the "Seller" on behalf of Momcozy, "Smartlin" and "Jinruixingkeji," and agreed to participate in the APEX Proceeding. *See* Dkt. #53-7. The person signing on behalf of the Seller was Tao Jin. *See id.* Gong Shaocong likewise signed on behalf of Smartlin. Dkt. #53 at p. 4.

**ANSWER:**

Counterclaim Defendants admit that "Smartlin" and "Jinruixingkeji" agreed to participate in the APEX Proceeding, and that the person signing on behalf of the Seller was Tao Jin, and that Gong Shaocong likewise signed on behalf of Smartlin.

96.     As a part of the APEX Proceeding, each party had to sign an Agreement (the "APEX Agreement" detailing the procedure of the APEX Proceeding. *See* Dkt. #53-7 at 1. Specifically, the APEX Agreement notes that, "Participants agree not to disclose to third parties information or documents learned from other participants, Amazon, or Evaluator in the Evaluation, except to their respective affiliates, legal counsel or as required by law." *See id.* § 2.

**ANSWER:**

Counterclaim Defendants admit the allegations of paragraph 96 of the counterclaims.

97.     Amazon designed its APEX procedure "[t]o efficiently resolve claims that third-party product listings infringe utility patents." D.I. 20-5 (Hartman Decl.) at 1. "APEX is voluntary, confidential, and allows owners of U.S. utility patents or their authorized

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 35
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

representatives, such as attorneys or exclusive licensees . . . to obtain a fast evaluation of patent infringement claims against products . . . , identified by Amazon Standard Identification Number, listed by third-party sellers . . . on amazon.com." *Id*.

**ANSWER:**

Counterclaim Defendants admit the allegations of paragraph 97 of the counterclaims.

98.     If sellers volunteer to participate, a Neutral Patent Evaluator reviews a patent infringement claim against the seller's product listings on Amazon.com. *Id*. The Evaluator will set a schedule for submission of written arguments. *Id*. In general, the Schedule will provide: (i) the Patent Owner with 14 days for its initial arguments; (ii) Sellers with 14 days to respond; and (iii) the Patent Owner with 7 days to reply. *Id*. The Patent Owner may use a total of 20 double-spaced 8.5 x 11" pages between its two submissions. *Id*. Each Seller may use 15 double-spaced pages in its response. *Id*. Claim charts and exhibits are not counted against page limits. *Id*. "To make the Evaluation fast, efficient, and relatively low-cost, it is limited to one claim from one unexpired U.S. utility patent." *Id*. And there are no depositions, document requests, or other forms of discovery. *Id*. The evaluator will make a yes/no decision about whether the patent covers the product listings." *Id*.

**ANSWER:**

Counterclaim Defendants specifically deny that Counterclaim Defendants voluntarily participated in the APEX Proceeding. Counterclaim Defendants admit the remaining allegations of paragraph 98 of the counterclaims.

99.     An experienced, partner-level patent attorney at a Boston law firm was assigned as the Neutral Patent Evaluator ("NPE") and the parties each submitted their briefing to the NPE. Elvie submitted its opening brief on March 20, 2023. *See* Dkt. #20, Ex. 6. In its opening brief, Elvie provided detailed allegations of infringement with respect to the

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Momcozy products at issue, including the image provided below comparing Momcozy's S12 product with the '893 patent. *See* Dkt. #20, Ex. 6 at 3.



**ANSWER:**

Counterclaim Defendants admit that a patent attorney at a Boston law firm was assigned as the Neutral Patent Evaluator ("NPE") and that the parties each submitted their briefing to the NPE. Counterclaim Defendants also admit that Elvie submitted its opening brief on March 20, 2023. Counterclaim Defendants also admit that in its opening brief, Elvie provided allegations of infringement with respect to the Momcozy products at issue, including the image provided above comparing Momcozy's S12 product with the '893 patent. Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

100.    Two weeks later, the entities appearing on behalf of Momcozy submitted identical

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 37
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

responsive briefs. The parties were allowed unlimited pages for exhibits and non-infringement charts. Notably, these responsive briefs contained the same non-infringement arguments the Plaintiffs are alleging in this case.

**ANSWER:**

Counterclaim Defendants admit that the entities appearing on behalf of Momcozy submitted identical responsive briefs on the identical accused products in the APEX proceeding. Counterclaim Defendants admit that the parties were allowed unlimited pages for exhibits and non-infringement charts.   Counterclaim Defendants deny the remaining allegations in this paragraph.

101.    One week later, Elvie submitted its reply brief.

**ANSWER:**

Counterclaim Defendants admit that Elvie submitted a reply brief.

102.    After a 7-week briefing schedule, the NPE found that Elvie had shown a likelihood of success of showing infringement despite the same non-infringement arguments Plaintiffs continue to allege. Amazon removed the infringing Momcozy Amazon listings from the marketplace the next day on April 25, 2023. *See* Dkt #1 at p. 9.

**ANSWER:**

Counterclaim Defendants admit that the NPE found that Elvie had shown a likelihood of success of showing infringement and that Amazon removed the Momcozy Amazon listings from the marketplace the next day. Counterclaim Defendants deny the remaining allegations of this paragraph.

103.    Despite the NPE's finding that Elvie demonstrated a likelihood of success of showing infringement and Amazon subsequently removed the product listings, Momcozy

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 38
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

decided to relist its S12 Pro product back on Amazon.

**ANSWER:**

Counterclaim Defendants admit that Momcozy decided to relist its S12 Pro product on Amazon. Counterclaim Defendants deny the remaining allegations of this paragraph.

