THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN ROOT TECHNOLOGY CO., LTD., HONG KONG LUTE TECHNOLOGY CO., LIMITED, AND SHENZHEN CONGLIN E-COMMERCE CO., LTD., | Case No. 2:23-cv-631 |
| Plaintiffs, | **CHIARO TECHNOLOGY LTD.'S ANSWER TO PLAINTIFFS' COUNTER-COUNTERCLAIMS** |
| v. | |
| CHIARO TECHNOLOGY Ltd., | |
| Defendant. | |
| CHIARO TECHNOLOGY LTD., | |
| Counterclaim Plaintiff, | |
| v. | |
| SHENZHEN ROOT TECHNOLOGY CO., LTD., HONG KONG LUTE TECHNOLOGY CO., LIMITED, SHENZHEN CONGLIN E-COMMERCE CO., LTD, SHENZHEN ROOT E-COMMERCE CO., LTD., SHENZHEN TPH TECHNOLOGY CO., LTD., SHENZHEN JINRUIXING TECHNOLOGY CO., LTD., SHENZHEN LUTEJIACHENG NETWORK TECHNOLOGY CO., LTD., and SHENZHEN JINRUIHANG TECHNOLOGY CO., LTD., | |
| Counterclaim Defendants. | |

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Defendant/Counterclaim Plaintiff Chiaro Technology Ltd. ("Elvie") hereby submits its Answer to Counter-Counterclaims for Non-Infringement and Invalidity filed by Shenzhen Root Technology Co., Ltd. (aka Shenzhen Lutejiacheng Network Technology Co., Ltd.), Hong Kong Lute Technology Co., Limited, Shenzhen Conglin E-Commerce Co., Ltd, and Shenzhen Jinruihang Technology Co., Ltd., (collectively "Momcozy").

## **GENERAL DENIAL**

Elvie denies all allegations contained in Momcozy's Counter-Counterclaims not expressly admitted in this Answer. Elvie refers to its Answer and Counterclaims (Dkt. 69) with respect to the allegations made in the Amended Complaint.

## **THE PARTIES**

1.      Shenzhen Root Technology Co., Ltd., aka Shenzhen Lutejiacheng Network Technology Co., Ltd., is a corporation organized and existing under the laws of China, with its principal place of business at 2F2-201 Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China.

**ANSWER:**   Elvie admits that Shenzhen Root Technology Co., Ltd., aka Shenzhen Lutejiacheng Network Technology Co., Ltd., is a corporation organized and existing under the laws of China. Elvie lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 1 as pled, and denies those allegations on that basis.

2.      Hong Kong Lute Technology Co., Limited is a foreign corporation that is organized under the laws of Hong Kong and has its principal place of business at Room 02, 21F Shek Kwan Commercial Building, 38 Bi Street, Yau Ma Tei, Kowloon, Hong Kong.

**ANSWER:**   Elvie admits that Hong Kong Lute Technology Co., Limited is a foreign corporation organized and existing under the laws of Hong Kong. Elvie lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 2 as pled, and denies those allegations on that basis.

3.      Shenzhen Conglin E-Commerce Co., Ltd. is a corporation organized and existing under the laws of China, with its principal place of business at 21F, Jinzhonghuan International

ELVIE'S ANSWER TO MOMCOZY'S COUNTERCLAIMS – 2
Case No. 2:23-CV-631

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Business Building, No. 3037, Jintian Road, Fu'an Community, Futian Street, Futian District, Shenzhen, China.

**ANSWER:** Elvie admits that Shenzhen Conglin E-Commerce Co., Ltd. is a corporation organized and existing under the laws of China. Elvie lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 3 as pled, and denies those allegations on that basis.

4.     Shenzhen Jinruihang Technology Co, Ltd. is a corporation organized and existing under the laws of China, with its principal place of business at Room 204, Building 59, Vanke Donghai'an, No. 216 Huanbi Road, Donghai'an, No. 216 Huanbi Road, Donghai'an Community, Meisha Street, Yantian District, Shenzhen, China.

**ANSWER:** Elvie admits that Shenzhen Jinruihang Technology Co, Ltd. is a corporation organized and existing under the laws of China. Elvie lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 4 as pled, and denies those allegations on that basis.

5.     Chiaro Technology, Limited is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business at 63-66 Hatton Garden, EC1N 8LE, London, United Kingdom. On information and belief, Elvie is the trading name of Chiaro Technology Limited and conducts business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

**ANSWER:** Elvie admits that Chiaro Technology, Limited is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business at 63-66 Hatton Garden, EC1N 8LE, London, United Kingdom. Elvie further admits that Elvie is the trading name of Chiaro Technology Limited and that it conducts business in the United States. Elvie denies the remaining allegations.

