THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN ROOT TECHNOLOGY CO., LTD., HONG KONG LUTE TECHNOLOGY CO., LIMITED, AND SHENZHEN CONGLIN E-COMMERCE CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CHIARO TECHNOLOGY Ltd., <br><br> Defendant. | Case No. 2:23-cv-631 <br><br> **CHIARO TECHNOLOGY LTD.'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS** <br><br> **NOTING DATE: MARCH 22, 2024** |
| CHIARO TECHNOLOGY LTD., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> SHENZHEN ROOT TECHNOLOGY CO., LTD., HONG KONG LUTE TECHNOLOGY CO., LIMITED, SHENZHEN CONGLIN E-COMMERCE CO., LTD, SHENZHEN ROOT E-COMMERCE CO., LTD., SHENZHEN TPH TECHNOLOGY CO., LTD., SHENZHEN LUTEJIACHENG NETWORK TECHNOLOGY CO., LTD., and SHENZHEN JINRUIHANG TECHNOLOGY CO., LTD., <br><br> Counterclaim Defendants. | |

## I. INTRODUCTION

Elvie seeks to amend its Counterclaims to add two new patents and name Shenzhen Xitao Network Technology Co., Ltd. ("Xitao") in addition to the already-named Counterclaim Defendants prior to the Court's March 6, 2024, deadline to amend the pleadings.[1] Since the filing of Elvie's Counterclaims, the U.S. Patent and Trademark Office ("USPTO") issued two new patents to Elvie relating to wearable breast pumps, U.S. Patent Nos. 11,813,381 and 11,806,454. Elvie now seeks to amend its Counterclaims to assert the '381 patent against the Momcozy S9, S9 Pro, S12, and S12 Pro products. Elvie also seeks to amend its Counterclaims to assert the '454 patent against the Momcozy V1 and V2 products. Furthermore, Elvie seeks to name a new entity, Xitao, which Plaintiffs only recently admitted was an entity related to Momcozy[2] that sold Accused Products within the United States.

## II. FACTUAL BACKGROUND

### I.  The '381 and '454 Patents were issued after Elvie's Counterclaims were due.

In response to Momcozy's Complaint against Elvie, Elvie filed its Counterclaims against Plaintiffs and Counterclaim Defendants on August 14, 2023. *See* ECF No. 69. In its Counterclaims, Elvie noted that it intended to assert Patent Application No. 17/203,292 (the "'292 application") once issued and that it may amend its Counterclaims to identify additional Accused Products, including the Momcozy V1. *See id.* at p. 26 n. 1-2. On September 28, 2023, Elvie informed Momcozy that it intended to amend its Counterclaims to assert the '292 Application and

---

[1] A copy of Elvie's Amended Counterclaims are attached hereto as Exhibit A and Exhibit B,

[2] Momcozy is the tradename of the entity that sells the Accused Products throughout the United States. Plaintiffs allege that they are the entities that operate under this tradename.

Patent Application No. 18/148,864 (the "'864 Application"). Ex. C, November 29, 2023 J. Kim Email at p. 1-2. On November 7, 2024, the USPTO issued the '454 patent (previously the '864 application) to Elvie entitled "Wearable Breast Pump System." On November 14, 2023, the USPTO issued the '381 patent (previously the '292 application) to Elvie entitled "Breast Pump System." The '381 Patent stems from the same family as the currently-asserted Elvie Patents.

## II. Elvie discovered new information regarding Xitao.

On June 22, 2023, Elvie served Plaintiffs with a number of interrogatories seeking information on various entities related to Plaintiffs, including Xitao. On August 7, 2023, Plaintiffs responded by stating that Xitao did not have a "connection to the S12 Pro products at issue in this action." Elvie subsequently discovered information online that connected Xitao to the products at issue in this case. On January 10, 2024, counsel for Elvie asked for further information regarding the relationship between Momcozy and Xitao. On January 19, 2024, counsel for Plaintiffs admitted that Xitao indeed "is a post-importation distributor through alibaba.com of the S12 Pro, S12, S9 Pro, S9, M1, and M5 products." Ex. D, January 19, 2024 Yang Email.

