THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN ROOT TECHNOLOGY CO., LTD., HONG KONG LUTE TECHNOLOGY CO., LIMITED, AND SHENZHEN CONGLIN E-COMMERCE CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>CHIARO TECHNOLOGY LTD.,<br><br>Defendant. | CASE NO. 2:23-cv-631<br><br>**JOINT STATEMENT ON DISCOVERY DISPUTE** |
| CHIARO TECHNOLOGY LTD.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>SHENZHEN ROOT TECHNOLOGY CO., LTD., HONG KONG LUTE TECHNOLOGY CO., LIMITED, SHENZHEN CONGLIN E-COMMERCE CO., LTD, SHENZHEN ROOT E-COMMERCE CO., LTD., SHENZHEN TPH TECHNOLOGY CO., LTD., SHENZHEN JINRUIXING TECHNOLOGY CO., LTD., SHENZHEN LUTEJIACHENG NETWORK TECHNOLOGY CO., LTD., and SHENZHEN JINRUIHANG TECHNOLOGY CO., LTD.,<br><br>Counterclaim Defendants. | |

Defendant and Counterclaim Plaintiff Chiaro Technology Ltd. ("Elvie") and Plaintiffs and Counterclaim Defendants ("Momcozy") submit this Joint Statement on Discovery Dispute requesting a teleconference to address issues related to the parties' draft ESI Agreement. The parties have been unable to reach agreement as to whether Momcozy should be required to review and produce relevant WeChat messages from a limited number of custodians. The parties briefly set forth their positions and will request a teleconference with the courtroom deputy as instructed:

**Elvie's Position**: Elvie seeks the production of relevant, non-privileged WeChat business communications from a limited number of Momcozy custodians. As is common practice with Chinese companies, Momcozy operates a WeChat customer channel and conducts business over WeChat, such that excluding these communications from discovery risks losing important, non-duplicative evidence. Momcozy's business communications regarding Elvie, Elvie's products, and Elvie's intellectual property are relevant to the issues of infringement, willful infringement, secondary considerations, and damages. It would be unreasonable to exclude an entire category of evidence this early in the litigation. *See* Fed. R. Civ. P. 26(b)(1).

Elvie sought to amicably resolve this dispute before bringing it to the Court. Negotiations and video conferences over several months were unsuccessful because of Momcozy's position that producing these communications would violate various Chinese privacy laws, which Momcozy believes prohibit the transmission of "personal information" found in the WeChat messages. However, Elvie's request would *not* be in violation of any Chinese privacy laws, as will be explained by Elvie's Chinese privacy law expert. For example, Elvie only seeks business communications—not "personal information"—from five executives who are likely to have intimate knowledge about Momcozy's business and the accused Momcozy products. Search terms and redactions may be employed, as is customary in litigation, to collect relevant business communications and shield any personal information.

Moreover, courts have found that discovery obligations in U.S. litigations fall under a "legal need" exception to the Chinese privacy laws, thereby allowing for production. *See, e.g.*, *Cadence Design Sys., Inc. v. Syntronic AB*, 2022 WL 2290593 (N.D. Cal. June 24, 2022) (finding that PIPL

did not protect a Chinese company from complying with a court order to provide devices for inspection, notwithstanding the lack of consent from the employees whose personal information was stored on the devices); *Owen v. Elastos Found.*, 343 F.R.D. 268, 286 (S.D.N.Y. 2023) (processing and producing documents and data held inside China for the purpose of complying with U.S. law does not conflict with the PIPL); *Philips Medical Systems (Cleveland), Inc., et al. v. Jose Baun, et al.*, No. 19 CV 2648, 2022 WL 602485, at *6 (N.D. Ill. Mar. 1, 2022) (disregarding privacy objection because Defendants had not demonstrated that Plaintiffs' discovery requests implicated personal information within the meaning of the PIPL).

Therefore, the privacy laws cited by Momcozy do not prohibit discovery from the platform and Elvie respectfully requests that Momcozy be required to collect and produce relevant WeChat business communications from a limited number of custodians.

