The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHENZHEN ROOT TECHNOLOGY CO., LTD., et al.,

    Plaintiffs,

v.

CHIARO TECHNOLOGY LTD.,

    Defendant.

CHIARO TECHNOLOGY LTD.,

    Counterclaim Plaintiff,

v.

SHENZHEN ROOT TECHNOLOGY CO., LTD., et al.,

    Counterclaim Defendants.

No. 2:23-cv-00631-KKE

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS**

Noted on Motion Calendar:
**March 22, 2024**

## I.   INTRODUCTION

Nearly four months after the U.S. Patent and Trademark Office ("USPTO") granted the new patents that Chiaro Technology Limited ("Elvie") seeks to assert here—U.S. Patent Nos. 11,813,381 and 11,806,454—Elvie moved to add these two patents, a new defendant,



and two new products to this case. While the '381 patent belongs to the same patent family as the two patents already asserted in this case, the '454 patent belongs to a different and unrelated patent family. The accused products Elvie seeks to add, the Momcozy V1 and V2 hands-free breast pumps, are also substantially different from the currently accused Momcozy S and M series products. Information about the new entity that Elvie seeks to add at this late date, Shenzhen Xitao Network Technology Co., Ltd. ("Xitao"), has been publicly available and unchanged since at least 2022, long before Elvie filed its counterclaim on August 14, 2023.

Both when the current case schedule was established on July 5, 2023, and when modified later that month, only one patent—the '893 patent—was at issue in this case. Additionally, only three plaintiffs and (future) counterclaim defendants—Shenzhen Root Technology Co. Ltd., Hong Kong Lute Technology, and Shenzhen Conglin e-Commerce Co., Ltd.—were parties to this action. And only one Momcozy product—the S12 Pro—was accused by Elvie of infringing its intellectual property rights, and that was only in the Amazon Patent Evaluation Express ("APEX") extrajudicial patent dispute resolution process, not in this litigation. Accordingly, if Elvie's motion is granted, the number of patents at issue will have quadrupled, the number of counterclaim defendants will have increased to eight, and the number of accused products will have increased eight-fold compared to when the current case schedule was first established and later modified. All of the counterclaim defendants are based in China and have very limited English capacity. Furthermore, Elvie added a breach of contract claim to its Counterclaim filed on August 14, 2023 (Dkt. No. 69), after the existing schedule had been set. These drastic changes are untenable under the current case schedule. If the Court grants Elvie's motion without altering that schedule, Momcozy will be greatly and unfairly prejudiced.

Additionally, under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") and judicial

OPPOSITION TO MOTION FOR
LEAVE TO AMEND COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 2

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

practices in China, Elvie would need *at least* six months to complete service of the summons and amended counterclaim on Shenzhen Xitao Network Technology Co., Ltd. ("Xitao").[1] Indeed, despite summonses having been issued in August of 2023, Elvie appears not yet to have served counterclaim defendants Shenzhen Root e-Commerce Co., Ltd. or Shenzhen TPH Technology Co., Ltd.

Momcozy is not irreconcilably opposed to Elvie's request to add two patents, a new party, and two new products to this case. Such amendment is simply unworkable unless there is a significant extension to the current case schedule (which Momcozy intends to request from the Court) given the proposed drastically enlarged scope of the case. But Elvie refuses to accept a reasonable 11-month extension of the case schedule. Momcozy therefore must oppose Elvie's motion because litigating the substantially enlarged case on an unrealistically compressed timeline, as proposed by Elvie, will severely and unfairly prejudice Momcozy.

