UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN ROOT TECHNOLOGY CO LTD et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHIARO TECHNOLOGY LTD, <br><br> Defendants. | CASE NO. C23-0631-KKE <br><br> ORDER GRANTING MOTION TO AMEND COUNTERCLAIMS |

This matter comes before the Court on Defendant and Counterclaim Plaintiff Chiaro Technology Ltd.'s ("Elvie") motion for leave to amend its counterclaims. Dkt. No. 101. Elvie seeks to add two patents and two products to this lawsuit, and to name Shenzhen Xitao Network Technology Co., Ltd. ("Xitao") as an additional counterclaim Defendant. *Id.* at 2. Counterclaim Defendants Shenzhen Root Technology Co., Ltd., Hong Kong Lute Technology Co. Ltd., Shenzhen Conglin e-Commerce Co., Ltd, Shenzhen Root e-Commerce Co., Ltd., Shenzhen TPH Technology Co., Ltd., Shenzhen Lutejiacheng Network Technology Co., and Shenzhen Jinruihang Technology Co., Ltd. (collectively "Momcozy") do not oppose Elvie's motion on its face, but request that the Court extend the case schedule in the event the Court grants Elvie's motion. Dkt. No. 108 at 3. For the reasons explained here, the Court grants Elvie's motion and declines to modify the case schedule at this time.

ORDER GRANTING MOTION TO AMEND COUNTERCLAIMS - 1

## I. FACTS

Both Momcozy and Elvie manufacture and sell wearable breast pumps. In April 2023, Momcozy filed this action seeking declaratory judgment that Elvie's U.S. Patent No. 11,357,893 ("the '893 patent") is not infringed by Momcozy products, and other declaratory, injunctive, and monetary relief. *See* Dkt. No. 1 (original complaint), Dkt. No. 54 (amended complaint). The complaint places at issue one patent and one Momcozy product, the S12 Pro. Dkt. No. 54 at 1–2.

On July 5, 2023, the Court issued an order setting the trial date and pretrial deadlines. Dkt. No. 62. The initial case schedule issued by the Court provided for 28 months to trial, which is comparable to other patent cases in this Court. *See id.*; Dkt. No. 109 at 9. Since issuing the schedule, the Court has granted multiple stipulated motions to continue deadlines. *See* Dkt. Nos. 63–64 (order extending deadline to join additional parties and file answer/counterclaims, and shortening time to amend the pleadings); Dkt. No. 74 (order extending deadline to respond to counterclaim by 30 days); Dkt. Nos. 76–77 (order extending deadline to respond to counterclaim by an additional 21 days); Dkt. Nos. 106–07 (order extending deadline for Momcozy to respond to this motion).

In August 2023, Elvie filed a counterclaim alleging willful patent infringement and breach of contract under Washington law. Dkt. No. 69 at 26. Elvie asserted Momcozy's S9, S9 Pro, S12, S12 Pro, M1 and M5 products infringed the '893 patent and a second patent ("the '380 patent"). *Id.* Elvie additionally stated it intended "to amend its Counterclaims to further assert infringement of allowed Patent Application No. 17/203,292 ("the '292 application") upon its issuance by the USPTO." *Id.* at n.1. Elvie stated it "may also amend its Counterclaims to identify additional products that infringe [the '893 and '380 patents], including Momcozy's new V1 product." *Id.* at n.2.

On September 28, 2023, Elvie informed Momcozy it intended to amend its Counterclaims to add the '292 application, and a second allowed Patent Application, No. 18/148,864 ("the '864 application"). Dkt. No. 101-3 at 2. The USPTO subsequently issued two patents to Elvie, U.S. Patent No. 11,813,381 ("the '381 patent" (previously the '292 application)) and U.S. Patent No. 11,806,454 ("the '454 patent" (previously the '864 application)) in November 2023. Dkt. No. 101 at 3.

Elvie states it initially served interrogatories seeking information about Xitao on June 22, 2023. Dkt. No. 101 at 3. Momcozy responded by stating Xitao did not have a connection to the products at issue. *Id.* Momcozy did not admit Xitao was a distributor of the products until January 19, 2024. *Id.* Momcozy admits to this oversight. Dkt. No. 108 at 4.

Elvie now moves to amend its counterclaims to add the two new patents (the '381 and '454 patents) and add Xitao as a counterclaim Defendant. Dkt. No. 101 at 2. Elvie seeks to assert the '381 patent against the Momcozy S9, S9 Pro, S12, and S12 Pro products. *Id.* Elvie seeks to assert the '454 patent against the Momcozy V1 and V2 products. *Id.* This amendment would bring the total number of patents at issue to four, and the total number of products at issue to eight.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the Court's leave. "In general, a court should liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The Court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust*

*Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (cleaned up), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) (cleaned up). "[D]elay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186. "Because leave is to be freely given when justice requires, the burden is on the opposing party to demonstrate that justice requires denial." *Jones v. Cate*, No. 1:10-CV-00068 AWI, 2013 WL 1857769, at *2 (E.D. Cal. May 2, 2013).