3.      **The Declaratory Judgment Action**

104.    Despite the NPE informing Counterclaim Defendants that the S12 and S12 Pro products are likely to infringe claim 1 of the '893 patent, Counterclaim Defendants continue to make, use, sell, and offer for sale those products at least on its website.

**ANSWER:**

Counterclaim Defendants admit that certain Counterclaim Defendants continue to make, use, sell, and offer for sale those products at least on their websites. Counterclaim Defendants specifically deny that they have committed or are committing any act of patent infringement. Counterclaim Defendants deny the remaining allegations of this paragraph.

105.    On information and belief, Counterclaim Defendants did not and have not informed Walmart or any other reseller of the Momcozy S12 and S12 Pro of the NPE's determination regarding infringement.

**ANSWER:**

Counterclaim Defendants admit they did not and have not informed Walmart or any other reseller of the Momcozy S12 and S12 Pro of the NPE's determination regarding infringement.

106.    Instead, on April 28, 2023, Plaintiffs filed a Declaratory Judgment Action against Elvie seeking a declaratory judgment that its S12 and S12 Pro devices do not infringe the '893 patent. *See generally* Dkt. #1.

**ANSWER:**

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 39
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Counterclaim Defendants admit they filed a Declaratory Judgment Action against Elvie seeking a declaratory judgment that its S12 Pro devices do not infringe the '893 patent. Counterclaim Defendants deny the remaining allegations of this paragraph.

107. By the time Plaintiffs filed their Declaratory Judgment Action, Elvie had interacted with no less than seven different entities claiming to be Momcozy.

**ANSWER:**

Counterclaim Defendants lack information to support a belief as to the allegations of this paragraph.

108. Despite signing the APEX Agreement, which contained a confidentiality clause, Plaintiffs publicly used documents and information they received through the APEX Proceeding to support their Complaint, including a detailed discussion of Elvie's infringement arguments in the APEX Proceeding. *See* Dkt. #1, ¶ 20.

**ANSWER:**

Counterclaim Defendants admit that they discussed certain of Elvie's infringement arguments in the APEX Proceeding in their Complaint in this action. Counterclaim Defendants deny the remaining allegations of this paragraph.

109. Plaintiffs then filed for a Temporary Restraining Order ("TRO") claiming immediate harm despite their extensive delay in seeking a TRO. *See* Dkt. #17. Again, Plaintiffs publicly used information considered confidential under the APEX Agreement to support its claims. *See, e.g. id.* at 12; *see also* Dkt. #19 Exs. 10-11, 15-16.

**ANSWER:**

Counterclaim Defendants admit that in the DJ action they filed for a Temporary Restraining Order ("TRO") claiming, inter alia, immediate and irreparable harm and that some information

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 40
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

from the APEX Agreement was used in the TRO.  Counterclaim Defendants deny the remaining allegations of this paragraph.

110.     In its Opposition to Plaintiffs' TRO, Elvie pointed out that it had never heard of the then sole Plaintiff entity, Shenzhen Root Technology Co., Ltd., or Pan Silin. *See* Dkt. #28 at 9-10.  Rather, the only Momcozy-related entities Elvie was aware of were (1) the recipients of Elvie's cease-and-desist correspondence ("Shenzhen Root E-Commerce Co., Ltd." and "Hong Kong Dian Ying Industry Co. Ltd." *See id.* at 10; *see also id.* Ex. 18); (2) Shenzhen TPH Technology Co., Ltd., the entity Shenzhen Root E-Commerce Co., Ltd. and Hong Kong Dian Ying Industry Co. Ltd. pointed out to Elvie as the manufacturer of the S12 product (*see id.* Ex. 17); and (3) the participants in the APEX proceeding ("Smartlin" and "Jinruixingkeji").

**ANSWER:**

Counterclaim Defendants admit the allegations of this paragraph.

111.     In response, Pan Silin submitted a declaration stating that "Shenzhen Root Technology Co., Ltd." is the same entity as "Shenzhen Root E-Commerce Co., Ltd." *See* Dkt. #39, ¶ 2.

**ANSWER:**

Counterclaim Defendants admit that Pan Silin submitted a declaration stating that, at various points in time, "Shenzhen Root Technology Co., Ltd." was named "Shenzhen Root E-Commerce Co., Ltd."  Counterclaim Defendants deny the remaining allegations of this paragraph.

112.     However, public records show that Shenzhen Root Technology Co., Ltd. and Shenzhen Root E-Commerce Co., Ltd. are not the same entities.

**ANSWER:**

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 41
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Counterclaim Defendants admit that Shenzhen Root E-Commerce Co., Ltd was once the name of plaintiff Shenzhen Root Technology Co., Ltd., but it no longer is. Counterclaim Defendants deny the remaining allegations of this paragraph.

113.    Rather, Shenzhen Root Technology Co. has a USCC of 91440300MA5FX6EH4G while Shenzhen Root E-Commerce Co., Ltd. has a USCC of 91440300359646166T. *Compare* Dkt. #35, Ex. 36 at 5, Dkt. #35, Ex. 37 at 2, 4 *with* Dkt. #53, Ex. 4 at p. 8 (disclosing the latter USCC and a 2022 name change from "Shenzhen Lute (Root) E-Commerce Co. Ltd." to yet another undisclosed company "Shen Zhen Yuyou Technology Co., Ltd.").

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root Technology Co., Ltd. has a USCC of 91440300MA5FX6EH4G. Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

114.    Elvie has propounded discovery regarding the relationship between these entities and regarding the corporate structure of the Counterclaim Defendants.