## JURISDICTION AND VENUE

6.     This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims arise under the patent laws of the United States.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**ANSWER:**    Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, Elvie admits that Momcozy purports to bring an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and that Elvie does not contest subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1338(a) for purposes of this action only. Elvie denies the remaining allegations of Paragraph 6.

7.    This Court has personal jurisdiction over Elvie, at least because Elvie has submitted to the jurisdiction of this District.

**ANSWER:**    Paragraph 7 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie does not contest the Court's exercise of personal jurisdiction over it for purposes of this action only. Elvie denies the remaining allegations of Paragraph 7.

8.    Venue for these Counterclaims is proper in this District under 28 U.S.C. §§ 1391 and 1400.

**ANSWER:**    Paragraph 8 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie does not contest venue for purposes of this action only. Elvie denies the remaining allegations of Paragraph 8.

## **FACTUAL BACKGROUND**

9.    In its Counterclaims, Elvie asserts that Momcozy has infringed U.S. Patent Nos. 11,357,893 (the "'893 patent") and 11,413,380 (the "'380 patent") (collectively, the "Elvie Asserted Patents").

**ANSWER:**    Elvie admits it asserts that Momcozy has infringed the Elvie Asserted Patents in its Counterclaims.

10.    The Elvie Asserted Patents are invalid, are unenforceable by Elvie, and/or have not been, and are not being, infringed by Momcozy, either directly or indirectly, literally or under the doctrine of equivalents.

**ANSWER:**    Denied.

ELVIE'S ANSWER TO MOMCOZY'S COUNTERCLAIMS – 4
Case No. 2:23-CV-631

11.     There is an actual case or controversy between the parties over the invalidity, unenforceability by Elvie, and noninfringement of the Elvie Asserted Patents.

**ANSWER:**     Paragraph 11 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie denies the allegations of Paragraph 11.

## COUNT I: DECLARATORY JUDGMENT OF [ALLEGED] NON-INFRINGEMENT OF U.S. PATENT NO. 11,413,380

12.     Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 11 of its Counterclaims.

**ANSWER:**     Elvie incorporates by reference its responses to Paragraphs 1 through 11 in response to Momcozy's allegations.

13.     An actual case or controversy exists between Momcozy and Elvie as to whether the '380 Patent is not infringed by Momcozy.

**ANSWER**:     Paragraph 13 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie denies the allegations of Paragraph 13.

14.     A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights regarding the '380 Patent.

**ANSWER**:     Paragraph 14 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie denies that a judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights, because Momcozy infringes the '380 Patent.

15.     Momcozy has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '380 Patent.

**ANSWER**:     Denied.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

## COUNT II: DECLARATORY JUDGMENT OF [ALLEGED] INVALIDITY OF U.S. PATENT NO. 11,413,380

16.    Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 15 of its Counterclaims.

**ANSWER:**    Elvie incorporates by reference its responses to Paragraphs 1 through 15 in response to Momcozy's allegations.

17.    An actual case or controversy exists between Momcozy and Elvie as to whether the '380 Patent is invalid.

**ANSWER**:    Paragraph 17 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie denies the allegations of Paragraph 17.

18.    A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights as to whether the '380 Patent is invalid.

**ANSWER**:    Paragraph 18 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie denies that a judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights, because the '380 Patent is valid.

19.    The '380 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

**ANSWER**:    Denied.

PRAYER FOR RELIEF

This section of Momcozy's Counter-Counterclaims constitutes Prayers for Relief that do not require a response. Elvie denies that Momcozy is entitled to any judgment or requested relief or any other relief whatsoever and, therefore, specifically denies Paragraphs (A) to (F) of Momcozy's Counter-Counterclaim's Prayer for Relief. Each averment and/or allegation contained in Momcozy's Counter-Counterclaim that is not specifically admitted herein is hereby denied.



LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Executed this November 17, 2023.

Respectfully submitted,

Lowe Graham Jones PLLC

_____
Mark P. Walters, WSBA No. 30819
Mitchell D. West, WSBA No. 53103
*walters@LoweGrahamJones.com*
*west@LoweGrahamJones.com*
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300
F: 206.381.3301

*/s/ Nirav N. Desai*
_____
Nirav N. Desai (*pro hac vice*)
**STERNE, KESSLER, GOLDSTEIN & FOX PLLC**
1100 New York Ave., NW
Washington, DC 20005
Telephone: 202.371.2600
Facsimile: 202.371.2540

ELVIE'S ANSWER TO MOMCOZY'S COUNTERCLAIMS – 7
Case No. 2:23-CV-631

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301