## III. LEGAL STANDARD

When a party may not amend its pleading "as a matter of course," it may nonetheless amend its pleading "with the court's leave." Fed. R. Civ. P. 15(a)(2). The Court's leave "should be freely given when justice so requires." *Id.* "Requests for leave to amend should be granted with extreme liberality." *Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012) (internal citations omitted); *see also Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("In general, a court should liberally allow a party to amend its pleading."). The non-movant bears the burden of proving that it is prejudiced by amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

3

ELVIE'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS — CASE NO. 2:23-CV-631

## IV. ARGUMENT

Given the extremely liberal standard in granting a motion for leave to amend, Elvie respectfully requests that its Motion be granted. *First*, this is the first time that Elvie has sought leave to amend its pleadings. *Second*, Elvie's Motion is timely filed. The Court set the deadline for amending pleadings at March 6, 2024. *See* D.I. 62. Furthermore, any substantive deadlines regarding invalidity contentions and claim construction are not for months. *See id.* Therefore, Elvie's amendment will not disrupt the case schedule. *Third*, Elvie could not have included the newly asserted patents at the time of filing its initial Counterclaims, nor could it have named Xitao in good-faith. Both patents were issued after Elvie's initial Counterclaims were due. With respect to adding Xitao, Elvie's initial rationale for not naming Xitao in its initial Counterclaims was based on Plaintiff's sworn interrogatory statements received on August 7, 2023, which turned out to be inaccurate. The newly discovered connection between Momcozy and Xitao drives the necessity to now amend the Counterclaims to name Xitao. *Finally*, Plaintiffs will not be prejudiced by Elvie's amendment. Elvie provided early notice to Plaintiffs regarding Elvie's intent to amend its Counterclaims before the new patents were issued. *See* ECF No. 61 at pp. 1-2; *see also* ECF No. 69 at p. 26 n. 1. Furthermore, Plaintiff's inaccurate interrogatories are the reason Elvie did not previously name Xitao.

Momcozy has notified Elvie that it ultimately opposes this Motion. When Elvie initially sought Momcozy's position on this Motion, Momcozy conditioned its stipulation to this Motion on Elvie's agreement to extend the trial date by a full year. Elvie sees no reason to do so. Elvie previewed for the Court and parties early in this case that it intended to assert new patents. *See* ECF No. 61 at p. 1-2. The Court then granted the parties a longer trial schedule than the parties originally asked for. Given the already prolonged case schedule and Elvie's advance notice to Momcozy regarding the addition of the new patents, Elvie believes a year extension of the trial schedule is not warranted.

## V.  CONCLUSION

Elvie respectfully requests the Court grant it leave to file its Amended Counterclaims.

DATED this 1st day of March, 2024

_____

Nirav N. Desai (*pro hac vice*)
Josephine Kim (*pro hac vice*)
Alexander Covington (*pro hac vice*)
Alex Alfano (*pro hac vice*)
Joseph Kim (*pro hac vice*)
Paige Cloud (*pro hac vice*)
Michael Webb (*pro hac vice*)
Richa Patel (*pro hac vice*)
Zachary L. Jacobs (*pro hac vice*)
Christopher Coleman (*pro hac vice*)
**STERNE, KESSLER, GOLDSTEIN & FOX PLLC**
1101 K St.NW
Washington, DC 20005
Telephone: 202.371.2600
Facsimile: 202.371.2540

_____

LOWE GRAHAM JONES PLLC
Mark P. Walters, WSBA No. 30819
Mitchell D. West, WSBA No. 53103
*Walters@LoweGrahamJones.com*
*West@LoweGrahamJones.com*
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
T: 206.381.3300
F: 206.381.3301

*I certify that this memorandum contains 926 words, in compliance with the Local Civil Rules.*