**Momcozy's Position**: Momcozy's position is that the parties shall agree that, given the cost and complexity of searching and producing data from social media communications and other non-email electronic messaging applications, such as WeChat, this data will be preserved but not searched or produced absent a showing of good cause and proportionality. Moreover, Elvie has no evidence to demonstrate that "it is a common practice among Chinese companies", especially with Momcozy, to operate "a WeChat customer channel and conduct business over WeChat".

WeChat accounts are private and personal and thus fall outside the possession, custody, or control of Momcozy. Moreover, contrary to Elvie's assumption, the status of an individual as a "key executive" does not render their private WeChat accounts within Momcozy's possession, custody, or control.

Elvie's request regarding WeChat communications and attachments, absent a showing of good cause, is disproportionate to the needs of this case. This Court has found that the then only accused product, the S12 Pro, is unlikely to infringe Claim 1 of Elvie's Patent No. '893, the then only patent in dispute, which belongs to the same patent family as the other asserted Elvie Patent No. '380 in this case. Therefore, we find it implausible that any WeChat messages of Momcozy's key executives contain information to suggest that Momcozy behaves in a manner akin to a "pirate" who "plunders"

Elvie's patents, a standard reiterated in the Supreme Court's *Halo* decision for establishing willful infringement. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016)("The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate. " ).

Furthermore, it will be unduly burdensome and disproportionate for Momcozy to comply with the Personal Information Protection Law (PIPL). Like the other cases Elvie cited during negotiations, none of the cases Elvie references here are persuasive because the underlying facts differ significantly from those of the current dispute.

For the foregoing reasons, Elvie's request shall be denied. Alternatively, if Elvie's request is granted, Elvie should be required to search and produce communications via Slack, an app for inter-office communications at Elvie, because it is relevant to Momcozy's tortious interference claim. Additionally, Elvie shall identify all five custodians, limited to Momcozy's key executives, whose WeChats are to be searched and produced.

DATED: March 6, 2024

*/s/ Mark P. Walters*
Mark P. Walters, WSBA No. 30819
Mitchell D. West, WSBA No. 53103
walters@LoweGrahamJones.com
west@LoweGrahamJones.com
**LOWE GRAHAM JONES PLLC**
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300
F: 206.381.3301

Nirav N. Desai (*pro hac vice*)
Josephine Kim (*pro hac vice*)
Joseph Kim (*pro hac vice*)
Alex Alfano (*pro hac vice*)
Alexander Covington (*pro hac vice*)
Paige Cloud (*pro hac vice*)
Michael Webb (*pro hac vice*)
Zachary L. Jacobs (*pro hac vice*)
Richa Patel (*pro hac vice*)
Christopher Coleman (*pro hac vice*)
**STERNE, KESSLER, GOLDSTEIN & FOX PLLC**
1101 K Street, NW
10th Floor
Washington, D.C. 20005

|   |   |
|---|---|
|   | T: 202.371.2600<br>F: 202.371.2540<br><br>*Attorneys for Defendant and Counterclaim Plaintiff Chiaro Technology Ltd.* |
| DATED: <u>March 6, 2024</u> | <u>/s/Qianwu Yang</u><br>Qianwu Yang (*pro hac vice*)<br>Xiaomin Cao (*pro hac vice*)<br>SHM LAW FIRM<br>3000 El Camino Real, Building 4, Suite 200<br>Palo Alto, California 94306<br>Tel.: +86 139 2521 2009<br>Fax: +86 755 8326 6693<br>yang@shm.law<br>cao.xiaomin@shm.law<br><br><u>/s/Jeremy Roller</u><br>Jeremy Roller, WSBA No. 32021<br>ARETE LAW GROUP<br>jroller@aretelaw.com<br>1218 3rd Ave, Suite 2100<br>Seattle, WA 98101<br>P (206) 428-3250<br>F (206) 428-3251<br><br>*Attorneys for Plaintiffs and Counterclaim Defendants Shenzhen Root Technology Co., Ltd. (aka Shenzhen Lutejiacheng Network Technology Co., Ltd.), Hong Kong Lute Technology Co., Limited, Shenzhen Conglin E-Commerce Co., Ltd., and Shenzhen Jinruihang Technology Co., Ltd.* |