## II.   FACTS

### A. The Current Case Schedule.

The Honorable John Chun issued current schedule after Momcozy filed its Amended Complaint, but shortly before Elvie filed its Answer and Counterclaim. Momcozy filed the Amended Complaint on June 2, 2023 (Dkt. No. 54). The case schedule was issued on July 5, 2023, and later modified on July 26, 2023 (Dkt. Nos. 62 and 64). At the time the current case schedule was issued, only one patent and one product were at issue. The plaintiffs comprised of only three companies (collectively, "Momcozy"). Elvie filed its Answer and Counterclaim on August 14, 2023 (Dkt. No. 69).[2]

---

[1] While Xitao is part of the Momcozy corporate family, the undersigned counsel have not yet been authorized to accept service of a summons and counterclaim on Xitao's behalf.

[2] A timeline of the changes to this case is attached hereto as Exhibit A.

OPPOSITION TO MOTION FOR
LEAVE TO AMEND COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 3


ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**B. Elvie's Minimal Previews of the '381 and '454 Patents are Irrelevant.**

Elvie mentioned in footnote 1 of its Answer and Counterclaim that it intended to amend its counterclaim to assert infringement of allowed Patent Application No. 17/203,292 upon issuance by the USPTO. But whether this patent would be granted before March 6, 2024 (the deadline to amend) and whether Elvie would actually add it to this litigation could not definitively be known by Momcozy. Therefore, this notice and all similar notices are of no substantive significance in Momcozy's preparation for this litigation. Unlike the '381 patent and other patents already asserted in this case, the '454 patent belongs to a different and unrelated patent family. The accused products Elvie seeks to add, the Momcozy V1 and V2 models, are also substantially different from the currently accused Momcozy S and M series products. And while the '381 Patent originates from the same family as the currently asserted Elvie Patents, Momcozy must still prepare new prior art, invalidity contentions, and non-infringement arguments.

**C. Xitao's Sales of the Accused Products Were Publicly Known Before Elvie Filed Its Original Counterclaims.**

Information regarding Xitao was publicly available and has not changed since Elvie filed its counterclaim on August 14, 2023. Additionally, Xitao's sales of the then-accused product, the S12 Pro, are negligible. As of January 17, 2024, Xitao's total sales of the S12 Pro amounted to less than $100. Coupled with the challenge of coordinating among various departments and language barriers, Momcozy faced significant difficulties in responding to the interrogatories, which led to the oversight Elvie makes so much of. This oversight was unintentional. Indeed, Momcozy had no incentive to conceal this publicly available information, which is and was easily accessible online since at least 2022 (https://momcozy.en.alibaba.com/?spm=a2700.shop_plgr.88.13),long before Elvie served its discovery requests.

OPPOSITION TO MOTION FOR
LEAVE TO AMEND COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## III. ARGUMENT

### A. Standard

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted); *Edwards v. Leaders in Cmty. Alternatives, Inc.*, 850 F. App'x 503, 505 (9th Cir. 2021). Rather, courts in the Ninth Circuit "consider[] the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) (internal quotation marks and citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "The other factors used to determine the propriety of a motion for leave to amend could each, independently, support a denial of leave to amend a pleading." *Beecham v. City of W. Sacramento*, No. 2:07-cv-01115-JAM-EFB, 2008 WL 3928231, at *1 (E.D. Cal. Aug. 25, 2008) (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). Of these factors, "[p]rejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387 (9th Cir. 1990).

### B. Amendment Now, Without a Substantial Extension of the Case Schedule, Would Provide Insufficient Time for Critical Invalidity and Claim Construction Tasks.

When the parties filed their Joint Status Report and Discovery Plan (Dkt. No. 61), they proposed September of 2023, not March 6, 2024, as the deadline for amending

OPPOSITION TO MOTION FOR
LEAVE TO AMEND COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 5

ARÊTE LAW GROUP
1218 THIRD AVE, STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

pleadings.[3] Furthermore, the deadline for the Preliminary Infringement Contentions and Disclosure of Asserted Claims, as proposed, was also September 15, 2023, which was 23 months and 2 days before the proposed trial date of August 17, 2025. At that point only one patent and one product were at issue.