### III. ANALYSIS

Elvie argues the Court should grant its motion because this is the first time Elvie has sought to amend its pleadings, the motion is timely filed, Elvie could not have included the newly asserted patents or named Xitao at the time of its initial filing, and because Momcozy will not be prejudiced by amendment. Dkt. No. 101 at 4.

Momcozy concedes it is not "irreconcilably opposed" to Elvie's motion, but requests an 11-month extension of the trial date "to ensure that Momcozy is not unfairly prejudiced and that critical claim construction issues are adequately presented to the Court." Dkt. No. 108 at 3, 6. In particular, Momcozy identifies the need for additional time to prepare its preliminary invalidity contentions for the two new patents (*id.* at 6), and for Elvie to serve Xitao under international law (*id.* at 2–3). Momcozy suggests Elvie has strategically delayed bringing this motion to amend. Dkt. No. 108 at 7.

Thus, in essence, Momcozy opposes Elvie's motion on the grounds that allowing amendment would necessitate future delays in the case schedule, but the need for a future continuance does not outweigh the directive that this court liberally grant leave for parties to amend their pleadings when they timely seek to do so. For the following reasons, the Court finds that Momcozy has not shown either that Elvie unduly delayed in moving for leave to amend, or that it would be prejudiced by future modifications of the case schedule, and has therefore not met its burden to show that the Court should deny leave to amend.

ORDER GRANTING MOTION TO AMEND COUNTERCLAIMS - 4

### A. Elvie Did Not Unduly Delay Seeking Amendment.

Elvie states its motion for leave to amend, although timely under the current case schedule, was delayed "due in part to Momcozy's requests for extensions of time to consider Elvie's proposals, obtain new Washington counsel, accommodate travel and holiday schedules, etc." Dkt. No. 109 at 2 n.1. Elvie argues "[i]t is inequitable for Momcozy to take a substantial amount of time to consider Elvie's proposals and then use that delay as a shield[.]" *Id.* In addition, Elvie states Momcozy "had notice of Elvie's intent to include new patents when it negotiated the current case schedule[,]" and that Momcozy "provided inaccurate information to Elvie in its verified responses to Elvie's interrogatories[,]" which delayed identification of the Xitao Momcozy entity. *Id.* at 2. Elvie concedes it is willing to agree to an earlier date for the exchange of contentions "if Momcozy's concern is the interval between infringement contentions and trial[.]" *Id*. at 3. Ultimately, Elvie argues the proper mechanism for Momcozy to request an extension of the case schedule is not in an opposition to a motion to amend under Rule 15, but in a motion to amend the case schedule under Rule 16. *Id*. at 2.

The Court agrees with Elvie that it did not unduly delay in filing its motion for leave to amend. The record and the briefing on this motion demonstrate that Elvie forecast its intention to amend its counterclaim in the manner it now requests. Elvie moved promptly for leave to amend after the new patents were issued, and any delay is attributable to Momcozy providing admittedly inaccurate information during the discovery process. Although Momcozy opposes Elvie's motion on grounds of delay, the Court finds that this factor does not support denying the motion.

### B. Momcozy Will Not Be Prejudiced by Amendment.

In its opposition, Momcozy argues that it would be prejudiced by amendment because it would need more time to prepare for trial and other pretrial deadlines. Dkt. No. 108 at 5–6. But a continuance of the case schedule alone (assuming that one is needed) does not constitute

ORDER GRANTING MOTION TO AMEND COUNTERCLAIMS - 5

substantial prejudice that outweighs the need for amendment, particularly at this relatively early stage in the proceedings.  *Cf. Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where amendment would require reopening discovery).  And to the extent that Momcozy raises concerns about the time Elvie will need to serve Xitao under the Hague Convention (Dkt. No. 108 at 2–3), this concern is largely in Momcozy's control to remedy if it allows its current counsel to accept service for Xitao, as noted by Elvie (Dkt. No. 109 at 4–5).  In any event, modifications to the case schedule necessitated by amendment may be addressed in a future motion to modify the case schedule, but the Court declines to rule on that issue in the context of a motion for leave to amend.

      Because Momcozy has not persuaded the Court that Elvie's motion should be denied due to either undue delay or prejudice, the Court will permit Elvie to amend its counterclaim.

//

//

## IV.  CONCLUSION

As explained herein,

1) Elvie's motion to amend is GRANTED. Elvie shall file amended counterclaims and accompanying exhibits no later than May 14, 2024.

2) The parties are ORDERED to meet and confer regarding modifications to the case schedule necessitated by this amendment. Should the parties wish to propose moving the trial date, they are directed to jointly contact the courtroom deputy, at diyana_staples@wawd.courts.gov, to identify a date that is available on the Court's calendar. If the parties are not able to agree, either party may file a motion to modify the schedule pursuant to Local Civil Rule 16(b)(6).

Dated this 30th day of April, 2024.

_Kymberly K. Evanson_
Kymberly K. Evanson
United States District Judge