**ANSWER:**

Counterclaim Defendants admit that Elvie has propounded discovery regarding the relationship between various entities and regarding the corporate structure of the Counterclaim Defendants.

115.    Plaintiffs TRO was eventually denied. *See* Dkt. #43.

**ANSWER:**

Counterclaim Defendants admit that Plaintiff's Motion for TRO was denied in part.

116.    In the Order Denying the TRO, the Court stated that "based on its initial review of the '893 Patent, the Court tentatively believes that Plaintiff is likely to prevail on the merits" but

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 42
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

that "the harms cited are not so immediate and irreparable that an emergency TRO is appropriate." Dkt. #43 at 7. The Order further stated that it "will further evaluate the motion at the preliminary-injunction stage with the benefit of additional briefing and a hearing." Dkt. #43 at p. 6-7.

**ANSWER:**

Counterclaim Defendants admit that the Court stated that "based on its initial review of the '893 Patent, the Court tentatively believes that Plaintiff is likely to prevail on the merits" but that "the harms cited are not so immediate and irreparable that an emergency TRO is appropriate." And that the Order further stated that it "will further evaluate the motion at the preliminary-injunction stage with the benefit of additional briefing and a hearing."

117.    However, Plaintiffs used the Court's TRO denial to request that Amazon relist the Accused Products. *See* Dkt. #53-1 at p. 2. Amazon stated that, "we are interpreting the TRO order as an order finding that the S12 Pros do not infringe." Dkt. #53-1 at p. 2. Amazon subsequently relisted the S12 and S12 Pro products. *See id.*

**ANSWER:**

Counterclaim Defendants admit that Plaintiffs requested Amazon to relist the Accused Products and that Amazon stated "we are interpreting the TRO order as an order finding that the S12 Pros do not infringe." Counterclaim Defendants further admit that Amazon subsequently relisted the S12 and S12 Pro products.

118.    Because Elvie did not receive a full and fair opportunity to respond to Plaintiffs' TRO, Elvie filed a Motion for Reconsideration to clarify the Court's Order when denying the TRO. *See* Dkt. #53. There, Elvie pointed out the discrepancies in Pan Silin's declaration, including facts relating to whether the Court has jurisdiction over Plaintiff Shenzhen Root's case, as described on pages 6 and 7.

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 43
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**ANSWER:**

Counterclaim Defendants admit that Elvie filed a Motion for Reconsideration of the Court's Order. There, Elvie alleged discrepancies in Pan Silin's declaration, including facts relating to whether the Court has jurisdiction over Plaintiff Shenzhen Root's case, as described on pages 6 and 7.  Counterclaim Defendants deny the remaining allegations of this paragraph.

119.    In response, Plaintiffs filed a new complaint adding two new plaintiffs, Hong Kong Lute Technology Co., Ltd. and Shenzhen Conglin E-Commerce Co., Ltd. *See* Dkt. #54. Once again, neither of these entities were the entities Elvie communicated with for the cease-and-desist letter or through the APEX Proceeding.

**ANSWER:**

Counterclaim Defendants admit that plaintiffs filed an amended complaint adding two plaintiffs, Hong Kong Lute Technology Co., Ltd. and Shenzhen Conglin E-Commerce Co., Ltd. and that neither of these entities were the entities Elvie communicated with for the cease-and-desist letter or through the APEX Proceeding

120.    On May 31, 2023, Elvie filed a Motion for Reconsideration, seeking modification of the Court's Order Denying the TRO. Dkt. #53. The Court denied Elvie's Motion for Reconsideration but stated in its Order that "its merits determination is—as the order states—at most "tentative." Dkt. #59 at p. 2.

**ANSWER:**

Counterclaim Defendants admit that Elvie filed a Motion for Reconsideration, seeking modification of the Court's Order Denying the TRO. The Court denied Elvie's Motion for Reconsideration but stated in its Order that "its merits determination is—as the order states—at most 'tentative'."

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

121.    The Court also noted regarding the jurisdiction issue that "[s]ome of the facts raised by Defendants are troubling." Dkt. #59 at p. 3.

**ANSWER:**

Counterclaim Defendants admit that the Court also noted that "[s]ome of the facts raised by Defendants are troubling."

4.    **Counterclaim Defendants' Infringing Activity is Willful**

122.    Counterclaim Defendants' infringing conduct is willful.

**ANSWER:**

Counterclaim Defendants deny the allegations of this paragraph.

123.    Counterclaim Defendants were on notice that the Accused Products infringed Elvie's patents since, at least, June 22, 2022, when Elvie sent Momcozy a cease-and-desist letter. *See* Dkt #1-4 at 2-3; Dkt. #29 at 170-71.

**ANSWER:**

Counterclaim Defendants admit that Elvie sent Momcozy a cease-and-desist letter on June 22, 2022.  Counterclaim Defendants deny the remaining allegations of this paragraph.

124.    Despite Elvie's cease-and-desist letter, Counterclaim Defendants continued to sell the Accused Products. *See* Dkt. #29.

**ANSWER:**

Counterclaim Defendants admit that they continued to sell certain of the Accused Products after receipt of the cease and desist letter.

125.    Through the APEX Proceeding, Counterclaim Defendant received detailed knowledge of how its Accused Products infringed, at least, claim 1 of the '893 patent. *See, e.g.*, *See* Dkt. #20, Ex. 6.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1

2
**ANSWER:**

Momcozy admits that Momcozy participated the APEX Proceeding and received some

3
information about how Elvie argued infringement of certain Momcozy products. Counterclaim

4
Defendants deny the remaining allegations of this paragraph.

5

6
126.    Despite receiving this knowledge, Counterclaim Defendants continued to sell its

Accused Products.