The current case schedule allows an interval of only 14 months and 22 days between disclosure of preliminary infringement contentions and asserted claims, on one hand, and the trial date, on the other. That would be tight, but possibly workable, for a case involving one patent and one product, but is far from sufficient a case involving four patents, one of which—the '454 patent—belongs to a different patent family. Moreover, the number of accused products will increase to eight if the Motion to Amend is granted.

Under the current case schedule, disclosure of preliminary invalidity contentions is due in just over three months—July 1, 2024. Expert reports regarding Markman issues are due July 29, 2024. These schedules were established based on one patent and one disputed product. If Elvie's Motion to Amend is granted, (1) the number of patents involved in the case will be four times the number when the case schedule was issued, (2) the number of disputed products will be eight times the number when the case schedule was issued, and (3) the number of companies accused of infringement will be more than twice what it was when the case schedule was issued. It will be nearly impossible for Momcozy effectively to prepare preliminary invalidity contentions for two new patents less than 100 days after those patents have been added to the case. Similarly, critical claim construction expert reports cannot effectively be prepared only weeks later. The case schedule would need to be extended by at least 11 months to ensure that Momcozy is not unfairly prejudiced and that critical claim construction issues are adequately presented to the Court.

---

[3] Elvie proposed September 6, 2023, as the deadline to join additional parties.  Momcozy proposed September 15, 2023, as the deadline to amend pleadings. *See* Dkt. No. 61 at 2-3.

OPPOSITION TO MOTION FOR
LEAVE TO AMEND COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 6


ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**C. Elvie Unnecessarily Delayed Moving to Add Two New Patents, Two New Products, and a New Defendant, to the Unfair Prejudice of Momcozy.**

Elvie filed this motion nearly 4 months after the two patents in question were granted and almost 7 months after becoming aware of Xitao. While Momcozy cannot discern the reason for Elvie's delay in attempting to add the '381 and '454 patents near the last possible moment, the delay has the effect of massively reducing the time that Momcozy has under the existing schedule to deal with the new patents.

Absent an extension of the case schedule, this delay will unfairly prejudice Momcozy's litigation strategy and defense, including the potential for Momcozy to seek invalidation of the involved patents at the USPTO and, as described above, Momcozy's litigation preparation.

**D. Elvie's Minimal Preview of the Possibility of Adding Patents Should not Count Against Momcozy.**

Elvie's preview of its intention to add more patents to the case before the case schedule was issued, its mention of the possibility of amendment in its first counterclaim, and emails submitted with its Motion to Amend should not be used against Momcozy because it was highly uncertain how many patents Elvie could add or even if it indeed would follow through on adding those patents. And at that time it was highly uncertain whether the two patents Elvie seeks to add here would be granted by March 6, 2024. Similarly, it was meaningless for Elvie to vaguely mention the assertion of additional alleged infringements in the joint status report and discovery plan, filed June 28, 2023. The case is indisputably different than it was when the case schedule was issued, in that one patent, a new breach of contract counterclaim, and several defendants were added by Elvie's counterclaim on August 14, 2023 (Dkt. No. 69). It will be even more different—by adding two patents, two products, and a new defendant—if this motion is granted.

OPPOSITION TO MOTION FOR
LEAVE TO AMEND COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**E. One of the New Patents is from an Entirely Different Patent Family.**

The '454 patent Elvie seeks to add and the newly accused products targeted by it are entirely different from the patents and products involved when the schedule was established. It is as though Elvie has initiated an entirely new lawsuit. Indeed, rather than amending its counterclaim here, it could have done that. Momcozy's prior art defenses are likely to be entirely different from those in the case as it currently stands. Furthermore, Momcozy will require ample time to thoroughly prepare its defenses and arguments of invalidity and non-infringement.