7
**ANSWER:**

8
Momcozy admits Momcozy continued to sell certain Accused Products. Counterclaim

9
Defendants deny the remaining allegations of this paragraph.

10

11
127.    Through the APEX Proceeding, a neutral third-party determined that it was likely

12
Momcozy's products infringed, at least, claim 1 of the '893 patent.

13
**ANSWER:**

14
Momcozy admits that through the APEX Proceeding, a Neutral Patent Evaluator

15
determined that it was likely that certain Momcozy products infringed claim 1 of the '893 patent.

16

17
128.    Despite these findings, Counterclaim Defendants continued to sell its Accused

Products.

18
**ANSWER:**

19

20
Momcozy admits Momcozy continued to sell certain Accused Products. Counterclaim

Defendants deny the remaining allegations of this paragraph.

21

22
129.    Instead of ceasing the sale of the Accused Products that infringed Elvie's patents,

23
Counterclaim Defendants filed a Declaratory Judgment Action against Elvie because

24
Amazon requires a finding of non-infringement or invalidity to continue selling on

25
Amazon.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**ANSWER:**

Momcozy admits Momcozy filed a Declaratory Judgment Action against Elvie and that Momcozy continued to sell certain Accused Products.  Counterclaim Defendants deny the remaining allegations of this paragraph.

130.    In addition, Counterclaim Defendants filed for a TRO, which was denied.

**ANSWER:** Momcozy admits that its motion for TRO was denied in part.  Counterclaim Defendants deny the remaining allegations of this paragraph.

131.    In its Order denying the TRO, the Court never made a finding of non-infringement or invalidity.

**ANSWER:**

Counterclaim Defendants admit the Court did not make a finding of invalidity. Counterclaim Defendants deny the remaining allegations of this paragraph.

132.    In its Order denying the TRO, the Court requested Elvie show cause why it should not grant a preliminary injunction.

**ANSWER:**

Momcozy admits the allegations of this paragraph.

133.    Before Elvie could respond with its full briefing, Counterclaim Defendants submitted the Order denying the TRO to Amazon, which Amazon then interpreted as the Court making a finding of non-infringement.

**ANSWER:**

Momcozy admits Momcozy submitted the ORDER DENYING TRO; GRANTING ORDER TO SHOW CAUSE. Counterclaim Defendants lack information sufficient to form a belief as to the remaining allegations of this paragraph and therefore deny the same.

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 47
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

134.    Amazon took the Order denying the TRO as a finding of non-infringement and relisted Counterclaim Defendant's Accused Products at Counterclaim Defendant's insistence.

**ANSWER:**

Momcozy admits that Amazon relisted certain of Counterclaim Defendants' Accused Products.  Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

135.    Plaintiffs withdrew the Motion to TRO, denying Elvie the chance to fully respond to Plaintiffs allegations of non-infringement.

**ANSWER:**

Momcozy admits Momcozy withdrew the Motion for TRO.  Counterclaim Defendants deny the remaining allegations of this paragraph.

136.    To date, the only fully briefed ruling that has been made is that the Accused Products infringe, at least, claim 1 of the '892 patent.

**ANSWER:**

Momcozy denies each and every allegation of Paragraph 136.

137.    Despite this, Counterclaim Defendants continue to sell the Accused Products.

**ANSWER:**

Momcozy admits that Momcozy continues to sell certain Accused Products.  Counterclaim Defendants deny the remaining allegations of this paragraph.

138.    Counterclaim Defendants willful conduct began, at least, as of the date of Elvie's cease-and-desist letter. The willful conduct was only compounded when it received the NPE's determination that the Accused Products likely infringed the '893 patent.

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 48
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**ANSWER:**

Counterclaim Defendants deny each and every allegation of this paragraph, and specifically deny that they have committed or are committing any act of patent infringement and willful patent infringement.

139.    Counterclaim Defendants' willful conduct continued on when it received the TRO denial and used that denial to ask Amazon to re-list its Accused Products on Amazon despite knowing it had not yet received a finding of non-infringement.

**ANSWER:**

Counterclaim Defendants deny each and every allegation of this paragraph, and specifically deny that they have committed or are committing any act of patent infringement and willful patent infringement.

140.    Counterclaim Defendants should be deemed to willfully infringe the Asserted Patents, at least, as of June 2022.

**ANSWER:**

Counterclaim Defendants deny each and every allegation of this paragraph, and specifically deny that they have committed or are committing any act of patent infringement and willful patent infringement.

141.    Counterclaim Defendants' knowledge of the Asserted Patents and the Accused Products' infringement thereof is sufficient to satisfy the knowledge element for induced, contributory, and willful infringement.

**ANSWER:**

Counterclaim Defendants deny each and every allegation of this paragraph, and specifically deny that they have committed or are committing any act of patent infringement and

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

willful patent infringement.

142.    Elvie is entitled to trebled damages for Counterclaim Defendants' willful infringement.

**ANSWER:**

Counterclaim Defendants deny each and every allegation of this paragraph, and specifically deny that they have committed or are committing any act of patent infringement and willful patent infringement.

**Count I**
**(Infringement of U.S. Patent No. 11,357,893)**

143.    The allegations of paragraphs 1 through 142 are realleged and reincorporated by reference as if fully set forth herein.

**ANSWER:**

Momcozy incorporates by reference each of its responses set forth in Paragraphs 1-142 above, as if fully set forth herein.