## IV.   CONCLUSION

For the foregoing reasons, Momcozy respectfully requests that the Court deny Elvie's Motion for Leave to Amend Counterclaims. If, however, the Court is inclined to grant the Motion, to ensure that the Momcozy parties have adequate time to prepare their cases in light of the amendment and expansion of the case, the case schedule should be modified, with the trial date extended by 11 months to August 3, 2026, while ensuring at least a 20-month interval between the trial date and the preliminary infringement contentions and disclosure of asserted claims. Momcozy is prepared to file a motion to extend the case schedule. But to potentially avoid the needless motion practice, Momcozy intends to ask the Court how it prefers this issue to be raised at the discovery hearing scheduled for March 22, 2024.  *See* Dkt. No. 104.

| | |
|---|---|
| DATED: March 20, 2024. | The undersigned counsel certify that this memorandum contains 2,237 words, in compliance with the Local Civil Rules. |
| | **SHM LAW FIRM** |
| | By: _/s/ Qianwu Yang_<br>Qianwu Yang (admitted *pro hac vice*)<br>Xiaomin Cao (admitted *pro hac vice*)<br>3000 El Camino Real<br>Building 4, Suite 200 |

OPPOSITION TO MOTION FOR
LEAVE TO AMEND COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 8


ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Palo Alto, CA 94306
Phone: +86 139 2521 2009
Fax: +86 755 8326 6693
yang@shm.law
cao.xiaomin@shm.law

**ARETE LAW GROUP PLLC**

By: */s/ Jeremy Roller*
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jroller@aretelaw.com

*Attorneys for Shenzhen Root Technology Co., Ltd., Hong Kong Lute Technology Co., Limited, Shenzhen Conglin E-Commerce Co., Ltd, and Shenzhen Jinruihang Technology Co., Ltd.*

OPPOSITION TO MOTION FOR
LEAVE TO AMEND COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 9

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon all attorneys of record using the automatic notification generated by the CM/ECF system.

Dated this 20th day of March, 2024, in Seattle, Washington.

/s/ *Jeremy Roller*
Jeremy Roller

OPPOSITION TO MOTION FOR
LEAVE TO AMEND COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 10

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

# Exhibit A

# Timeline of Change: Patents, Parties, Products, and Causes of Action

Shenzhen Root Technology Co., Ltd., et al. v. Chiaro Technology Ltd. (2:23-cv-00631-KKE)

**June 2, 2023**

Momcozy filed Amended Complaint for Declaratory Judgment and Other Relief (Dkt. No. 54).

| Plaintiffs | Defendant | Causes of Action | Patent | Product |
|---|---|---|---|---|
| 1. Shenzhen Root Technology Co., Ltd.<br>2. Hongkong Lute Technology Co., Limited<br>3. Shenzhen Conglin E-Commerce Co., Ltd.<br>   (collectively "Plaintiffs" or "**Momcozy**") | • Chiaro Technology Ltd. ("**Elvie**") | • Declaratory judgments for non-infringement and invalidity<br>• Tortious interference<br>• Unfair competition | • '893 patent | • S12 Pro |

**June 28, 2023**

Momcozy and Elvie filed Joint Status Report and Discovery Plan (Dkt. No. 61).

| Events | Proposed Schedule Filed by Both Parties (Dkt. No. 61) |
|---|---|
| **Deadline for amending pleadings** | **September 15, 2023** (Momcozy) <br> **September 6, 2023** (Elvie) |
| **Preliminary Infringement Contentions and Disclosure of Asserted Claims and accompanying file history for each asserted patent (PAT 120)** | September 15, 2023 |
| **Preliminary Non-Infringement and Invalidity Contentions (PAT 121) and accompanying document production (PAT 122)** | November 2, 2023 |
| **Expert Witness Reports on Markman issues (if necessary) (PAT 132)** | February 8, 2024 |
| **Trial date** | August 17, 2025 |
| **Interval between infringement contentions and trial date** | **23 months and 2 days** |

2

## July 5, 2023

The Scheduling Order was issued by the Honorable John Chun (Dkt. No. 62).