144.    The '893 patent is directed towards a wearable breast pump system including a housing shaped at least in part to fit inside a bra and an air-pump. Exemplary claim 1 of the '893 patent recites:

A breast pump device that is configured as a self-contained, in-bra wearable device, the breast pump device containing:
    a housing that includes:
        a battery, and
        a pump powered by the battery and generating negative air pressure;
    a breast shield made up of a breast flange and a nipple tunnel;
    a milk container that is configured to be attached to and removed from the housing; and
    a diaphragm configured to be seated against a diaphragm holder that forms a recess or cavity at least in part with an external surface of the housing, the diaphragm deforming in response to changes in air pressure caused by the pump to create negative air pressure in the nipple tunnel.

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 50
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**ANSWER:**

Momcozy admits that the text quoted in Paragraph 144 appears in the '893 patent. Momcozy further states that the '893 patent speaks for itself. Except as expressly admitted, Momcozy denies all remaining allegations in Paragraph 144.

145.    Plaintiffs have directly infringed and continue to directly infringe one or more claims of the '893 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing into the United States products that include, but are not limited to, the S9, S12, S12 Pro, M1, and M5 devices. For example, Plaintiffs' Accused Products include or perform each and every limitation of at least, claim 1 of the '893 patent, either literally or under the doctrine of equivalents.

**ANSWER:**

Momcozy denies each and every allegation in Paragraph 145, and specifically denies that it has committed, or is committing, any act of patent infringement.

146.    Elvie attaches hereto Exhibits 10-15 which provide exemplary claim charts describing how the Accused Products meet the limitations described in claim 1 of the '893 patent.

**ANSWER:**

Momcozy admits that Exhibits 10-15 purport to be claim charts of certain Accused Products vis-à-vis claim 1 of the '893 Patent.  Momcozy denies each and every remaining allegation in Paragraph 146.  Momcozy specifically denies that it has committed or is committing any act of patent infringement.

147.    Plaintiffs also indirectly infringe one or more claims of the Asserted Patents in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing infringement of the Asserted

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Patents by other by offering to sell or selling within the United States a device covered by the claims of the Asserted Patents that is not a staple article or commodity of the commerce suitable for substantial non-infringing uses.

**ANSWER:**

Momcozy denies each and every allegation in Paragraph 147, and specifically denies that it has committed or is committing any act of patent infringement, whether direct or indirect.

148.    For example, Plaintiffs instruct customers of their Accused Products on how to use and operate the Accused Products.

**ANSWER:**

Momcozy admits that it provides customers of the Accused Products with product support and answers to frequently asked questions. Momcozy specifically denies that it has committed or is committing any act of patent infringement, direct or indirect, and thus denies that it instructs customers of the Accused Products how to use or operate the product in an infringing manner.

149.    Plaintiffs' direct and indirect infringement of the '893 patent has been, and continues to be, willful. On information and belief, Plaintiffs have been aware of the '893 patent since before the filing of this Complaint and has infringed the '893 patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

**ANSWER:**

Momcozy admits that it was aware of the '893 Patent since before the filing of the Complaint in this action but denies each and every remaining allegation in Paragraph 149. Momcozy specifically denies that it has committed or is committing any act of patent infringement and willful patent infringement.

150.    Plaintiffs' infringement of the '893 patent has damaged, and continues to damage

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE DEFENSES AND COUNTER-COUNTERCLAIMS - 52
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Elvie in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Elvie would have made but for Momcozy's infringing acts as provided by 35 U.S.C. § 284.

**ANSWER:**

Momcozy denies each and every allegation in Paragraph 150, and specifically denies that it has committed or is committing any act of patent infringement.

151.    Elvie will suffer irreparable harm unless Plaintiffs are enjoined from infringing the '893 patent.

**ANSWER:**

Momcozy denies each and every allegation in Paragraph 151, and specifically denies that it has committed or is committing any act of patent infringement.

**Count II**
**(Infringement of U.S. Patent No. 11,413,380)**

152.    The allegations of paragraphs 1 through 151 are realleged and reincorporated by reference as if fully set forth herein.

**ANSWER:**

Momcozy incorporates by reference each of its responses set forth in Paragraphs 1-151 above, as if fully set forth herein.

153.    The '380 patent is directed towards a wearable breast pump system including a housing shaped at least in part to fit inside a bra and an air-pump. Exemplary claim 29 of the '380 patent recites:

A breast pump device that is configured as a self-contained, in-bra wearable device, the
    breast pump device comprising:
    a self-contained, in-bra wearable device comprising:
    a housing that includes:
        a rechargeable battery,

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 53
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

a power charging circuit for controlling charging of the rechargeable battery,

control electronics powered by the rechargeable battery,

a pump powered by the rechargeable battery and configured to generate negative air pressure, and

a Universal Serial Bus (USB) charging socket for transferring power to the power charging circuit and the rechargeable battery;

a breast shield made up of a breast flange and a nipple tunnel;

a milk container that is configured to be attached to and removed from the housing; and

a membrane that is configured to define a pumping chamber at least in part with an external surface of the housing, the membrane configured to deform in response to changes in air pressure caused by the pump to create negative air pressure in the nipple tunnel.

**ANSWER:**

Momcozy admits that the text quoted in Paragraph 153 appears in the '380 patent. Momcozy further states that the '380 patent speaks for itself. Except as expressly admitted, Momcozy denies all remaining allegations in Paragraph 153.