| Events | Scheduling Order (Dkt. No. 62) |
|---|---|
| **Deadline for amending pleadings** | **March 6, 2025** |
| **Preliminary infringement contentions and disclosure of asserted claims** | June 10, 2024 |
| **Disclosure of preliminary invalidity contentions** | July 1, 2024 |
| **Reports from expert witnesses regarding Markman issues due** | July 29, 2024 |
| **Trial date** | September 2, 2025 |
| **Interval between infringement contentions and trial date** | **14 months and 22 days** |

## July 26, 2023

Order granting Parties' Stipulated Motion to Modify Deadlines was issued (Dkt. No. 64).

| Events | Order Granting Parties' Stipulated Motion to Modify Deadlines (Dkt. No. 64) |
|---|---|
| **Deadline for amending pleadings** | **March 6, 2024** |
| **Preliminary infringement contentions and disclosure of asserted claims** | June 10, 2024 |

| Events | Order Granting Parties' Stipulated Motion to Modify Deadlines (Dkt. No. 64) |
|---|---|
| **Disclosure of preliminary invalidity contentions** | July 1, 2024 |
| **Reports from expert witnesses regarding Markman issues due** | July 29, 2024 |
| **Trial date** | September 2, 2025 |
| **Interval between infringement contentions and trial date** | **14 months and 22 days** |

## August 14, 2023

Elvie filed its Answer and Counterclaim (Dkt. No. 69).

| Counterclaim Plaintiff | Counterclaim Defendants | Causes of Action | Asserted Patents | Accused Products |
|---|---|---|---|---|
| • Chiaro Technology Ltd. ("**Elvie**") | 1. Shenzhen Root Technology Co., Ltd.<br>2. Hongkong Lute Technology Co., Limited<br>3. Shenzhen Conglin E-Commerce Co., Ltd.<br>4. Shenzhen Lutejiacheng Network Technology Co., Ltd.<br>5. Shenzhen Jinruihang Technology Co., Ltd.<br>      (1-5, collectively "**Momcozy**")<br>6. Shenzhen Root E-Commerce Co., Ltd.<br>7. Shenzhen TPH Technology Co., Ltd.<br>8. Shenzhen Jinruixing Technology Co., Ltd. | • Patent infringement<br>• Breach of contract | • '893 patent<br>• '380 Patent | 1. S12 Pro<br>2. S12<br>3. S9<br>4. S9 Pro<br>5. M1<br>6. M5 |

**February 23, 2024**

Order Granting Parties' Joint Stipulation of Dismissal (Dkt. No. 100).

<u>Shenzhen Jinruixing Technology Co., Ltd. was dismissed without prejudice.</u>

**March 1, 2024**

Elvie filed its Motion for Leave to Amend Counterclaims (Dkt. No. 101).

| Counterclaim Plaintiff | Counterclaim Defendants | Cause of Action | Asserted Patents | Accused Products |
|---|---|---|---|---|
| • Chiaro Technology Ltd. ("**Elvie**") | 1. Shenzhen Root Technology Co., Ltd.<br>2. Hongkong Lute Technology Co., Limited<br>3. Shenzhen Conglin E-Commerce Co., Ltd.<br>4. Shenzhen Lutejiacheng Network Technology Co., Ltd.<br>5. Shenzhen Jinruihang Technology Co., Ltd.<br>6. Shenzhen Xitao Network Technology Co., Ltd.<br>   (1-6, collectively "**Momcozy**")<br>7. Shenzhen Root E-Commerce Co., Ltd.<br>8. Shenzhen TPH Technology Co., Ltd. | • Patent infringement<br>• Breach of contract | • '893 patent<br>• '380 Patent<br>• '381 Patent<br>• '454 Patent | 1. S12 Pro<br>2. S12<br>3. S9<br>4. S9 Pro<br>5. M1<br>6. M5<br>7. V1<br>8. V2 |