154.    Plaintiffs have directly infringed and continue to directly infringe one or more claims of the '380 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or important into the United States products that include, but are not limited to, the S9, S12, S12 Pro, M1, and M5 devices. For example, Plaintiffs' Accused Products include or perform each and every limitation of at least, claim 29 of the '380 patent, either literally or under the doctrine of equivalents.

**ANSWER:**

Momcozy admits that it sells and/or has sold in the United States the S9, S12, S12 Pro, M1, and M5 products.  Momcozy denies each and every remaining allegation in Paragraph 154, and specifically denies that it has committed or is committing any act of patent infringement, either literally or under the doctrine of equivalents.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

155.    Elvie attaches hereto Exhibits 16-21 which provide exemplary claim charts describing how the Accused Products meet the limitations described in claim 29 of the '380 patent.

**ANSWER:**

Momcozy admits that Exhibits 16-21 purport to be claim charts as to claim 29 of the '380 Patent vis-à-vis certain of its Accused Products.  Momcozy denies each and every allegation in Paragraph 155, and specifically denies that it has committed or is committing any act of patent infringement.

156.    Plaintiffs also indirectly infringe one or more claims of the '380 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing infringement of the '380 patent by offering to sell or selling within the United States a device covered by the claims of the '380 patent that is not a staple article or commodity of the commerce suitable for substantial non-infringing uses.

**ANSWER:**

Momcozy denies each and every allegation in Paragraph 156, and specifically denies that it has committed or is committing any act of patent infringement, whether directly or indirectly.

157.    For example, Plaintiffs instruct customers of their Accused Products on how to use and operate the Accused Products.

**ANSWER:**

Momcozy admits that it provides, to customers of certain of the Accused Products, product support and answers to frequently asked questions. Momcozy specifically denies that it has committed or is committing any act of patent infringement, and thus denies that it instructs customers of the Accused Products how to use or operate the product in an infringing manner.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

158.     Plaintiffs' direct and indirect infringement of the '380 patent has been, and continues to be, willful. On information and belief, Plaintiffs have been aware of the '380 patent since before the filing of this Complaint and has infringed the '380 patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

**ANSWER:**

Momcozy admits that it has been aware of the '380 Patent since before the filing of this Complaint.  Momcozy denies each and every allegation in Paragraph 158, and specifically denies that it has committed or is committing any act of patent infringement and willful patent infringement.

159.     Plaintiffs' infringement of the '380 patent has damaged, and continues to damage, BTL in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that BTL would have made buy for Plaintiffs' infringing acts as provided by 35 U.S.C. § 284.

**ANSWER:**

Momcozy denies each and every allegation in Paragraph 159, and specifically denies that it has committed or is committing any act of patent infringement.

160.     Elvie will suffer irreparable harm unless Plaintiffs are enjoined from infringing the '380 patent.

**ANSWER:**

Momcozy denies each and every allegation in Paragraph 160, and specifically denies that it has committed or is committing any act of patent infringement.

**Count III**
**(Breach of Contract)**

161.     The allegations of paragraphs 1 through 160 are realleged and reincorporated by

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

reference as if fully set forth herein.

**ANSWER:**

Counterclaim Defendants incorporate by reference each of its responses set forth in Paragraphs 1-160 above, as if fully set forth herein.

162.    The APEX Agreement is a valid, binding, and enforceable agreement between Elvie and Momcozy that was made for valid consideration, including the exchange of information intended to facilitate the APEX proceeding.

**ANSWER:**

Counterclaim Defendants admit that the APEX Agreement is between Elvie and Momcozy and was made for consideration, including the exchange of information intended to facilitate the APEX proceeding, but specifically deny that the APEX Agreement is valid, binding, and enforceable.  Counterclaim Defendants' participation in the APEX proceeding was not voluntary. Amazon stated its intention to remove its listings of the Accused Products if Momcozy did not participate in the proceeding.

163.    Elvie fully performed its contractual duties and obligations under the APEX Agreement.

**ANSWER:**

Counterclaim Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore deny the same.

164.    Under the Agreement, Momcozy was prohibited from "disclos[ing] to third parties information or documents learned from" the APEX proceeding. Dkt. # 53-07 § 2.

**ANSWER:**

Counterclaim Defendants admit that the APEX Agreement provides that "[p]articipants

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 57
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

agree not to disclose to third parties information or documents learned from other Participants, Amazon, or Evaluator in the Evaluation, except to their respective affiliates, legal counsel or as required by law". Counterclaim Defendants deny the remaining allegations of this paragraph.

165.    In the filing of its complaint, Plaintiffs publicly disclosed information and documents that it learned from the APEX proceeding, including, but limited to, communications with Amazon. *See* Amended Compl. Exs. 1-3, 6.

**ANSWER:**

Counterclaim Defendants admit that certain information and documents were disclosed in the filing of the Complaint relating to the APEX proceeding. Counterclaim Defendants deny the remaining allegations of this paragraph.

166.    As a result of Plaintiffs' breach of the Apex Agreement, Elvie has suffered damages in an amount to be proven at trial, including Amazon's decision to reinstate Momcozy's Accused Products on its website.

**ANSWER:**

Counterclaim Defendants deny each and every allegation in this paragraph, and specifically deny that Elvie has suffered any damages.

## DENIAL OF ALL REMAINING ALLEGATIONS

Except as expressly admitted herein, Momcozy denies all remaining allegations in Elvie's Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff Elvie request that this Court enter judgment in favor against Counterclaim Defendants and grant to Elvie the following relief:

A.    Find that Counterclaim Defendants are infringing the Asserted Patents in violation

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 58
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

of 35 U.S.C. § 271 (a), (b), and/or (c);

B.    Enter an order preliminarily and permanently enjoining Counterclaim Defendants, their officers, directors, agents, servants, employees, and all other persons in privity or acting in concert with them who receive actual notice of the order by person serve or otherwise, from any further acts of infringement of the Asserted Patents;

C.    Award Elvie damages in an amount adequate to compensate Elvie for Counterclaim Defendants 'infringement of the Asserted Patents;

D.    Treble any and all damages award to Elvie by reason of Defendants 'willful infringement of the Asserted Patents pursuant to 35 U.S.C. § 284;

E.    Award Elvie interest on damages award and their costs pursuant to 35 U.S.C. § 284;

F.    Find that this is an exceptional case and awarding Elvie its reasonable attorneys ' fees pursuant to 35 U.S.C. § 285;

G.    Find that Counterclaim Defendants breach the APEX Agreement under Washington common law;

H.    Award Elvie recoverable damages in an amount to be determined at trial, including an award of compensatory and actual damages, punitive damages, reasonable attorneys 'fees, prejudgment interest, post-judgment interest, and costs; and

I.    Award such other and further relief as this Court deems proper.

## ANSWER TO PRAYER FOR RELIEF

To the extent a response is required, Momcozy denies that Elvie is entitled to any of its requested relief. Momcozy specifically denies that it, directly or indirectly, literally or under the doctrine of equivalents, has infringed or is infringing U.S. Patent Nos. 11,357,893, and/or 11,413,380 willfully or otherwise; specifically denies that the claims of the Asserted Patents are valid; specifically denies that Counterclaim Defendants breached the APEX Agreement under Washington common law; specifically denies that Elvie is entitled to any award of damages;

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

specifically denies that Elvie is entitled to attorneys' fees; and specifically denies that Elvie is entitled to costs, prejudgment or post judgment interest, treble damages, or any other relief in this action.

## AFFIRMATIVE DEFENSES

Subject to the responses above, and upon information and belief, Momcozy alleges and asserts the following affirmative defenses in response to the allegations in Elvie's Counterclaims. In addition to the defenses described below, subject to its responses above, Momcozy specifically reserves all rights to allege additional defenses that become known through the course of discovery or otherwise.

### FIRST DEFENSE – NO PATENT INFRINGEMENT

1.      Momcozy's Accused Products do not infringe and have not infringed, either literally or under the doctrine of equivalents.  Momcozy is not liable for direct infringement of any valid and enforceable claim of the '893 and/or the '380 Patent.

2.      Momcozy's Accused Products do not indirectly infringe and have not indirectly infringed, either literally or under the doctrine of equivalents.  Momcozy is not liable for indirect infringement of any valid and enforceable claim of the '893 and '380 Patent, for at least the reasons that (1) there is no underlying direct infringement pursuant to 35 U.S.C. § 271(a); (2) Momcozy lacks and has lacked an intent to induce infringement of the '893 and '380 Patent under § 271(b); and (3) Momcozy did not sell any product made especially for an infringing use or have knowledge of an infringing use under § 271(c).

### SECOND DEFENSE – NO WILLFUL PATENT INFRINGEMENT

3.      Momcozy's Accused products do not willfully infringe and have not infringed, directly or indirectly, either literally or under the doctrine of equivalents.  Momcozy is not liable for willful infringement of any valid and enforceable claim of the '893 and/or the '380 Patent.

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 60
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**THIRD DEFENSE – PATENT INVALIDITY AND UNENFORCEABILITY**

4.      The claims of the '893 and '380 Patents are invalid under 35 U.S.C. § 102 because the claims lack novelty and are taught and suggested by the prior art.

5.      The claims of the '893 and '380 Patents are invalid under 35 U.S.C. § 103 because the claims would have been obvious in view of the prior art at the time of their effective filing dates.

6.      The claims of the '893 and '380 Patents are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and indefiniteness.

**FOURTH DEFENSE – LIMITATION ON PATENT DAMAGES**

7.      Elvie's claim for damages, if any, against Momcozy for alleged infringement of the '893 and '380 Patents is limited by 35 U.S.C. §§ 286, 287, and/or 288.

8.      With respect to the marking requirement of § 287, Elvie has failed to mark its allegedly patented articles.

9.      With respect to the notice requirement of § 287, Elvie did not provide notice to Momcozy of the '893 and '380 Patents and/or notice of Momcozy's alleged infringement of the '893 and/or '380 Patent before the filing of its Counterclaims on August 14, 2023.

**FIFTH DEFENSE – FAILURE TO STATE A CLAIM**

10.      Elvie's Counterclaims fail to state a claim upon which relief can be granted, including, but not limited to, failure of Elvie's Counterclaims to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**SIXTH DEFENSE – PROSECUTION HISTORY ESTOPPEL**

11.      Elvie is barred, under the doctrine of prosecution history estoppel, from construing the claims of the '893 and '380 Patents in such a way as to cover any Accused Product by reasons

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 61
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

of statements made to the United States Patent and Trademark Office during the prosecution of the application that led to the issuance of the '893 and '380 Patents.

### SEVENTH DEFENSE – NOT AN EXCEPTIONAL CASE

12.     If Elvie is entitled to any remedy, Elvie is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, pursuant to the Court's inherent power, or otherwise.

### RESERVATION OF ADDITIONAL DEFENSES

13.     Momcozy reserves the right to assert any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

### MOMCOZY'S COUNTER-COUNTERCLAIMS

Momcozy incorporates herein by reference the admissions, allegations, denials, and Defenses contained in its Answer above as if fully set forth herein. For its Counterclaims against Elvie, and upon information and belief, Momcozy states as follows:

### THE PARTIES

1.     Shenzhen Root Technology Co., Ltd., aka Shenzhen Lutejiacheng Network Technology Co., Ltd., is a corporation organized and existing under the laws of China, with its principal place of business at 2F2-201 Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China.

2.     Hong Kong Lute Technology Co., Limited is a foreign corporation that is organized under the laws of Hong Kong and has its principal place of business at Room 02, 21F Shek Kwan Commercial Building, 38 Bi Street, Yau Ma Tei, Kowloon, Hong Kong.

3.     Shenzhen Conglin E-Commerce Co., Ltd. is a corporation organized and existing under the laws of China, with its principal place of business at 21F, Jinzhonghuan International

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Business Building, No. 3037, Jintian Road, Fu'an Community, Futian Street, Futian District, Shenzhen, China.

4.      Shenzhen Jinruihang Technology Co, Ltd. is a corporation organized and existing under the laws of China, with its principal place of business at Room 204, Building 59, Vanke Donghai'an, No. 216 Huanbi Road, Donghai'an, No. 216 Huanbi Road, Donghai'an Community, Meisha Street, Yantian District, Shenzhen, China.

5.      Chiaro Technology, Limited is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business at 63-66 Hatton Garden, EC1N 8LE, London, United Kingdom. On information and belief, Elvie is the trading name of Chiaro Technology Limited and conducts business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

6.      This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims arise under the patent laws of the United States.

7.      This Court has personal jurisdiction over Elvie, at least because Elvie has submitted to the jurisdiction of this District.

8.      Venue for these Counterclaims is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

9.      In its Counterclaims, Elvie asserts that Momcozy has infringed U.S. Patent Nos. 11,357,893 (the '"893 patent") and 11,413,380 (the '"380 patent") (collectively, the "Elvie Asserted Patents").

10.      The Elvie Asserted Patents are invalid, are unenforceable by Elvie, and/or have not been, and are not being, infringed by Momcozy, either directly or indirectly, literally or under the

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 63
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

doctrine of equivalents.

11.     There is an actual case or controversy between the parties over the invalidity, unenforceability by Elvie, and noninfringement of the Elvie Asserted Patents.

**COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,413,380**

12.     Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 11 of its Counterclaims.

13.     An actual case or controversy exists between Momcozy and Elvie as to whether the '380 Patent is not infringed by Momcozy.

14.     A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights regarding the '380 Patent.

15.     Momcozy has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '380 Patent.

**COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 11,413,380**

16.     Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 15 of its Counterclaims.

17.     An actual case or controversy exists between Momcozy and Elvie as to whether the '380 Patent is invalid.

18.     A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights as to whether the '380 Patent is invalid.

19.     The '380 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

**PRAYER FOR RELIEF**

WHEREFORE, Momcozy prays for judgment as follows:

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

A.   A judgment dismissing Elvie's Counterclaims against Momcozy with prejudice;

B.   A declaration that Momcozy has not infringed, directly or indirectly, any valid and enforceable claim of the '380 Patent;

C.   A declaration that the '380 Patent is invalid and/or unenforceable;

D.   A declaration that this case is exceptional and an award to Momcozy of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

E.   A judgment limiting or barring Elvie's ability to enforce the '380 Patent in equity;

F.   Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Momcozy demands a jury trial for all issues so triable.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DATED this 26th day of October, 2023

DORSEY & WHITNEY LLP


*/s/Paul T. Meiklejohn*
PAUL T. MEIKLEJOHN WSBA # 17477
ERIN KOLTER WSBA #53365
**Dorsey & Whitney LLP**
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800
Emails: meiklejohn.paul@dorsey.com
         kolter.erin@doresy.com

Qianwu Yang (pro hac vice)
Xiaomin Cao (pro hac vice)
**SHM LAW FIRM**
25 F, China Resources Tower,
2666 Keyuan South Rd., Nanshan
Shenzhen, China 518052
Tel.: +86 139 2521 2009
Fax: +86 755 8326 6693
Emails: yang@shm.law
         cao.xiaomin@shm.law

Attorneys for Plaintiffs Shenzhen Root
Technology Co., Ltd., Hong Kong Lute
Technology Co., Limited, Shenzhen
Conglin E-Commerce Co., Ltd. and
Counterclaim Defendant Shenzhen
Jinruihang Technology Co., Ltd.

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE
DEFENSES AND COUNTER-COUNTERCLAIMS - 66
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served the foregoing on the following counsel of record via ECF Nofication:

| | |
|---|---|
| Mark P Walters<br>Mitchell D West<br>LOWE GRAHAM JONES PLLC<br>1325 Fourth Avenue, Suite 1130<br>Seattle, WA 98101<br>Telephone: 206.850.8088<br>Email: walters@lowegrahamjones.com<br>      west@lowegrahamjones.com | |
| Josephine Kim<br>Nirav Desai<br>Richa Patel<br>STERNE KESSLER GOLDSTEIN & FOX PLLC<br>1100 New York Avenue, NW, Suite 600<br>Washington, DC 20005<br>Telephone: 202.772.8904<br>Email: joskim@sternekessler.com<br>      ndesai@sternekessler.com<br>      rpatel@sternekessler.com | |

Dated this 26th day of October.


*/s/Paul T. Meiklejohn*
Paul T. Meiklejohn

ANSWER TO COUNTERCLAIMS, AFFIRMATIVE DEFENSES AND COUNTER-COUNTERCLAIMS - 67
2:23-cv-00631

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820