The Honorable Kymberly K. Evanson

1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT
9     FOR THE WESTERN DISTRICT OF WASHINGTON
              AT SEATTLE

10

SHENZHEN ROOT TECHNOLOGY
11   CO., LTD., et al.,                         No. 2:23-cv-00631-KKE

12              Plaintiffs,                      **MOMCOZY'S ANSWER TO**
                                                **AMENDED COUNTERCLAIMS,**
13       v.                                      **AFFIRMATIVE DEFENSES, AND**
                                                **COUNTER-COUNTERCLAIMS**
14   CHIARO TECHNOLOGY LTD.,
                                                JURY TRIAL DEMANDED
15              Defendant.

16   CHIARO TECHNOLOGY LTD.,

17              Counterclaim Plaintiff,

18       v.

19   SHENZHEN ROOT TECHNOLOGY
     CO., LTD., et al.,
20
                Counterclaim Defendants.
21

22

23       Plaintiffs/Counterclaim Defendants Shenzhen Root Technology Co., Ltd. (aka

24   Shenzhen Lutejiacheng Network Technology Co., Ltd.), Hong Kong Lute Technology Co.,

25   Limited, Shenzhen Conglin E-Commerce Co., Ltd, Shenzhen Jinruihang Technology Co,

26   Ltd., and Shenzhen Xitao Network Technology Co., Ltd. (collectively "Counterclaim

     Defendants" or "Momcozy") hereby submit their Answer to Chiaro Technology Ltd.'s



("Elvie" or "Counterclaim Plaintiff") Counterclaims. Any and all allegations contained in Counterclaim Plaintiff's Counterclaims not admitted in this Answer are denied. This Answer is not being filed on behalf of counterclaim defendants Shenzhen Root E-Commerce Co., Ltd. or Shenzhen TPH Technology Co. Ltd. In several paragraphs of the counterclaims, Counterclaim Plaintiff cites to various documents which allegedly support its allegations. Counterclaim Defendants take no position as to whether those citations are accurate. To the extent a response to the citations is needed, they are denied. Momcozy reserves the right to raise additional defenses based on further discovery and subsequent factual developments in this case.

## GENERAL DENIAL

Momcozy denies all allegations in Elvie's Counterclaims except for those specifically admitted below. With respect to the allegations made in the Counterclaims, upon knowledge with respect to Momcozy's own acts, and on information and belief as to other matters, Momcozy responds and alleges as follows:

## ANSWER TO AMENDED COUNTERCLAIMS

### Nature of the Counterclaims

1.      This counterclaim is for willful patent infringement of U.S. Patent Nos. 11,357,893 (the "'893 patent"), 11,413,380 (the "'380 patent"), 11,813,381 (the "'381 patent") and 11,806, 454 (the "'454 patent") (collectively, the "Asserted Patents") and breach of contract under Washington common law.

**ANSWER:**

The Counterclaim Defendants admit that the counterclaim purports to be for willful patent infringement of U.S. Patent Nos. 11,357,893 (the "'893 patent"), 11,413,380 (the "'380 patent"), 11,813,381 (the "'381 patent") and 11,806, 454 (the "'454 patent") (collectively, the "Asserted Patents") and breach of contract under Washington common law. Momcozy specifically denies any act of patent infringement, past or present, as well as any



1  breach of contract under Washington common law. Except as expressly admitted, Momcozy

2  denies each and every allegation of Paragraph 1.

3       2.       Elvie alleges that each of Momcozy's S9, S9 Pro, S12, S12 Pro, M1, M5, V1

4  and V2 products (collectively, the "Accused Products") infringe each of the Asserted Patents.

5       **ANSWER:**

6       Counterclaim Defendants admit that Elvie alleges that each of Momcozy's S9, S9

7  Pro, S12, S12 Pro, M1, M5, V1 and V2 products infringe each of the Asserted Patents.

8  Counterclaim Defendants deny that there is any such infringement.

9       3.       Elvie alleges that each of Momcozy's S9, S9 Pro, S12, S12 Pro, M1, and M5

10  products (collectively, the "Accused Products") infringe the '893 and '380 patents.

11       **ANSWER:**

12       Counterclaim Defendants admit that Elvie alleges that each of Momcozy's S9, S9

13  Pro, S12, S12 Pro, M1, M5 products infringe the '893 and '380 patents. Counterclaim

14  Defendants deny that there is any such infringement.

15       4.       Elvie alleges that the Momcozy S9, S9 Pro, S12, and S12 Pro additionally

16  infringe the '381 patent.

17       **ANSWER:**

18       Counterclaim Defendants admit that Elvie alleges that each of Momcozy's S9, S9

19  Pro, S12, S12 Pro additionally infringe the '381 patents. Counterclaim Defendants deny that

20  there is any such infringement.

21       5.       Elvie alleges that the Momcozy V1 and V2 infringe the '454 patent.

22       **ANSWER:**

23       Counterclaim Defendants admit that Elvie alleges that Momcozy's V1 and V2

24  infringe the '454 patents. Counterclaim Defendants deny that there is any such infringement.

25

26

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1

**The Parties**

2          6.      Elvie is a company incorporated under the laws of England and Wales and

3    located at 63-66 Hatton Garden, Second Floor, London, EC1N 8LE, United Kingdom.

4          **ANSWER:**

5          Momcozy admits that Elvie is a corporation organized and existing under the laws of

6    the United Kingdom with its principal place of business at 63-66 Hatton Garden, EC1N 8LE,

7    London, United Kingdom.  Momcozy lacks information sufficient to support a belief as to

8    the allegations of this paragraph and therefore denies the same.

9          7.      On information and belief, Shenzhen Root Technology Co., Ltd. ("Shenzhen

10   Root") is a company formed in China with the address 2F2-201 Shenzhou Computer

11   Building, Curie Madame Avenue, Longgang District, Shenzhen, China. On information and

12   belief, Shenzhen Root is managed by Pan Silin as the General Manager and Executive

13   Director and Pan Zhenxiang as the supervisor. Shenzhen Root is assigned the United Social

14   Credit Code ("USCC") of 91440300MA5FX6EH4G.

15         **ANSWER:**

16         Counterclaim Defendants admit the allegations of paragraph 7 of the counterclaims.

17         8.      On information and belief, Hong Kong Lute Technology Co., Limited

18   ("Hong Kong Lute") is a foreign corporation that is registered in the state of Colorado under

19   the address 18121 E Hampden Ave, Unit C, #1007, Aurora, CO 80013. On information and

20   belief, Pan Silin is listed as the sole Officer of Hong Kong Lute. Hong Kong Lute is formed

21   under the laws of Hong Kong and has its principal place of business at Room 02, 21F Shek

22   Kwan Commercial Building, 38 Bi Street, Yau Ma Tei, Kowloon, Hong Kong. Hong Kong

23   Lute is assigned the company code of 3069869.

24         **ANSWER:**

25         Counterclaim Defendants admit that Hong Kong Lute is a foreign corporation

26   organized under the laws of Hong Kong and has its principal place of business at Room 02,

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

21F Shek Kwan Commercial Building, 38 Bi Street, Yau Ma Tei, Kowloon, Hong Kong. Its Chief Executive Officer/Executive Director is Pan Junyu and it is assigned the company code of 3069869.  Counterclaim Defendants deny the remaining allegations of paragraph 8 of the counterclaims.

9.      As Plaintiffs have admitted, Shenzhen Root is a parent of Hong Kong Lute. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 2.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root is a parent of Hong Kong Lute.

10.     As Plaintiffs have admitted, Hong Kong Lute is a subsidiary of Shenzhen Root. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 2.

**ANSWER:**

Counterclaim Defendants admit that Hong Kong Lute is a subsidiary of Shenzhen Root.

11.     On information and belief, Shenzhen Conglin E-Commerce Co., Ltd. ("Shenzhen Conglin") is a company formed in China with the address 401D81, Leizhen Building, No. 40, Fuming Road, Futian District, Shenzhen, China. Shenzhen Conglin is managed by Gong Shaocong and Duan Shuyu. On information and belief, Shenzhen Conglin is assigned the USCC of 91440300MA5H3EYN0R.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Conglin E-Commerce Co., Ltd. is organized under the laws of the People's Republic of China and has its principal place of business at 21F, Jinzhonghuan International Business Building, No. 3037, Jintian Road, Fu'an Community, Futian Street, Futian District, Shenzhen, China. Its legal representative (executive director) is Gong Shaocong and its Unified Social Credit Code (USCC) is

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 5

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    91440300MA5H3EYN0R. Counterclaim Defendants deny the remaining allegations of this

2    paragraph.

3         12.    As Plaintiffs have admitted, Shenzhen Root is a parent of Shenzhen Conglin,

4    which is owned in trust for the benefit of and is controlled by Shenzhen Root. *See* Plaintiffs'

5    August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 2.

6         **ANSWER:**

7         Counterclaim Defendants admit that Shenzhen Root is a parent of Shenzhen Conglin,

8    which is owned in trust for the benefit of, and is controlled by, Shenzhen Root.

9         13.    As Plaintiffs have admitted, Shenzhen Conglin is a subsidiary of, is owned in

10    trust for the benefit of, and is controlled by Shenzhen Root. *See* Plaintiffs' August 7, 2023

11    Responses to Defendant's First Set of Interrogatories, Interrogatory No. 2.

12         **ANSWER:**

13         Counterclaim Defendants admit that Shenzhen Conglin is a subsidiary of, is owned

14    in trust for the benefit of, and is controlled by Shenzhen Root.

15         14.    On information and belief, Shenzhen TPH Technology Co., Ltd. ("Shenzhen

16    TPH") is a company formed in China with the address 2F, Building 29, Lianchuang

17    Technology Park II, Longgang District, Shenzhen, China. On information and belief,

18    Shenzhen TPH is managed by Zianzi Chen and Yanhong Cai. According to Shenzhen E-

19    Commerce and Hong Kong Dian Ying Industry Co. Ltd, Shenzhen TPH is responsible for

20    the manufacture and sale to Shenzhen E-Commerce and Hong Kong Dian Ying Industry Co.

21    Ltd of at least the S9, S12, and M1 breast pumps. On information and belief, Shenzhen TPH

22    is assigned the USCC of 914403003352154174.

23         **ANSWER:**

24         Counterclaim Defendants admit that Shenzhen TPH is responsible for the

25    manufacture and sale to Hong Kong Dian Ying Industry Co. Ltd of the S9, S12, and M1

26    breast pumps.  Counterclaim Defendants lack information sufficient to support a belief as to

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

the remaining allegations of this paragraph and therefore deny the same.

15.     On information and belief, Shenzhen Root E-Commerce Co., Ltd. ("Shenzhen E-Commerce") is a company formed in China with the address 2F2-208 Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China. On information and belief, Shenzhen E-Commerce recently changed its name to Shenzhen Yuyou Technology Co., Ltd. On information and belief, Shenzhen E-Commerce is managed by Yongge Zheng and Geyu Zheng. On information and belief, Yongge Zhen is the sole shareholder of Shenzhen Conglin. On information and belief, Shenzhen E-Commerce is assigned the USCC of 91440300359646166T.

**ANSWER:**

Counterclaim Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore deny the same.

16.     On information and belief, Shenzhen Lutejiacheng Technology Co., Ltd. ("Lutejiacheng") is a company formed in China with the address 2F2-201 Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China. On information and belief, Lutejiacheng also goes by the name "Shenzhen Lutejiacheng Technology Co., Ltd." On information and belief, Lutejiacheng is managed by Pan Silin and Pan Zhenxiang. On information and belief, Lutejiacheng is assigned the USCC of 91440300MA5FX6EH4G.

**ANSWER:**

Momcozy admits the allegations of paragraph 16. Lutejiacheng and Shenzhen Root are the same company, with the latter being the English name of the former. "Shenzhen Lutejiacheng Technology Co., Ltd." is a former name of Lutejiacheng. At the end of September 2023, Lutejiacheng changed its name to Shenzhen Lute Innovation Technology Co., Ltd.

17.     On information and belief, Shenzhen Jinruihang Technology Co., Ltd.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1  ("Jinruihang") is a company formed in China with the address Room 204, Building 59, Vanke

2  Donghai'an, No. 216 Huanbi Road, Donghai'an, No. 216 Huanbi Road, Donghai'an

3  Community, Meisha Street, Yantian District, Shenzhen, China. On information and belief,

4  Jinruihang is assigned the USCC of 91440300MA5GKP331A.

5  **ANSWER:**

6  Momcozy admits the allegations of paragraph 17.

7  18.    On information and belief, Shenzhen Xitao Network Technology Co., Ltd.

8  ("Xitao") is a company formed in China with the address 2F2-209, Shenzhou Computer

9  Building, Curie Madame Avenue, Longgang District, Shenzhen, China. On information and

10  belief, Xitao is managed by Pan Zhenxiang. On information and belief, Xitao is assigned the

11  USCC of 91440300MA5DCDL377.

12  **ANSWER:**

13  Momcozy admits the allegations of paragraph 18.

14  19.    As Plaintiffs have admitted, Shenzhen Root is a parent of Jinruihang. See

15  Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories,

16  Interrogatory No. 2.

17  **ANSWER:**

18  Momcozy admits the allegations of paragraph 19.

19  20.    As Plaintiffs have admitted, Jinruihang is a subsidiary of Shenzhen Root. See

20  Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories,

21  Interrogatory No. 2.

22  **ANSWER:**

23  Momcozy admits the allegations of paragraph 20.

24  21.    As Plaintiffs have admitted, all shares of Jinruihang are owned by Tao Jin on

25  behalf of and for the benefit of Shenzhen Root. See Plaintiffs' August 7, 2023 Responses to

26  Defendant's First Set of Interrogatories, Interrogatory No. 2.

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 8

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    **ANSWER:**

2    Momcozy admits the allegations of paragraph 21.

3    22.    On information and belief, Elvie is aware of two other entities, Hong Kong

4    Dian Ying Industry Co., Ltd. and Smartlin, that may be entities separate from the

5    Counterclaim Defendants and involved in the offer for sale, sale, and/or importation of the

6    Accused Products.

7    **ANSWER:**

8    Counterclaim Defendants admit that Smartlin is an Amazon storefront's name, whose

9    registered owner is plaintiff Shenzhen Conglin E-commerce Co., Ltd. and that Hong Kong

10   Dian Ying Industry Co., Ltd. is an independent Hong Kong company involved in the

11   importation of the accused S9, S12 and M1 products in the capacity of Shenzhen Root's agent

12   before July 2021. Counterclaim Defendants deny the remaining allegations of paragraph 22.

13   <u>**Jurisdiction and Venue**</u>

14   23.    This is an action for patent infringement under 35 U.S.C. § 271 and breach of

15   contract claims under Washington common law.

16   **ANSWER:**

17   Counterclaim Defendants admit that Counterclaim Plaintiff purports to assert an

18   action for patent infringement under 35 U.S.C. § 271 and breach of contract claims under

19   Washington common law.   Counterclaim Defendants deny that there has been any

20   infringement or breach of contract.

21   24.    This Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271 for

22   Elvie's claims of patent infringement arising under federal law. This Court has supplemental

23   jurisdiction of Elvie's breach of contract claim pursuant to 28 U.S.C. § 1367, because such

24   claims arise from the same set of operative facts and are so related to the claim arising from

25   Elvie's claim of patent infringement. The Court's exercise of supplemental jurisdiction would

26

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1  promote judicial economy, convenience, fairness, and avert the risk of inconsistent

2  adjudications of the same issues of law and fact.

3      **ANSWER:**

4      Counterclaim Defendants admit that this Court has subject matter jurisdiction

5  pursuant to 35 U.S.C. § 271 for Elvie's claims of patent infringement arising under federal

6  law. Counterclaim Defendants lack information sufficient to support a belief as to the

7  remaining allegations of this paragraph and therefore deny the same.

8      25.    On information and belief, Shenzhen Root, Hong Kong Lute, Shenzhen

9  Conglin, Jinruixing, Jinruihang, Xitao and Shenzhen E-Commerce operate in the United

10  States to sell the Accused Products through the brand name "Momcozy" and are related to

11  the entities that represented Momcozy in the APEX Proceeding.

12      **ANSWER:**

13      Counterclaim Defendants admit that Hong Kong Root, Shenzhen Conglin, and

14  Jinruihang operate in the United States and are related to the entities that represented

15  Momcozy in the APEX Proceeding. Counterclaim Defendants admit that Shenzhen Root sells

16  the S12 Pro, S9 Pro, M1, M5, V1 and V2 products through Shenzhen Conglin under the brand

17  name "Momcozy." Hong Kong Root sells the S12, S12 Pro, S9, S9 Pro, M1, M5, V1 and V2

18  products on Amazon.com under the brand name "Momcozy." Jingruihang previously sold

19  the S12, S12 Pro, S9, and S9 Pro products under the brand name "Momcozy." Shenzhen

20  Congling previously sold the S12, S9 products on Amazon.com under the brand name

21  "Momcozy". In addition, Counterclaim Defendants admit that Xitao sells the S12, S12 Pro,

22  S9, S9 Pro, M1 and M5 products through Alibaba under the brand name "Momcozy."

23  Counterclaim Defendants deny the remaining allegations of this paragraph.

24

25

26



**A.     This Court has Personal Jurisdiction Over Shenzhen Root, Hong Kong Lute, and Shenzhen Conglin**

26.     Counterclaim Defendants Shenzhen Root, Hong Kong Lute, and Shenzhen Conglin have availed themselves of this forum in this action and are therefore subject to personal jurisdiction in this district. *See* Dkt #54.

**ANSWER:**

Counterclaim Defendants admit that, solely for purposes of this action, Shenzhen Root, Hong Kong Lute, and Shenzhen Conglin are subject to personal jurisdiction in this district. Counterclaim Defendants deny the remaining allegations of this paragraph.

27.     On information and belief, Shenzhen Root, Hong Kong Lute, and Shenzhen Conglin sell the Accused Devices in the United States under the tradename "Momcozy." *See* Dkt. # 29 at p. 33; Dkt. # 39 ¶¶ 5, 10.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root, Hong Kong Lute sell the Accused Products in the United States under the tradename "Momcozy," and Shenzhen Conglin sell the S12 Pro, S9 Pro, M1, M5, V1 and V2 products in the United States under the tradename "Momcozy." In addition, Counterclaim Defendants admit that Shenzhen Conglin previously sold the S12 and S9 products in the United States under the tradename "Momcozy."

28.     On information and belief, Shenzhen Root is an entity responsible for importing, offering for sale, and selling the Accused Products in the United States. *See* Dkt. # 39 ¶ 2.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root is an entity responsible for importing, offering for sale, and selling the Accused Products in the United States.

29.     On information and belief, Shenzhen Root sells the Accused Products online, including at momcozy.com and Amazon.com. *See* Dkt. # 39 ¶¶ 7, 10.



1

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root sells the Accused Products online, including at momcozy.com. Shenzhen Conglin and Hong Kong Root are both involved in the Amazon business concerning the Accused Products. In addition, Jinruihang previously sold certain of the Accused Products via Amazon.com. Counterclaim Defendants deny the remaining allegations of this paragraph.

30.    As Plaintiffs have admitted, Shenzhen Root is responsible for the design, development, operation, manufacture, testing, marketing, distribution, sale, and importation into the United States of at least the S12 Pro products imported into the United States, either directly or through its subsidiaries. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 1.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen Root is responsible for the design, development, operation, manufacture, testing, marketing, distribution, sale, and importation into the United States of the S12 Pro products imported into the United States, either directly or through its subsidiaries. Counterclaim Defendants deny the remaining allegations of this paragraph.

31.    On information and belief, Hong Kong Lute is an entity responsible for importing, offering for sale, and selling the Accused Products in the United States. *See* Dkt. # 29 at 33.

**ANSWER:**

Counterclaim Defendants admit that Hong Kong Lute is an entity responsible for offering for sale and selling the Accused Products in the United States. Counterclaim Defendants deny the remaining allegations of this paragraph.

32.    On information and belief, Hong Kong Lute sells the Accused Products online, including at momcozy.com and Amazon.com. *See* Dkt. # 29 at 33.



**ANSWER:**

Counterclaim Defendants admit that Hong Kong Lute sells the Accused Products at momcozy.com and Amazon.com.

33.    By May 17, 2022, Hong Kong Lute, along with Shenzhen Lute Jiacheng Technology Co., Ltd., was listed on Momcozy.com as the entities behind Momcozy. See Dkt. # 29 at 33. On information and belief, the listed Shenzhen Lute Jiacheng Technology Co., Ltd. is the same entity as Shenzhen Lutejiacheng Technology Co., Ltd. ("Lutejiacheng"). See Dkt. #39, ¶¶ 2–3.

**ANSWER:**

Counterclaim Defendants admit the allegations of this paragraph.

34.    As Plaintiffs have admitted, Hong Kong Lute participated in the distribution and importation into the United States of the S12 Pro products. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 1.

**ANSWER:**

Counterclaim Defendants admit that Hong Kong Lute participated in the distribution and importation into the United States of the S12 Pro products.

35.    As Plaintiffs have admitted, Hong Kong Lute took possession of the S12 Pro products, including in Hong Kong, and caused those products to be imported into the United States. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 1.

**ANSWER:**

Counterclaim Defendants admit that Hong Kong Lute took possession of the S12 Pro products in Hong Kong, and caused those products to be imported into the United States.

36.    On information and belief, Shenzhen Conglin is an entity responsible for importing, offering for sale, and selling the Accused Products in the United States. *See* Dkt. # 39 ¶ 10.

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 13



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1      **ANSWER:**

2      Counterclaim Defendants admit that Shenzhen Conglin is the entity that is the

3 Amazon Store Smartlin's registered owner, which is under the control of Shenzhen Root for

4 offering for sale, and selling the Accused S12, S12 Pro, S9, S9 Pro, M1, M5, V1 and V2

5 products in the United States.  Counterclaim Defendants deny the remaining allegations of

6 this paragraph.

7      37.     On information and belief, Shenzhen Conglin sells the Accused Products

8 online, including at momcozy.com and Amazon.com. *See* Dkt. # 39 ¶ 10.

9      **ANSWER:**

10      Counterclaim Defendants admit that Shenzhen Conglin sells the accused S12, S12

11 Pro, S9, S9 Pro, M1, M5, V1 and V2 products on Amazon.com. Counterclaim Defendants

12 deny the remaining allegations of this paragraph.

13      38.     As Plaintiffs have admitted, Shenzhen Conglin was involved in the

14 distribution, marketing, and sales of S12 Pro products, including sales of those products in

15 the United States via Amazon.com after importation into the United States. *See* Plaintiffs'

16 August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 1.

17      **ANSWER:**

18      Counterclaim Defendants admit that Shenzhen Conglin was involved in the

19 distribution, marketing, and sales of S12 Pro products, including sales of those products in

20 the United States via Amazon.com after importation into the United States.

21      39.     As Plaintiffs have admitted, Shenzhen Conglin marketed and sold the S12 Pro

22 products via listings with Amazon.com. *See* Plaintiffs' August 7, 2023 Responses to

23 Defendant's First Set of Interrogatories, Interrogatory No. 1.

24      **ANSWER:**

25      Counterclaim Defendants admit that Shenzhen Conglin marketed and sold the S12

26 Pro products via listings with Amazon.com.



40.     Therefore, this Court has personal jurisdiction over Shenzhen Root, Hong Kong Lute, and Shenzhen Conglin.

**ANSWER:**

Counterclaim Defendants, solely for purposes of this action, admit that this Court has personal jurisdiction over Shenzhen Root, Hong Kong Lute, and Shenzhen Conglin.

**B.      This Court has Personal Jurisdiction Over Shenzhen TPH**

41.     On information and belief, based at least upon correspondence received from Plaintiffs' counsel, Shenzhen TPH is the manufacturer of the S9, and S12 breast pumps on behalf of Momcozy. Dkt. # 29 at 170-71; Ex. 1, FDA Website.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen TPH is the manufacturer of the S9 and S12 breast pumps for Momcozy.  Counterclaim Defendants lack information sufficient to form a belief as to the remaining allegations of this paragraph. Counterclaim Defendants deny the remaining allegations of this paragraph.

42.     On information and belief based at least upon correspondence received from Plaintiffs' counsel, Shenzhen TPH has indemnified Shenzhen Root E-Commerce Co., Ltd. and Hong Kong Dian Ying Industry Co. Ltd. for any patent infringement of at least the S9, S12, and M1 breast pumps. Dkt. #29 at 170-71.

**ANSWER:**

Counterclaim Defendants admit that Shenzhen TPH warrants that the S9, S12, and M1 breast pumps do not infringe any intellectual property rights of Elvie including the '893 patent.  Counterclaim Defendants deny the remaining allegations of this paragraph and specifically deny that they have committed or are committing any act of patent infringement.

43.     On information and belief, Shenzhen TPH knowingly manufactured and sold at least the S9, S12, and M1 breast pumps to the entity called "Momcozy," or entities working

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1  on behalf of "Momcozy," knowing that they would be imported into and sold in the United

2  States, including the State of Washington.

3      **ANSWER:**

4      Counterclaim Defendants admit that Shenzhen TPH knowingly manufactured and

5  sold the S9, S12, and M1 breast pumps to the entity called "Momcozy," or entities working

6  on behalf of "Momcozy," knowing that they would be imported into and sold in the United

7  States, including the State of Washington. Counterclaim Defendants deny the remaining

8  allegations of this paragraph.

9      44.    On information and belief, Shenzhen TPH manufactures and sells to

10  Counterclaim Defendants at least the S9, S12, and M1 breast pumps, knowing that the

11  products will be imported into and sold in the United States.[1]

12      **ANSWER:**

13      Counterclaim Defendants admit that Shenzhen TPH manufactured and sold to

14  Counterclaim-Defendants the S9, S12, and M1 breast pumps, knowing that the products will

15  be imported into and sold in the United States. As to footnote no. 1, Counterclaim Defendants

16  admit that the S12 Pro product is not manufactured by Shenzhen TPH. Counterclaim

17  Defendants deny the remaining allegations of this paragraph.

18      45.    On information and belief, Shenzhen TPH has indemnified Plaintiffs for

19  charges of patent infringement against at least the S9, S12, and M1 breast pumps. Dkt. # 29

20  at p. 170.

21      **ANSWER:**

22      Counterclaim Defendants contend that Shenzhen TPH should be indemnifying

23  Counterclaim Defendants fully in this case as to the S9, S12, and M1 breast pumps.

24  Counterclaim Defendants deny each and every remaining allegation in Paragraph 45, and

25  

26  _____

[1] According to Pan Silin's declaration, the S12 Pro is not manufactured by Shenzhen TPH. *See* Dkt. # 35 at p. 5. Elvie has propounded discovery regarding the correct identity of the manufacturer of each of the Accused Products.

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 16



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    specifically deny that they have committed or are committing any act of patent infringement.

2        46.    On information and belief, Shenzhen TPH is aware of Elvie's patents. *See*

3    Dkt. 29 at p. 170-71.

4        **ANSWER:**

5        Counterclaim Defendants admit that Counterclaim Defendants notified Shenzhen

6    TPH about Elvie's '893 patent after receiving Elvie's Cease and Desist Letter on or around

7    June 22, 2022. Counterclaim Defendants lack sufficient information to form a belief as to the

8    remaining allegations of paragraph 46 and therefore deny the same.

9        47.    On information and belief, Shenzhen TPH has informed Plaintiffs that the

10   products it manufactures do not infringe any intellectual property, including Elvie's patents.

11   *See* Dkt. #29 at p. 170-71.

12       **ANSWER:**

13       Counterclaim Defendants admit the allegations of paragraph 47.

14       48.    Therefore, this Court has personal jurisdiction over Shenzhen TPH.

15       **ANSWER:**

16       Counterclaim Defendants lack sufficient information to form a belief as to the

17   allegations of paragraph 48 and therefore deny the same.

18   **C.    This Court has Personal Jurisdiction Over Shenzhen E-Commerce**

19       49.    On information and belief, Shenzhen E-Commerce sells the Accused Devices

20   in the United States under the tradename "Momcozy." *See, e.g.*, Dkt. # 29 at 27, 32.

21       **ANSWER:**

22       Counterclaim Defendants lack information sufficient to support a belief as to the

23   allegations of this paragraph.

24       50.    On information and belief, Shenzhen E-Commerce is an entity offering for

25   sale and selling Momcozy products, including the Accused Products, in the United States

26   through, at least, its online website, momcozy.com. *See* Dkt. # 29 at 27, 32.

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 17

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1

2    **ANSWER:**

Counterclaim Defendants lack information sufficient to form a belief as to the

3    allegations of this paragraph.

4    51.    By at least November 29, 2020, Shenzhen E-Commerce was listed on

5    Momcozy.com as the entity behind Momcozy. *See* Dkt. # 29 at 27, 32.

6    **ANSWER:**

7    Counterclaim Defendants admit that the former English name of Shenzhen Root

8    Technology Co., Ltd., which is Shenzhen Root E-Commerce Co., Ltd, was listed on

9    Momcozy.com. Counterclaim Defendants deny the remaining allegations of this paragraph.

10    52.    By at least March 3, 2022, Shenzhen E-Commerce and Hong Kong Dian Ying

11    Industry Co., Limited were listed on Momcozy.com as the entities behind Momcozy. See

12    Dkt. # 29 at 32.

13    **ANSWER:**

14    Counterclaim Defendants admit that by March 3, 2022, the former English name of

15    Shenzhen Root Technology Co., Ltd., which is Shenzhen Root E-Commerce Co., Ltd, and

16    Hong Kong Dian Ying Industry Co., Limited were listed on Momcozy.com. Counterclaim

17    Defendants deny the remaining allegations of this paragraph.

18    53.    Therefore, this Court has personal jurisdiction over Shenzhen E-Commerce.

19    **ANSWER:**

20    Counterclaim Defendants lack information sufficient to form a belief as to the

21    allegations of Paragraph 58 and therefore deny the same.

22    **D.    This Court has Personal Jurisdiction Over Lutejiacheng**

23    54.    On information and belief, Lutejiacheng sells the Accused Devices in the

24    United States under the tradename "Momcozy." *See* Ex. 22, FDA Lutejiacheng Registration.

25    **ANSWER:**

26    Counterclaim Defendants admit that Lutejiacheng sells the Accused Products in the



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1   United States under the tradename "Momcozy."

2       55.    On information and belief, Lutejiacheng is an entity involved in the sale and

3   importation of the Accused Products into the United States.

4       **ANSWER:**

5       Counterclaim Defendants admit that Lutejiacheng is an entity involved in the sale and

6   importation of the Accused Products into the United States.

7       56.    By May 17, 2022, Shenzhen Lute Jiacheng Technology Co., Ltd., along with

8   Hong Kong Lute, was listed on Momcozy.com as the entities behind Momcozy. *See* Dkt. #

9   29 at 33. On information and belief, the listed Shenzhen Lute Jiacheng Technology Co., Ltd

10  is the same entity as Shenzhen Lutejiacheng Technology Co., Ltd. ("Lutejiacheng").

11      **ANSWER:**

12      Counterclaim Defendants admit that by May 17, 2022, Shenzhen Lute Jiacheng

13  Technology Co., Ltd., along with Hong Kong Lute, were listed on Momcozy.com and the

14  listed Shenzhen Lute Jiacheng Technology Co., Ltd is the same entity as Shenzhen

15  Lutejiacheng Technology Co., Ltd.

16      57.    On information and belief, Lutejiacheng is managed by Pan Silin, the alleged

17  sole founder and CEO of Shenzhen Root Technology Co., Ltd. Dkt. #19, ¶ 1.

18      **ANSWER:**

19      Counterclaim Defendants admit that Lutejiacheng is managed by Pan Silin, the

20  founder and CEO of Shenzhen Root Technology Co., Ltd.  Counterclaim Defendants deny

21  the remaining allegations of Paragraph 57.

22      58.    On information and belief, Momcozy's U.S. trademark registration for the

23  mark "Momcozy" was registered under Lutejiacheng's name. *See* Dkt. #35 at ¶ 8 and Ex. 29

24  at 1.

25      **ANSWER:**

26      Counterclaim Defendants admit that Momcozy's U.S. trademark registration for the

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 19

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

mark "Momcozy" was registered under Lutejiacheng's name.

59.    On information and belief, Lutejiacheng registered the Accused Products with the FDA in order to sell the Accused Products within the United States. *See* Exhibit 22, FDA Lutejiacheng Registration. On information and belief, Lutejiacheng offers for sale, sells, and/or imports the Accused Products in the United States.

**ANSWER:**

Counterclaim Defendants admit that Lutejiacheng registered the Accused Products with the FDA in order to sell the Accused Products within the United States and Lutejiacheng offers for sale, sells, and/or imports the Accused Products in the United States.

60.    On information and belief, Lutejiacheng made the Accused Products available for sale in the United States with knowledge that the Accused Products infringed Elvie's patents. *See* Dkt. #22, ¶ 12.

**ANSWER:**

Counterclaim Defendants deny that Lutejiacheng made the Accused Products available for sale in the United States with knowledge that the Accused Products infringed Elvie's patents.  Counterclaim Defendants specifically deny that they have committed or are committing any act of patent infringement.

61.    On information and belief, Lutejiacheng has made the devices available for purchase in the United States by registering the device with FDA in the United States.

**ANSWER:**

Counterclaim Defendants admit the allegations of paragraph 61.

62.    Therefore, this Court has personal jurisdiction over Lutejiacheng.

**ANSWER:**

Counterclaim Defendants admit, solely for purposes of this action, that this Court has personal jurisdiction over Lutejiacheng.

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 20

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**E.    This Court has Personal Jurisdiction Over Jinruihang**

63.    On information and belief, Jinruihang is a subsidiary of Shenzhen Root.

**ANSWER:**

Counterclaim Defendants admit Jinruihang is a subsidiary of Shenzhen Root.

64.    As Plaintiffs have admitted, Jinruihang is a post-importation distributor through Amazon.com of the S12 Pro products. *See* Plaintiffs' August 7, 2023 Responses to Defendant's First Set of Interrogatories, Interrogatory No. 1.

**ANSWER:**

Counterclaim Defendants admit that Jinruihang is a post-importation distributor through Amazon.com of the S12 Pro products.

65.    Based on representations from Plaintiffs' counsel, Elvie understands that Jinruihang is the entity that sells the Momcozy products on Amazon.com through the United States, including this District, under the name "Jinruixingkeji." See Dkt. #39, ¶ 10.

**ANSWER:**

Counterclaim Defendants admit that Jinruihang is the entity that sells the Momcozy products on Amazon.com through the United States, including this District, under the name "Jinruixingkeji."

66.    On information and belief, Jinruihang sells the S12 Pro products throughout the United States, including this District, through online marketplaces such as Amazon.com. See Dkt. #39, ¶ 10.

**ANSWER:**

Counterclaim Defendants admit that Jinruihang sells the S12 Pro products throughout the United States, including this district, through Amazon.com. Counterclaim Defendants deny the remaining allegations of this paragraph.

67.    Therefore, this Court has personal jurisdiction over Jinruihang.

**ANSWER:**



1    Counterclaim Defendants admit, solely for purposes of this action, that this Court has

2    personal jurisdiction over Jinruihang.

3    68.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400, and

4    as a result of Counterclaim Defendants' choice of forum in filing this action.

5    **ANSWER:**

6    Counterclaim Defendants admit, solely for purposes of this action, that venue is

7    proper in this judicial district.  Counterclaim Defendants deny the remaining allegations of

8    this paragraph.

9    **F.    The Court has Personal Jurisdiction Over Xitao**

10    69.    On information and belief, Xitao is an entity offering for sale and selling

11    Momcozy products, including the Accused Products, in the United States, including this

12    District, through, at least, its online website on Alibaba.com.

13    **ANSWER:**

14    Counterclaim Defendants admit that Xitao is an entity offering for sale and selling

15    Momcozy products, including the S12 Pro, S12, S9 Pro, S9, M1, and M5 products within the

16    United States.  Counterclaim Defendants deny the remaining allegations of this paragraph.

17    70.    Plaintiffs have admitted during discovery that Xitao is a post-importation

18    distributor of, at least, the S12 Pro, S12, S9 Pro, S9, M1, and M5 products within the United

19    States.

20    **ANSWER:**

21    Counterclaim Defendants admit that Xitao is a post-importation distributor through

22    Alibaba.com of, at least, the S12 Pro, S12, S9 Pro, S9, M1, and M5 products within the United

23    States.

24    71.    Therefore, this Court has personal jurisdiction over Xitao.

25    **ANSWER:**

26    Counterclaim Defendants admit, solely for purposes of this action, that this Court has

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 22

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    personal jurisdiction over Xitao.

2         72.   Venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400, and as

3    a result of Counterclaim Defendants' choice of forum in filing this action.

4         **ANSWER:**

5         Counterclaim Defendants admit, solely for purposes of this action, that venue is

6    proper in this judicial district.  Counterclaim Defendants deny the remaining allegations of

7    this paragraph.

8                              **Background**

9    **A.    Elvie's Innovations in Women's Health**

10        73.   Elvie was founded in April 2013 by Tania Boler, an internationally recognized

11   women's health expert, with the mission to revolutionize women's healthcare by developing

12   smarter, "female first" technology that improves the health and lives of women.

13        **ANSWER:**

14        Counterclaim Defendants lack information sufficient to support a belief as to the

15   allegations of this paragraph and therefore deny the same.

16        74.   Since 2013, Elvie has innovated, developed and sold products in women's

17   healthcare categories which have been overlooked for many years, including breast pumps

18   and pelvic floor health. The first product to launch, Elvie Trainer, is an award-winning Kegel

19   trainer and app that helps women strengthen the pelvic floor. Its second product, Elvie Pump,

20   is the world's first silent, wearable breast pump. Elvie Pump launched during the 2018

21   London Fashion Week when Valeria Garcia walked the runway while wearing the Elvie

22   Pump.

23        **ANSWER:**

24        Counterclaim Defendants lack information to support a belief as to the allegations of

25   this paragraph and therefore deny the same.

26

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 23

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

75.    Prior to the launch of the Elvie Pump, the breast pump industry had remained largely stagnant for almost half a century, with breast pumps being loud, big, and typically requiring an electrical outlet. Elvie invested substantial time and resources to investigate the issues women faced when using existing breast pumps. With its in-bra, discreet, silent, and wireless design, the Elvie Pump changed the way that mothers can breastfeed to meet the demands of their increasingly busier lives.

**ANSWER:**

Counterclaim Defendants lack information to support a belief as to the allegations of this paragraph and therefore deny the same.

76.    In addition, Elvie Pump allows mothers to control the pump through a phone application. This allows mothers to customize the pump to fit their needs while giving them the freedom to pump whenever and wherever they would like.

**ANSWER:**

Counterclaim Defendants lack information to support a belief as to the allegations of this paragraph and therefore deny the same.

77.    Noted as one of "the biggest innovation[s] in pumping technology of the past 100 years," *See Elvie*, Core77 Design Awards 2019, https://designawards.core77.com/health-wellness/85273/Elvie (last accessed May 10, 2023), Elvie Pump's trailblazing technology includes a coin-sized pump, sleek design, and the ability to run quietly and discreetly.

**ANSWER:**

Counterclaim Defendants admit that the quote "the biggest innovation[s] in pumping technology of the past 100 years," is set out in *Elvie*, Core77 Design Awards 2019, https://designawards.core77.com/health-wellness/85273/Elvie.    Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.



78.    The Elvie Pump has won over 20 awards for its innovation including International Design Awards, Mumsnet Awards, Dezeen Awards, Baby Magazine Awards, The Red Dot Awards and Good Design Awards amongst others. *See* Ex. 3, Achievements at Elvie + Chiaro.

**ANSWER:**

Counterclaim Defendants lack information to support a belief as to the allegations of this paragraph and therefore deny the same.

79.    For example, in 2019, TIME named the Elvie Pump as one of the "Best Inventions of 2019" (Exhibit 4); the Core77 Design Awards named the Elvie Pump as a runner up in the category of Health & Wellness (Exhibit 5); and Dezeen named the Elvie Pump the "Wearable Design of the Year." (Exhibit 6). In 2020, the European Centre awarded the Elvie Pump the 'Good Design Award." (Exhibit 7). Further, in 2022, Forbes named the Elvie Pump the "Best Wearable Breast Pump." (Exhibit 8).

**ANSWER:**

Counterclaim Defendants admit that the Exhibits 4-8 contain the terms quoted in paragraph 79. Counterclaim Defendants lack sufficient information to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

80.    In light of the Elvie Pump's groundbreaking technology and popularity, copycat devices (such as Momcozy's S12 Pro device) began appearing in the marketplace in the past several years. These devices are typically sold at a much lower price point than the Elvie Pump partly because, unlike Elvie, the manufacturers of these devices did not have to invest in extensive research & development, nor do they maintain 'hospital-grade' quality.

**ANSWER:**

Counterclaim Defendants admit that Momcozy's S12 Pro device is present in the marketplace at this time.  Counterclaim Defendants deny each and every remaining allegation of this paragraph, and specifically deny that they have committed or are committing any act

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 25

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    of patent infringement.

2          81.    In order to protect its pioneering technology, Elvie applied for and received

3    numerous patents covering its innovative breast pump design and architecture.

4          **ANSWER:**

5          Counterclaim Defendants admit that Elvie received certain patents. Counterclaim

6    Defendants deny each and every remaining allegation of this paragraph.

7          82.    Elvie began filing patent applications on its design and architecture before

8    Counterclaim Defendants ever sold a single breast pump.

9          **ANSWER:**

10         Counterclaim Defendants admit that at least one patent application on the Elvie breast

11    pump was filed before any Momcozy breast pump was sold in the United States.

12    Counterclaim Defendants lack information sufficient to support a belief as to the remaining

13    allegations of this paragraph and therefore deny the same.

14    **B.    The Asserted Patents**

15         83.    On June 14, 2022, the United States Patent and Trademark Office ("USPTO")

16    duly and lawfully issued U.S. Patent No. 11,357,893 ("the '893 patent"), entitled, "Breast

17    Pump System." A true and correct copy of the '893 patent is attached hereto as Exhibit 23.

18    The '893 patent was exclusively licensed to Elvie, and Elvie possess the exclusive right of

19    recovery for any past, present, or future infringements of the '893 patent, including equitable

20    relief and damages.

21         **ANSWER:**

22         Counterclaim Defendants admit that Exhibit 23 purports to be a copy of United States

23    Patent No. 11,357,893 which is entitled "Breast Pump System" and that this patent was issued

24    on June 14, 2023.  Counterclaim Defendants deny that this patent was duly or lawfully issued.

25    Counterclaim Defendants lack information sufficient to support a belief as to the remaining

26    allegations of this paragraph and therefore deny the same.

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 26

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

84.    The '893 patent claims priority to a number of Great Britain patent applications with priority dates as early as June 15, 2017. The '893 patent issued from U.S. Patent Application No. 17/203,050 (the "'050 application") which was filed on March 16, 2021. The '050 application is a continuation of U.S. Patent Application No. 17/181,057 (the "'057 application"), which was filed on February 22, 2021. The '057 application is a continuation of U.S. Patent Application 16/009,547 (the "'547 application") which was filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011.

**ANSWER:**

Counterclaim Defendants admit that the '893 patent purports to claim priority to certain Great Britain patent applications with priority dates as early as June 15, 2017, and that the '893 patent purports to have issued from U.S. Patent Application No. 17/203,050 (the "'050 application") which purports to have been filed on March 16, 2021. Counterclaim Defendants also admit that the '050 application purports to be a continuation of U.S. Patent Application No. 17/181,057 (the "'057 application"), which purports to have been filed on February 22, 2021, and that the '057 application purports to be a continuation of U.S. Patent Application 16/009,547 (the "'547 application") which purports to have been filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011. Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

85.    On August 16, 2022, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued U.S. Patent No. 11,413,380 (the "'380 patent"), entitled, "Breast Pump System." A true and correct copy of the '380 patent is attached hereto as Exhibit 24. The '380 patent was exclusively licensed to Elvie, and Elvie possess the exclusive right of recovery for any past, present, or future infringements of the '380 patent, including equitable relief and damages.

**ANSWER:**



Counterclaim Defendants admit that Exhibit 24 purports to be a copy of United States Patent No. 11,413,380 which is entitled "Breast Pump System" and that this patent was issued on August 16, 2022.  Counterclaim Defendants deny that this patent was duly or lawfully issued.  Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

86.    The '380 patent claims priority to a number of Great Britain patent applications with priority dates as early as June 15, 2017. The '380 patent issued from U.S. Patent Application No. 17/203,327 (the "'327 application"), which was filed on March 16, 2021. The '327 application is a continuation of U.S. Patent Application No. 17/181,057 (the "'057 application"), which was filed on February 22, 2021. The '057 application is a continuation of U.S. Patent Application No. 16/009,547 (the "'547 application"), which was filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011.

**ANSWER:**

Counterclaim Defendants admit that the '380 patent purports to claim priority to certain Great Britain patent applications with priority dates as early as June 15, 2017, and that the '380 patent purports to be issued from U.S. Patent Application No. 17/203,327 (the "'327 application"), which purports to have been filed on March 16, 2021. Counterclaim Defendants also admit that the '327 application purports to be a continuation of U.S. Patent Application No. 17/181,057 (the "'057 application"), which purports to have been filed on February 22, 2021, and that the '057 application purports to be a continuation of U.S. Patent Application No. 16/009,547 (the "'547 application"), which purports to have been filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011.  Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

87.    On November 14, 2023, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued U.S. Patent No. 11,813,381 (the "'381 patent") entitled

MOMCOZY'S ANSWER TO AMENDED COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND COUNTER-COUNTERCLAIMS No. 2:23-cv-00631-KKE – Page 28

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1  "Breast Pump System." A true and correct copy of the '381 patent is attached hereto as

2  Exhibit 26. The '381 patent was exclusively licensed to Elvie, and Elvie possesses the

3  exclusive right of recovery for any past, present, or future infringements of the '381 patent,

4  including equitable relief and damages.

5  **ANSWER:**

6  Counterclaim Defendants admit that Exhibit 26 purports to be a copy of United States

7  Patent No. 11,813,381 which is entitled "Breast Pump System." Counterclaim Defendants

8  deny that this patent was duly or lawfully issued. Counterclaim Defendants lack information

9  sufficient to support a belief as to the remaining allegations of this paragraph and therefore

10  deny the same.

11  88.    The '381 patent claims priority to a number of Great Britain patent

12  applications with priority dates as early as June 15, 2017. The '381 patent issued from U.S.

13  Patent Application No. 17/203,292 (the "'292 application"), which was filed on July 8, 2021.

14  The '292 application is a continuation of U.S. Patent Application No. 17/181,057 (the "'057

15  application"), which was filed on February 22, 2021. The '057 application is a continuation

16  of U.S. Patent Application No. 16/009,547 (the "'547 application"), which was filed on June

17  15, 2018 and issued as U.S. Patent No. 10,926,011.

18  **ANSWER:**

19  Counterclaim Defendants admit that the '381 patent purports to claim priority to

20  certain Great Britain patent applications with priority dates as early as June 15, 2017, and that

21  the '381 patent purports to be issued from U.S. Patent Application No. 17/203,292 (the "'292

22  application"), which purports to have been filed on July 8, 2021. Counterclaim Defendants

23  also admit that the '292 application purports to be a continuation of U.S. Patent Application

24  No. 17/181,057 (the "'057 application"), which purports to have been filed on June 15, 2018,

25  and issued as U.S. Patent No. 10,926,011. Counterclaim Defendants lack information

26  sufficient to support a belief as to the remaining allegations of this paragraph and therefore



1    deny the same.

2        89.    The '893, '380, and '381 patents' priority date of June 15, 2017, is well before

3    Momcozy first entered the market in 2019. See Dkt #54, ¶ 3.

4        **ANSWER:**

5        Counterclaim Defendants object to the term "well before" as indefinite and therefore

6    lack information sufficient to support a belief as to the allegations of this paragraph and

7    therefore deny the same.

8        90.    On November 7, 2023, the United States Patent and Trademark Office

9    ("USPTO") duly and lawfully issued U.S. Patent No. 11,806,454 (the "'454 patent") entitled

10   "Wearable Breast Pump System." A true and correct copy of the '454 patent is attached hereto

11   as Exhibit 25. The '454 patent was exclusively licensed to Elvie, and Elvie possesses the

12   exclusive right of recovery for any past, present, or future infringements of the '454 patent,

13   including equitable relief and damages.

14       **ANSWER:**

15       Counterclaim Defendants admit that Exhibit 25 purports to be a copy of United States

16   Patent No.11,806,454 which is entitled "Breast Pump System" and that this patent was issued

17   on November 7, 2023.  Counterclaim Defendants deny that this patent was duly or lawfully

18   issued.  Counterclaim Defendants lack information sufficient to support a belief as to the

19   remaining allegations of this paragraph and therefore deny the same.

20       91.    The '454 patent claims priority to Great Britain patent application number

21   2004395 with a priority date as early as March 26, 2020. The '454 patent issued from U.S.

22   Patent Application No. 18/148,864 (the "'864 application"), which was filed on May 25,

23   2023. The '454 application is a continuation of U.S. Patent Application No. 17/907,347 (the

24   "'347 application"), which was filed on March 25, 2021.

25       **ANSWER:**

26       Counterclaim Defendants admit that the '454 patent purports to claim priority to

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 30

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

certain Great Britain patent applications with priority dates as early as March 26, 2020, and that the '454 patent purports to be issued from U.S. Patent Application No. 18/148,864 (the "'864 application"), which purports to have been filed on May 25, 2023. Counterclaim Defendants also admit that the '454 application purports to be a continuation of U.S. Patent Application No. 17/907,347 (the "'347 application") which purports to have been filed on March 25, 2021. Counterclaim Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

92.    The '454 patent's priority date of March 26, 2020 is well before Momcozy first sold the V1 and V2 products in the United States.

**ANSWER:**

Counterclaim Defendants object to the term "well before" as indefinite and therefore lack information sufficient to support a belief as to the allegations of this paragraph and therefore deny the same.

**C.    Momcozy's Unlawful Conduct**

**1.    The Accused Products**

93.    Seeing the success that Elvie achieved through its wearable breast pump inventions, Counterclaim Defendants began manufacturing, importing, and selling the Accused Products, which copy Elvie's architecture. Counterclaim Defendants make, use, sell, and offer for sale these breast pumps under the "Momcozy" name, including the S9, S9 Pro, S12, S12 Pro, M1, M5, V1 and V2 models.[2]

**ANSWER:**

Counterclaim Defendants admit they began manufacturing, importing, and selling the Accused Products under the "Momcozy" name, including the S9, S9 Pro, S12, S12 Pro, M1, M5, V1 and V2 models.  Counterclaim Defendants deny the remaining allegations of this

---

[2] To the extent Momcozy introduces additional products, Elvie reserves the right to obtain discovery on those products and further identify them as Accused Products. For example, Momcozy's website references an S10 product, but it is not currently available for purchase.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    paragraph.  As to footnote no. 2, Counterclaim Defendants reserve their rights with respect

2    to any attempted addition of new products to this litigation.

3        94.    Counterclaim Defendants sell the Accused Products through online

4    marketplaces, such as Amazon.com, Walmart.com, and on the Momcozy website. In part

5    because Counterclaim Defendants merely copied Elvie's architecture and did not—and do

6    not—invest the time and resources to develop an innovative product that Elvie did and

7    continues to do, Counterclaim Defendants are able to make and sell the Accused Products at

8    a much lower price point than Elvie.

9        **ANSWER:**

10       Counterclaim Defendants admit that the Accused Products are sold through online

11   marketplaces, such as Amazon.com, Walmart.com, and on the Momcozy website and that

12   certain of the Accused Products are sold at relatively lower price points than certain of Elvie's

13   products. Counterclaim Defendants deny the remaining allegations of this paragraph.

14       95.    Owing to their late entry into the marketplace using Elvie's by-then-known

15   architecture, the Accused Products have not garnered the industry praise that Elvie's products

16   did years before. Instead, Counterclaim Defendants tout their Amazon buyer reviews that,

17   not surprisingly, focus merely on Momcozy's relatively lower prices.[3]

18       **ANSWER:**

19       Counterclaim Defendants admit that the Accused Products are sold at relatively lower

20   prices than Counterclaim Plaintiff's products.  Counterclaim Defendants deny the remaining

21   allegations of this paragraph.  As to footnote no. 3, Counterclaim Defendants lack information

22   sufficient to form a belief as to whether Amazon buyer reviews are easily manipulated and

23   therefore deny the same.

24

25   _____

26   [3] It is also well known that Amazon buyer reviews are easily manipulated. *See, e.g.*,
     https://www.bloomberg.com/news/articles/2021-08-18/amazon-amzn-cracks-down-on-fake-reviews-
     hitting-chinese-retailers#xj4y7vzkg; https://www.wsj.com/articles/how-scammers-in-china-
     manipulate-amazon-11545044402.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

96.     Forced to address Momcozy's copying, in June 2022, Elvie attempted to resolve the issue without Court action by sending a cease and desist letter to the entities, "Shenzhen Root E-Commerce Co., Ltd." and "Hong Kong Dian Ying Industry Co., Ltd." regarding Momcozy's sales of the S9, S12, and M1 Breast Pumps, that infringed upon Elvie's Patents, including the '893 patent. *See* Dkt. #1, Ex. 2 at p. 2-3. These entities were listed on the Momcozy website's "Contact Us" page with their respective address. Elvie included copies of its patents in the letter. *See id.*

**ANSWER:**

Counterclaim Defendants admit that Elvie sent a cease and desist letter to the entities, "Shenzhen Root E-Commerce Co., Ltd." and "Hong Kong Dian Ying Industry Co., Ltd." regarding Momcozy's sales of the S9, S12, and M1 Breast Pumps, alleging that they infringed upon Elvie's '893 patent. Counterclaim Defendants admit that these entities were listed on the Momcozy website's "Contact Us" page with their respective addresses and that Elvie included what purported to be copies of its patents with the letter.  Counterclaim Defendants deny the remaining allegations of this paragraph.

97.     In response to Elvie's letter, the entities informed Elvie that "Shenzhen TPH Technology Co., Ltd." was the alleged manufacturer of the Accused Products and that the entity "had warranted and guaranteed that it has complete intellectual property rights for those products, which do not infringe any intellectual property rights of others, including the '893 patent." *See* Dkt. #29 at p. 170. Momcozy continued to sell its Accused Products.

**ANSWER:**

Counterclaim Defendants admit that "Shenzhen TPH Technology Co., Ltd." was the manufacturer of certain of the Accused Products and that the entity "had warranted and guaranteed that it has complete intellectual property rights for those products, which do not infringe any intellectual property rights of others, including the '893 patent." Counterclaim Defendants admit that Momcozy continued to sell its Accused Products. Counterclaim

1    Defendants deny the remaining allegations of this paragraph.

2        **2.    The APEX Proceeding**

3        98.    Elvie sought relief from Amazon itself and, on January 30, 2023, Elvie

4    received notice that its request to participate in the Amazon APEX proceeding as to

5    Momcozy's S12 and S12 Pro devices infringing the '893 patent had been accepted. *See* Dkt.

6    #29, Ex. 20.

7        **ANSWER:**

8        Counterclaim Defendants admit that Elvie sought to commence an Amazon APEX

9    proceeding as to whether Momcozy's S12 and S12 Pro devices infringed the '893 patent.

10   Counterclaim Defendants lack information sufficient to support a belief as to the remaining

11   allegations of this paragraph and therefore deny the same.

12       99.    Two different entities responded as the "Seller" on behalf of Momcozy,

13   "Smartlin" and "Jinruixingkeji," and agreed to participate in the APEX Proceeding. *See* Dkt.

14   #53-7. The person signing on behalf of the Seller was Tao Jin. *See id.* Gong Shaocong

15   likewise signed on behalf of Smartlin. Dkt. #53 at p. 4.

16       **ANSWER:**

17       Counterclaim Defendants admit that "Smartlin" and "Jinruixingkeji" agreed to

18   participate in the APEX Proceeding, and that the person signing on behalf of the Seller was

19   Tao Jin, and that Gong Shaocong likewise signed on behalf of Smartlin.

20       100.    As a part of the APEX Proceeding, each party had to sign an Agreement (the

21   "APEX Agreement" detailing the procedure of the APEX Proceeding. *See* Dkt. #53-7 at 1.

22   Specifically, the APEX Agreement notes that, "Participants agree not to disclose to third

23   parties information or documents learned from other participants, Amazon, or Evaluator in

24   the Evaluation, except to their respective affiliates, legal counsel or as required by law." *See*

25   *id.* § 2.

26       **ANSWER:**

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    Counterclaim Defendants admit the allegations of paragraph 100 of the

2    counterclaims.

3    101.    Amazon designed its APEX procedure "[t]o efficiently resolve claims that

4    third-party product listings infringe utility patents." D.I. 20-5 (Hartman Decl.) at 1. "APEX

5    is voluntary, confidential, and allows owners of U.S. utility patents or their authorized

6    representatives, such as attorneys or exclusive licensees...to obtain a fast evaluation of patent

7    infringement claims against products..., identified by Amazon Standard Identification

8    Number, listed by third-party sellers...on amazon.com." *Id*.

9    **ANSWER:**

10    Counterclaim Defendants admit the allegations of paragraph 101 of the

11    counterclaims.

12    102.    If sellers volunteer to participate, a Neutral Patent Evaluator reviews a patent

13    infringement claim against the seller's product listings on Amazon.com. *Id*. The Evaluator

14    will set a schedule for submission of written arguments. *Id*. In general, the Schedule will

15    provide: (i) the Patent Owner with 14 days for its initial arguments; (ii) Sellers with 14 days

16    to respond; and (iii) the Patent Owner with 7 days to reply. *Id*. The Patent Owner may use a

17    total of 20 double-spaced 8.5 x 11" pages between its two submissions. *Id*. Each Seller may

18    use 15 double-spaced pages in its response. *Id*. Claim charts and exhibits are not counted

19    against page limits. *Id*. "To make the Evaluation fast, efficient, and relatively low-cost, it is

20    limited to one claim from one unexpired U.S. utility patent." *Id*. And there are no depositions,

21    document requests, or other forms of discovery. *Id*. The evaluator will make a yes/no decision

22    about whether the patent covers the product listings." *Id*.

23    **ANSWER:**

24    Counterclaim Defendants specifically deny that Counterclaim Defendants voluntarily

25    participated in the APEX Proceeding. Counterclaim Defendants admit the remaining

26    allegations of paragraph 102 of the counterclaims.

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 35

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

103.    An experienced, partner-level patent attorney at a Boston law firm was assigned as the Neutral Patent Evaluator ("NPE") and the parties each submitted their briefing to the NPE. Elvie submitted its opening brief on March 20, 2023. *See* Dkt. #20, Ex. 6. In its opening brief, Elvie provided detailed allegations of infringement with respect to the Momcozy products at issue, including the image provided below comparing Momcozy's S12 product with the '893 patent. *See* Dkt. #20, Ex. 6 at 3.



**ANSWER:**

Counterclaim Defendants admit that a patent attorney at a Boston law firm was assigned as the Neutral Patent Evaluator ("NPE") and that the parties each submitted their briefing to the NPE. Counterclaim Defendants also admit that Elvie submitted its opening brief on March 20, 2023. Counterclaim Defendants also admit that in its opening brief, Elvie provided allegations of infringement with respect to the Momcozy products at issue, including the image provided above comparing Momcozy's S12 product with the '893 patent.

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 36

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    Counterclaim Defendants deny the remaining allegations in this paragraph.

2       104.    Two weeks later, the entities appearing on behalf of Momcozy submitted

3    identical responsive briefs. The parties were allowed unlimited pages for exhibits and non-

4    infringement charts. Notably, these responsive briefs contained the same non-infringement

5    arguments the Plaintiffs are alleging in this case.

6       **ANSWER:**

7       Counterclaim Defendants admit that the entities appearing on behalf of Momcozy

8    submitted identical responsive briefs on the identical accused products in the APEX

9    proceeding. Counterclaim Defendants admit that the parties were allowed unlimited pages

10    for exhibits and non-infringement charts. Counterclaim Defendants deny the remaining

11    allegations in this paragraph.

12       105.    One week later, Elvie submitted its reply brief.

13       **ANSWER:**

14       Counterclaim Defendants admit that Elvie submitted a reply brief.

15       106.    After a 7-week briefing schedule, the NPE found that Elvie had shown a

16    likelihood of success of showing infringement despite the same non-infringement arguments

17    Plaintiffs continue to allege. Amazon removed the infringing Momcozy Amazon listings

18    from the marketplace the next day on April 25, 2023. *See* Dkt #1 at p. 9.

19       **ANSWER:**

20       Counterclaim Defendants admit that the NPE found that Elvie had shown a likelihood

21    of success of showing infringement and that Amazon removed the Momcozy Amazon listings

22    from the marketplace the next day. Counterclaim Defendants deny the remaining allegations

23    of this paragraph.

24       107.    Despite the NPE's finding that Elvie demonstrated a likelihood of success of

25    showing infringement and Amazon subsequently removed the product listings, Momcozy

26    decided to relist its S12 Pro product back on Amazon.



1    **ANSWER:**

2        Counterclaim Defendants admit that Momcozy decided to relist its S12 Pro product

3    on Amazon. Counterclaim Defendants deny the remaining allegations of this paragraph.

4        **3.    The Declaratory Judgment Action**

5        108.   Despite the NPE informing Counterclaim Defendants that the S12 and S12

6    Pro products are likely to infringe claim 1 of the '893 patent, Counterclaim Defendants

7    continue to make, use, sell, and offer for sale those products at least on its website.

8        **ANSWER:**

9        Counterclaim Defendants admit that certain Counterclaim Defendants continue to

10   make, use, sell, and offer for sale those products at least on their websites. Counterclaim

11   Defendants specifically deny that they have committed or are committing any act of patent

12   infringement.  Counterclaim Defendants deny the remaining allegations of this paragraph.

13       109.   On information and belief, Counterclaim Defendants did not and have not

14   informed Walmart or any other reseller of the Momcozy S12 and S12 Pro of the NPE's

15   determination regarding infringement.

16       **ANSWER:**

17       Counterclaim Defendants admit they did not and have not informed Walmart or any

18   other reseller of the Momcozy S12 and S12 Pro of the NPE's determination regarding

19   infringement.

20       110.   Instead, on April 28, 2023, Plaintiffs filed a Declaratory Judgment Action

21   against Elvie seeking a declaratory judgment that its S12 and S12 Pro devices do not infringe

22   the '893 patent. *See generally* Dkt. #1.

23       **ANSWER:**

24       Counterclaim Defendants admit they filed a Declaratory Judgment Action against

25   Elvie seeking a declaratory judgment that its S12 Pro devices do not infringe the '893 patent.

26   Counterclaim Defendants deny the remaining allegations of this paragraph.



111.    By the time Plaintiffs filed their Declaratory Judgment Action, Elvie had interacted with no less than seven different entities claiming to be Momcozy.

**ANSWER:**

Counterclaim Defendants lack information to support a belief as to the allegations of this paragraph.

112.    Despite signing the APEX Agreement, which contained a confidentiality clause, Plaintiffs publicly used documents and information they received through the APEX Proceeding to support their Complaint, including a detailed discussion of Elvie's infringement arguments in the APEX Proceeding. *See* Dkt. #1, ¶ 20.

**ANSWER:**

Counterclaim Defendants admit that they discussed certain of Elvie's infringement arguments in the APEX Proceeding in their Complaint in this action. Counterclaim Defendants deny the remaining allegations of this paragraph.

113.    Plaintiffs then filed for a Temporary Restraining Order ("TRO") claiming immediate harm despite their extensive delay in seeking a TRO. *See* Dkt. #17. Again, Plaintiffs publicly used information considered confidential under the APEX Agreement to support its claims. *See, e.g. id.* at 12; *see also* Dkt. #19 Exs. 10-11, 15-16.

**ANSWER:**

Counterclaim Defendants admit that in the DJ action they filed for a Temporary Restraining Order ("TRO") claiming, inter alia, immediate and irreparable harm and that some information from the APEX Agreement was used in the TRO.    Counterclaim Defendants deny the remaining allegations of this paragraph.

114.    In its Opposition to Plaintiffs' TRO, Elvie pointed out that it had never heard of the then sole Plaintiff entity, Shenzhen Root Technology Co., Ltd., or Pan Silin. *See* Dkt. #28 at 9-10. Rather, the only Momcozy-related entities Elvie was aware of were (1) the recipients of Elvie's cease-and-desist correspondence ("Shenzhen Root E-Commerce Co.,

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 39

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    Ltd." and "Hong Kong Dian Ying Industry Co. Ltd." *See id.* at 10; *see also id.* Ex. 18); (2)

2    Shenzhen TPH Technology Co., Ltd., the entity Shenzhen Root E-Commerce Co., Ltd. and

3    Hong Kong Dian Ying Industry Co. Ltd. pointed out to Elvie as the manufacturer of the S12

4    product (*see id.* Ex. 17); and (3) the participants in the APEX proceeding ("Smartlin" and

5    "Jinruixingkeji").

6          **ANSWER:**

7          Counterclaim Defendants admit the allegations of this paragraph.

8          115.    In response, Pan Silin submitted a declaration stating that "Shenzhen Root

9    Technology Co., Ltd." is the same entity as "Shenzhen Root E-Commerce Co., Ltd." *See* Dkt.

10   #39, ¶ 2.

11         **ANSWER:**

12         Counterclaim Defendants admit that Pan Silin submitted a declaration stating that, at

13   various points in time, "Shenzhen Root Technology Co., Ltd." was named "Shenzhen Root

14   E-Commerce Co., Ltd."   Counterclaim Defendants deny the remaining allegations of this

15   paragraph.

16         116.    However, public records show that Shenzhen Root Technology Co., Ltd. and

17   Shenzhen Root E-Commerce Co., Ltd. are not the same entities.

18         **ANSWER:**

19         Counterclaim Defendants admit that Shenzhen Root E-Commerce Co., Ltd was once

20   the name of plaintiff Shenzhen Root Technology Co., Ltd., but it no longer is. Counterclaim

21   Defendants deny the remaining allegations of this paragraph.

22         117.    Rather,    Shenzhen    Root    Technology    Co.    has    a    USCC    of

23   91440300MA5FX6EH4G while Shenzhen Root E-Commerce Co., Ltd. has a USCC of

24   91440300359646166T. *Compare* Dkt. #35, Ex. 36 at 5, Dkt. #35, Ex. 37 at 2, 4 *with* Dkt. #53,

25   Ex. 4 at p. 8 (disclosing the latter USCC and a 2022 name change from "Shenzhen Lute (Root)

26

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 40

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1  E-Commerce Co. Ltd." to yet another undisclosed company "Shen Zhen Yuyou Technology Co.,

2  Ltd.").

3      **ANSWER:**

4      Counterclaim Defendants admit that Shenzhen Root Technology Co., Ltd. has a

5  USCC of 91440300MA5FX6EH4G. Counterclaim Defendants lack information sufficient to

6  support a belief as to the remaining allegations of this paragraph and therefore deny the same.

7      118.    Elvie has propounded discovery regarding the relationship between these

8  entities and regarding the corporate structure of the Counterclaim Defendants.

9      **ANSWER:**

10      Counterclaim Defendants admit that Elvie has propounded discovery regarding the

11  relationship between various entities and regarding the corporate structure of the

12  Counterclaim Defendants.

13      119.    Plaintiffs TRO was eventually denied. *See* Dkt. #43.

14      **ANSWER:**

15      Counterclaim Defendants admit that Plaintiff's Motion for TRO was denied in part.

16      120.    In the Order Denying the TRO, the Court stated that "based on its initial

17  review of the '893 Patent, the Court tentatively believes that Plaintiff is likely to prevail on

18  the merits" but that "the harms cited are not so immediate and irreparable that an emergency

19  TRO is appropriate." Dkt. #43 at 7. The Order further stated that it "will further evaluate the

20  motion at the preliminary-injunction stage with the benefit of additional briefing and a

21  hearing." Dkt. #43 at p. 6-7.

22      **ANSWER:**

23      Counterclaim Defendants admit that the Court stated that "based on its initial review

24  of the '893 Patent, the Court tentatively believes that Plaintiff is likely to prevail on the

25  merits" but that "the harms cited are not so immediate and irreparable that an emergency

26  TRO is appropriate." And that the Order further stated that it "will further evaluate the motion

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1   at the preliminary-injunction stage with the benefit of additional briefing and a hearing."

2        121.    However, Plaintiffs used the Court's TRO denial to request that Amazon relist

3   the Accused Products. *See* Dkt. #53-1 at p. 2. Amazon stated that, "we are interpreting the

4   TRO order as an order finding that the S12 Pros do not infringe." Dkt. #53-1 at p. 2. Amazon

5   subsequently relisted the S12 and S12 Pro products. *See id.*

6        **ANSWER:**

7        Counterclaim Defendants admit that Plaintiffs requested Amazon to relist the

8   Accused Products and that Amazon stated "we are interpreting the TRO order as an order

9   finding that the S12 Pros do not infringe." Counterclaim Defendants further admit that

10   Amazon subsequently relisted the S12 and S12 Pro products.

11        122.    Because Elvie did not receive a full and fair opportunity to respond to

12   Plaintiffs' TRO, Elvie filed a Motion for Reconsideration to clarify the Court's Order when

13   denying the TRO. *See* Dkt. #53. There, Elvie pointed out the discrepancies in Pan Silin's

14   declaration, including facts relating to whether the Court has jurisdiction over Plaintiff

15   Shenzhen Root's case, as described on pages 6 and 7.

16        **ANSWER:**

17        Counterclaim Defendants admit that Elvie filed a Motion for Reconsideration of the

18   Court's Order. There, Elvie alleged discrepancies in Pan Silin's declaration, including facts

19   relating to whether the Court has jurisdiction over Plaintiff Shenzhen Root's case, as

20   described on pages 6 and 7.  Counterclaim Defendants deny the remaining allegations of this

21   paragraph.

22        123.    In response, Plaintiffs filed a new complaint adding two new plaintiffs, Hong

23   Kong Lute Technology Co., Ltd. and Shenzhen Conglin E-Commerce Co., Ltd. *See* Dkt. #54.

24   Once again, neither of these entities were the entities Elvie communicated with for the cease-

25   and-desist letter or through the APEX Proceeding.

26        **ANSWER:**

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Counterclaim Defendants admit that plaintiffs filed an amended complaint adding two plaintiffs, Hong Kong Lute Technology Co., Ltd. and Shenzhen Conglin E-Commerce Co., Ltd. and that neither of these entities were the entities Elvie communicated with for the cease-and-desist letter or through the APEX Proceeding

124.    On May 31, 2023, Elvie filed a Motion for Reconsideration, seeking modification of the Court's Order Denying the TRO. Dkt. #53. The Court denied Elvie's Motion for Reconsideration but stated in its Order that "its merits determination is—as the order states—at most 'tentative'." Dkt. #59 at p. 2.

**ANSWER:**

Counterclaim Defendants admit that Elvie filed a Motion for Reconsideration, seeking modification of the Court's Order Denying the TRO. The Court denied Elvie's Motion for Reconsideration but stated in its Order that "its merits determination is—as the order states—at most 'tentative'."

125.    The Court also noted regarding the jurisdiction issue that "[s]ome of the facts raised by Defendants are troubling." Dkt. #59 at p. 3.

**ANSWER:**

Counterclaim Defendants admit that the Court also noted that "[s]ome of the facts raised by Defendants are troubling."

**4.    Counterclaim Defendants' Infringing Activity is Willful**

126.    Counterclaim Defendants' infringing conduct is willful.

**ANSWER:**

Counterclaim Defendants deny the allegations of this paragraph.

127.    On information and belief, Defendants sought to copy Elvie's patented products, including the Elvie Pump and Elvie Stride. Moreover, Elvie provides notice to prospective infringers of its extensive patent portfolio via its website in order to protect its hard-earned innovations.  See https://www.elvie.com/en-us/patents. This publication satisfies

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 43

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

the standard for constructive notice under 35 U.S.C. § 287(a) for purposes of virtual patent marking.

**ANSWER:**

Counterclaim Defendants deny that Momcozy sought to copy Elvie's patented products, including the Elvie Pump and Elvie Stride. The remaining of Paragraph 127 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Momcozy denies the allegations of Paragraph 127.

128.    Counterclaim Defendants were on notice that the Accused Products infringed Elvie's patents since, at least, June 22, 2022, when Elvie sent Momcozy a cease-and-desist letter. *See* Dkt #1-4 at 2-3; Dkt. #29 at 170-71.

**ANSWER:**

Counterclaim Defendants admit that Elvie sent Momcozy a cease-and-desist letter on June 22, 2022.  Counterclaim Defendants deny the remaining allegations of this paragraph.

129.    Despite Elvie's cease-and-desist letter, Counterclaim Defendants continued to sell the Accused Products. *See* Dkt. #53-1.

**ANSWER:**

Counterclaim Defendants admit that they continued to sell certain of the Accused Products after receipt of the cease and desist letter.

130.    Through the APEX Proceeding, Counterclaim Defendant received detailed knowledge of how its Accused Products infringed, at least, claim 1 of the '893 patent. *See, e.g.*, *See* Dkt. #20, Ex. 6.

**ANSWER:**

Momcozy admits that Momcozy participated the APEX Proceeding and received some information about how Elvie argued infringement of certain Momcozy products. Counterclaim Defendants deny the remaining allegations of this paragraph.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    131.    Despite receiving this knowledge, Counterclaim Defendants continued to sell

2    its Accused Products.

3    **ANSWER:**

4    Momcozy admits Momcozy continued to sell certain Accused Products.

5    Counterclaim Defendants deny the remaining allegations of this paragraph.

6    132.    Through the APEX Proceeding, a neutral third-party determined that it was

7    likely Momcozy's products infringed, at least, claim 1 of the '893 patent.

8    **ANSWER:**

9    Momcozy admits that through the APEX Proceeding, a Neutral Patent Evaluator

10   determined that it was likely that certain Momcozy products infringed claim 1 of the '893

11   patent.

12   133.    Despite these findings, Counterclaim Defendants continued to sell its Accused

13   Products.

14   **ANSWER:**

15   Momcozy admits Momcozy continued to sell certain Accused Products.

16   Counterclaim Defendants deny the remaining allegations of this paragraph.

17   134.    Instead of ceasing the sale of the Accused Products that infringed Elvie's

18   patents, Counterclaim Defendants filed a Declaratory Judgment Action against Elvie because

19   Amazon requires a finding of non-infringement or invalidity to continue selling on Amazon.

20   **ANSWER:**

21   Momcozy admits Momcozy filed a Declaratory Judgment Action against Elvie and

22   that Momcozy continued to sell certain Accused Products.  Counterclaim Defendants deny

23   the remaining allegations of this paragraph.

24   135.    In addition, Counterclaim Defendants filed for a TRO, which was denied.

25   **ANSWER:** Momcozy admits that its motion for TRO was denied in part.

26   Counterclaim Defendants deny the remaining allegations of this paragraph.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    136.    In its Order denying the TRO, the Court never made a finding of non-

2    infringement or invalidity.

3        **ANSWER:**

4        Counterclaim Defendants admit the Court did not make a finding of invalidity.

5    Counterclaim Defendants deny the remaining allegations of this paragraph.

6    137.    In its Order denying the TRO, the Court requested Elvie show cause why it

7    should not grant a preliminary injunction.

8        **ANSWER:**

9        Momcozy admits the allegations of this paragraph.

10    138.    Before Elvie could respond with its full briefing, Counterclaim Defendants

11    submitted the Order denying the TRO to Amazon, which Amazon then interpreted as the

12    Court making a finding of non-infringement.

13        **ANSWER:**

14        Momcozy admits Momcozy submitted the ORDER DENYING TRO; GRANTING

15    ORDER TO SHOW CAUSE. Counterclaim Defendants lack information sufficient to form

16    a belief as to the remaining allegations of this paragraph and therefore deny the same.

17    139.    Amazon took the Order denying the TRO as a finding of non-infringement

18    and relisted Counterclaim Defendant's Accused Products at Counterclaim Defendant's

19    insistence.

20        **ANSWER:**

21        Momcozy admits that, upon Counterclaim Defendant's request, Amazon relisted

22    certain of Counterclaim Defendants' Accused Products. Counterclaim Defendants deny the

23    remaining allegations of this paragraph.

24    140.    Plaintiffs withdrew the Motion to TRO, denying Elvie the chance to fully

25    respond to Plaintiffs allegations of non-infringement.

26        **ANSWER:**



1    Momcozy admits Momcozy withdrew the Motion for TRO. Counterclaim Defendants

2    deny the remaining allegations of this paragraph.

3    141.    To date, the only fully briefed ruling that has been made is that the Accused

4    Products infringe, at least, claim 1 of the '893 patent.

5    **ANSWER:**

6    Momcozy denies each and every allegation of Paragraph 141.

7    142.    Despite this, Counterclaim Defendants continue to sell the Accused Products.

8    **ANSWER:**

9    Momcozy admits that Momcozy continues to sell certain Accused Products.

10    Counterclaim Defendants deny the remaining allegations of this paragraph.

11    143.    Counterclaim Defendants willful conduct began, at least, as of the date of

12    Elvie's cease-and-desist letter. The willful conduct was only compounded when it received

13    the NPE's determination that the Accused Products likely infringed the '893 patent.

14    **ANSWER:**

15    Counterclaim Defendants deny each and every allegation of this paragraph, and

16    specifically deny that they have committed or are committing any act of patent infringement

17    and willful patent infringement.

18    144.    Counterclaim Defendants' willful conduct continued on when it received the

19    TRO denial and used that denial to ask Amazon to re-list its Accused Products on Amazon

20    despite knowing it had not yet received a finding of non-infringement.

21    **ANSWER:**

22    Counterclaim Defendants deny each and every allegation of this paragraph, and

23    specifically deny that they have committed or are committing any act of patent infringement

24    and willful patent infringement.

25    145.    Counterclaim Defendants should be deemed to willfully infringe the Asserted

26    Patents, at least, as of June 2022.

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 47

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1

**ANSWER:**

2       Counterclaim Defendants deny each and every allegation of this paragraph, and

3  specifically deny that they have committed or are committing any act of patent infringement

4  and willful patent infringement.

5       146.    In addition, on information and belief, Counterclaim Defendants' marketing

6  mimics that of Elvie's. For example, the following S12 advertisement that began running on

7  September 26, 2023 copies the imagery of Elvie's long-running advertisement of the Elvie

8  Pump available on at least Elvie's Amazon page:

9

10



11

12

13

14        

15

16

17

18

19

20

21

22       **ANSWER:**

23       Counterclaim Defendants deny each and every allegation of this paragraph, and

24  specifically deny that they have committed or are committing any act of patent infringement

25  and willful patent infringement.

26       147.    Further, Counterclaim Defendants' V1 and V2 products are nearly identical

to Elvie's Stride product that is covered by the '454 patent. Elvie's patents, including those

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 48

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

covering the Elvie Stride, are listed on Elvie's website. *See, e.g.*, https://www.elvie.com/en-us/patents.

**ANSWER:**

Counterclaim Defendants deny each and every allegation of this paragraph, and specifically deny that they have committed or are committing any act of patent infringement and willful patent infringement.

148.   Counterclaim Defendants' knowledge of the Asserted Patents and the Accused Products' infringement thereof is sufficient to satisfy the knowledge element for induced, contributory, and willful infringement.

**ANSWER:**

Counterclaim Defendants deny each and every allegation of this paragraph, and specifically deny that they have committed or are committing any act of patent infringement and willful patent infringement.

149.   Elvie is entitled to trebled damages for Counterclaim Defendants' willful infringement.

**ANSWER:**

Counterclaim Defendants deny each and every allegation of this paragraph, and specifically deny that they have committed or are committing any act of patent infringement and willful patent infringement.

<u>**Count I**</u>

**(Infringement of U.S. Patent No. 11,357,893)**

150.   The allegations of paragraphs 1 through 149 are realleged and reincorporated by reference as if fully set forth herein.

**ANSWER:**

Momcozy incorporates by reference each of its responses set forth in Paragraphs 1-149 above, as if fully set forth herein.



151.    The '893 patent is directed towards a wearable breast pump system including a housing shaped at least in part to fit inside a bra and an air-pump. Exemplary claim 1 of the '893 patent recites:

> A breast pump device that is configured as a self-contained, in-bra wearable device, the breast pump device containing:
> a housing that includes:
> a battery, and
> a pump powered by the battery and generating negative air pressure;
> a breast shield made up of a breast flange and a nipple tunnel;
> a milk container that is configured to be attached to and removed from the housing; and
> a diaphragm configured to be seated against a diaphragm holder that forms a recess or cavity at least in part with an external surface of the housing, the diaphragm deforming in response to changes in air pressure caused by the pump to create negative air pressure in the nipple tunnel.

**ANSWER:**

Momcozy admits that the text quoted in Paragraph 151 appears in the '893 patent. Momcozy further states that the '893 patent speaks for itself. Except as expressly admitted, Momcozy denies all remaining allegations in Paragraph 151.

152.    Plaintiffs have directly infringed and continue to directly infringe one or more claims of the '893 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing into the United States products that include, but are not limited to, the S9, S12, S12 Pro, M1, and M5 devices. For example, Plaintiffs' Accused Products include or perform each and every limitation of at least, claim 1 of the '893 patent, either literally or under the doctrine of equivalents.

**ANSWER:**

Momcozy denies each and every allegation in Paragraph 152, and specifically denies that it has committed, or is committing, any act of patent infringement.

153.    Elvie attaches hereto Exhibits 10-15 which provide exemplary claim charts describing how the Accused Products meet the limitations described in claim 1 of the '893 patent.



1    **ANSWER:**

2    Momcozy admits that Exhibits 10-15 purport to be claim charts of certain Accused

3    Products vis-à-vis claim 1 of the '893 Patent.  Momcozy denies each and every remaining

4    allegation in Paragraph 153.  Momcozy specifically denies that it has committed or is

5    committing any act of patent infringement.

6    154.    Plaintiffs also indirectly infringe one or more claims of the Asserted Patents

7    in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing infringement of the Asserted

8    Patents by other by offering to sell or selling within the United States a device covered by the

9    claims of the Asserted Patents that is not a staple article or commodity of the commerce

10    suitable for substantial non-infringing uses.

11    **ANSWER:**

12    Momcozy denies each and every allegation in Paragraph 147, and specifically denies

13    that it has committed or is committing any act of patent infringement, whether direct or

14    indirect.

15    155.    For example, Plaintiffs instruct customers of their Accused Products on how

16    to use and operate the Accused Products.

17    **ANSWER:**

18    Momcozy admits that it provides customers of the Accused Products with product

19    support and answers to frequently asked questions. Momcozy specifically denies that it has

20    committed or is committing any act of patent infringement, direct or indirect, and thus denies

21    that it instructs customers of the Accused Products how to use or operate the product in an

22    infringing manner.

23    156.    Plaintiffs' direct and indirect infringement of the '893 patent has been, and

24    continues to be, willful. On information and belief, Plaintiffs have been aware of the '893

25    patent since before the filing of this Complaint and has infringed the '893 patent willfully

26    and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 51



**ANSWER:**

Momcozy admits that it was aware of the '893 Patent since before the filing of the Complaint in this action but denies each and every remaining allegation in Paragraph 158. Momcozy specifically denies that it has committed or is committing any act of patent infringement and willful patent infringement.

157.   Plaintiffs' infringement of the '893 patent has damaged, and continues to damage Elvie in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Elvie would have made but for Momcozy's infringing acts as provided by 35 U.S.C. § 284.

**ANSWER:**

Momcozy denies each and every allegation in Paragraph 157, and specifically denies that it has committed or is committing any act of patent infringement.

158.   Elvie will suffer irreparable harm unless Plaintiffs are enjoined from infringing the '893 patent.

**ANSWER:**

Momcozy denies each and every allegation in Paragraph 158, and specifically denies that it has committed or is committing any act of patent infringement.

<u>Count II</u>

**(Infringement of U.S. Patent No. 11,413,380)**

159.   The allegations of paragraphs 1 through 158 are realleged and reincorporated by reference as if fully set forth herein.

**ANSWER:**

Momcozy incorporates by reference each of its responses set forth in Paragraphs 1-158 above, as if fully set forth herein.

160.   The '380 patent is directed towards a wearable breast pump system including a housing shaped at least in part to fit inside a bra and an air-pump. Exemplary claim 29 of the '380 patent recites:

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 52



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

A breast pump device that is configured as a self-contained, in-bra wearable device, the breast pump device comprising:
a self-contained, in-bra wearable device comprising:
a housing that includes:
a rechargeable battery,
a power charging circuit for controlling charging of the rechargeable battery,
control electronics powered by the rechargeable battery,
a pump powered by the rechargeable battery and configured to generate negative air pressure, and
a Universal Serial Bus (USB) charging socket for transferring power to the power charging circuit and the rechargeable battery;
a breast shield made up of a breast flange and a nipple tunnel;
a milk container that is configured to be attached to and removed from the housing; and
a membrane that is configured to define a pumping chamber at least in part with an external surface of the housing, the membrane configured to deform in response to changes in air pressure caused by the pump to create negative air pressure in the nipple tunnel.

**ANSWER:**

Momcozy admits that the text quoted in Paragraph 160 appears in the '380 patent. Momcozy further states that the '380 patent speaks for itself. Except as expressly admitted, Momcozy denies all remaining allegations in Paragraph 160.

161.    Counterclaim Defendants have directly infringed and continue to directly infringe one or more claims of the '380 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or important into the United States products that include, but are not limited to, the S9, S12, S12 Pro, M1, and M5 devices. For example, Plaintiffs' Accused Products include or perform each and every limitation of at least, claim 29 of the '380 patent, either literally or under the doctrine of equivalents.

**ANSWER:**

Momcozy admits that it sells and/or has sold in the United States the S9, S12, S12 Pro, M1, and M5 products.  Momcozy denies each and every remaining allegation in Paragraph 161, and specifically denies that it has committed or is committing any act of patent

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 53

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    infringement, either literally or under the doctrine of equivalents.

2          162.    Elvie attaches hereto Exhibits 16-21 which provide exemplary claim charts

3    describing how the Accused Products meet the limitations described in claim 29 of the '380

4    patent.

5          **ANSWER:**

6          Momcozy admits that Exhibits 16-21 purport to be claim charts as to claim 29 of the

7    '380 Patent vis-à-vis certain of its Accused Products.  Momcozy denies each and every

8    allegation in Paragraph 162, and specifically denies that it has committed or is committing

9    any act of patent infringement.

10         163.    Plaintiffs also indirectly infringe one or more claims of the '380 patent in

11   violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing infringement of the '380 patent

12   by offering to sell or selling within the United States a device covered by the claims of the

13   '380 patent that is not a staple article or commodity of the commerce suitable for substantial

14   non-infringing uses.

15         **ANSWER:**

16         Momcozy denies each and every allegation in Paragraph 163, and specifically denies

17   that it has committed or is committing any act of patent infringement, whether directly or

18   indirectly.

19         164.    For example, Counterclaim Defendants instruct customers of their Accused

20   Products on how to use and operate the Accused Products.

21         **ANSWER:**

22         Momcozy admits that it provides, to customers of certain of the Accused Products,

23   product support and answers to frequently asked questions. Momcozy specifically denies that

24   it has committed or is committing any act of patent infringement, and thus denies that it

25   instructs customers of the Accused Products how to use or operate the product in an infringing

26   manner.

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 54

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

165.    Counterclaim Defendants' direct and indirect infringement of the '380 patent has been, and continues to be, willful. On information and belief, Counterclaim Defendants have been aware of the '380 patent since before the filing of this Complaint and has infringed the '380 patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

**ANSWER:**

Momcozy admits that it has been aware of the '380 Patent since before the filing of this Complaint.    Momcozy denies each and every allegation in Paragraph 158, and specifically denies that it has committed or is committing any act of patent infringement and willful patent infringement.

166.    Counterclaim Defendants' infringement of the '380 patent has damaged, and continues to damage, BTL in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that BTL would have made buy for Plaintiffs' infringing acts as provided by 35 U.S.C. § 284.

**ANSWER:**

Momcozy denies each and every allegation in Paragraph 166, and specifically denies that it has committed or is committing any act of patent infringement.

167.    Elvie will suffer irreparable harm unless Plaintiffs are enjoined from infringing the '380 patent.

**ANSWER:**

Momcozy denies each and every allegation in Paragraph 167, and specifically denies that it has committed or is committing any act of patent infringement.

## <u>Count III</u>

### (Infringement of U.S. Patent No. 11,813,381)

168.    The allegations of paragraphs 1 through 167 are realleged and reincorporated by reference as if fully set forth herein.



1

**ANSWER:**

2      Momcozy incorporates by reference each of its responses set forth in Paragraphs 1-

3  167 above, as if fully set forth herein.

4      169.    The '381 patent is directed towards a wearable breast pump system including

5  a housing shaped at least in part to fit inside a bra and an air-pump. Exemplary claim 1 of the

6  '381 patent recites:

7      A breast pump device comprising:
          a self-contained, in-bra wearable device comprising:
8              a diaphragm configured to prevent milk from reaching an air pump by
                  forming a seal around its outer edge;
9          a housing that includes:
              a battery, and
10             the air pump powered by the battery and configured to generate
                  negative air pressure by driving the diaphragm;
11         a breast shield comprising a breast flange and a nipple tunnel extending from
              the breast flange, the nipple tunnel comprising a closed end and a milk
12             port intermediate to the breast flange and the closed end, and the breast
              shield being separate from the diaphragm; and;
13         a milk container that is configured to attach to the housing and receive
              expressed milk via the milk port.
14

15     **ANSWER:**

16     Momcozy admits that the text quoted in Paragraph 169 appears in the '381 patent.

17 Momcozy further states that the '381 patent speaks for itself. Except as expressly admitted,

18 Momcozy denies all remaining allegations in Paragraph 169.

19     170.    Counterclaim Defendants have directly infringed and continue to directly

20 infringe one or more claims of the '381 patent in violation of 35 U.S.C. § 271(a) by making,

21 using, offering to sell, selling, and/or importing into the United States products that include,

22 but are not limited to, the S9, S9 Pro, S12, and S12 Pro. For example, Counterclaim

23 Defendants' Accused Products include or perform each and every limitation of at least, claim

24 1 of the '381 patent, either literally or under the doctrine of equivalents.

25     **ANSWER:**

26     Momcozy admits that it sells and/or has sold in the United States the S9, S9 Pro, S12,

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 56

**ARÊTE LAW GROUP**
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1   S12 Pro products.  Momcozy denies each and every remaining allegation in Paragraph 170,

2   and specifically denies that it has committed or is committing any act of patent infringement,

3   either literally or under the doctrine of equivalents.

4       171.    Elvie attaches hereto Exhibits 27-30 which provide exemplary claim charts

5   describing how the Accused Products meet the limitations described in claim 1 of the '381

6   patent.

7       **ANSWER:**

8       Momcozy admits that Exhibits 27-30 purport to be claim charts as to claim 1 of the

9   '381 Patent vis-à-vis certain of its Accused Products.  Momcozy denies each and every

10  allegation in Paragraph 171, and specifically denies that it has committed or is committing

11  any act of patent infringement.

12      172.    Counterclaim Defendants also indirectly infringe one or more claims of the

13  Asserted Patents in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing

14  infringement of the Asserted Patents by others by offering to sell or selling within the United

15  States a device covered by the claims of the Asserted Patents that is not a staple article or

16  commodity of the commerce suitable for substantial non-infringing uses.

17      **ANSWER:**

18      Momcozy denies each and every allegation in Paragraph 172, and specifically denies

19  that it has committed or is committing any act of patent infringement, whether directly or

20  indirectly.

21      173.    For example, Counterclaim Defendants instruct customers of their Accused

22  Products on how to use and operate the Accused Products.

23      **ANSWER:**

24      Momcozy admits that it provides, to customers of certain of the Accused Products,

25  product support and answers to frequently asked questions. Momcozy specifically denies that

26  it has committed or is committing any act of patent infringement, and thus denies that it

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 57

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1  instructs customers of the Accused Products how to use or operate the product in an infringing

2  manner.

3      174.    Counterclaim Defendants' direct and indirect infringement of the '381 patent

4  has been, and continues to be, willful. On information and belief, Plaintiffs have been aware

5  of the '381 patent since its issuance date and has infringed the '381 patent willfully and

6  deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

7      **ANSWER:**

8      Momcozy admits that it has been aware of the '381 Patent since before the filing of

9  this Complaint.  Momcozy denies each and every allegation in Paragraph 174, and

10  specifically denies that it has committed or is committing any act of patent infringement and

11  willful patent infringement.

12      175.    Counterclaim Defendants' infringement of the '381 patent has damaged, and

13  continues to damage Elvie in an amount yet to be determined, of at least a reasonable royalty

14  and/or lost profits that Elvie would have made but for Momcozy's infringing acts as provided

15  by 35 U.S.C. § 284.

16      **ANSWER:**

17      Momcozy denies each and every allegation in Paragraph 175, and specifically denies

18  that it has committed or is committing any act of patent infringement.

19      176.    Elvie will suffer irreparable harm unless Counterclaim Defendants are

20  enjoined from infringing the '381 patent.

21      **ANSWER:**

22      Momcozy denies each and every allegation in Paragraph 176, and specifically denies

23  that it has committed or is committing any act of patent infringement.

24                          **Count IV**

25              **(Infringement of U.S. Patent No. 11,806,454)**

26      177.    The allegations of paragraphs 1 through 176 are realleged and reincorporated

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 58

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

by reference as if fully set forth herein.

**ANSWER:**

Momcozy incorporates by reference each of its responses set forth in Paragraphs 1-176 above, as if fully set forth herein.

178.    The '454 patent is directed towards a wearable breast pump system including a housing shaped at least in part to fit inside a bra and an air-pump. Exemplary claim 17 of the '454 patent recites:

> A breast pump system comprising:
>     a control unit comprising:
>         a battery, and
>         a pump configured to be powered by the battery and to generate negative air pressure; and
>     a wearable milk collection hub configured to connect to the control unit via an air line, the wearable milk collection hub comprising:
>     a breast shield comprising:
>         a breast flange; and
>         a nipple tunnel extending from the breast flange;
>     a diaphragm configured to deform based on the negative air pressure generated by the pump to create negative air pressure in the nipple tunnel;
>     an outer shell comprising a rear end configured to removably attach to the breast shield and, an interior volume between the outer shell and the breast shield defining a chamber to receive expressed milk; and
>     a diaphragm cap configured to cover and seal the diaphragm at a front end of the outer shell, the front end being opposite to the rear end, the diaphragm cap forms a central region on a front surface of the outer shell.

**ANSWER:**

Momcozy admits that the text quoted in Paragraph 178 appears in the '454 patent. Momcozy further states that the '454 patent speaks for itself. Except as expressly admitted, Momcozy denies all remaining allegations in Paragraph 178.

179.    Counterclaim Defendants have directly infringed and continue to directly infringe one or more claims of the '454 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing into the United States products that include,



1    but are not limited to, the V1 and V2. For example, Counterclaim Defendants' V1 and V2

2    include or perform each and every limitation of at least, claim 17 of the '454 patent, either

3    literally or under the doctrine of equivalents.

4        **ANSWER:**

5        Momcozy admits that it sells and/or has sold in the United States the V1 and V2

6    products.  Momcozy denies each and every remaining allegation in Paragraph 179, and

7    specifically denies that it has committed or is committing any act of patent infringement,

8    either literally or under the doctrine of equivalents.

9        180.    Elvie attaches hereto Exhibits 31-32 which provide exemplary claim charts

10    describing how the V1 and V2 products meet the limitations described in claim 17 of the '454

11    patent.

12        **ANSWER:**

13        Momcozy admits that Exhibits 31-32 purport to be claim charts as to claim 17 of the

14    '454 Patent vis-à-vis certain of its Accused Products.  Momcozy denies each and every

15    allegation in Paragraph 180, and specifically denies that it has committed or is committing

16    any act of patent infringement.

17        181.    Counterclaim Defendants also indirectly infringe one or more claims of the

18    Asserted Patents in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing

19    infringement of the Asserted Patents by others by offering to sell or selling within the United

20    States a device covered by the claims of the Asserted Patents that is not a staple article or

21    commodity of the commerce suitable for substantial non-infringing uses.

22        **ANSWER:**

23        Momcozy denies each and every allegation in Paragraph 181, and specifically denies

24    that it has committed or is committing any act of patent infringement, whether directly or

25    indirectly.

26        182.    For example, Counterclaim Defendants instruct customers of their V1 and V2

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 60

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1  products on how to use and operate the V1 and V2 products.

2      **ANSWER:**

3      Momcozy admits that it provides, to customers of certain of the Accused Products,

4  product support and answers to frequently asked questions. Momcozy specifically denies that

5  it has committed or is committing any act of patent infringement, and thus denies that it

6  instructs customers of the Accused Products how to use or operate the product in an infringing

7  manner.

8      183.    Counterclaim Defendants' direct and indirect infringement of the '454 patent

9  has been, and continues to be, willful. On information and belief, Plaintiffs have been aware

10  of the '454 patent since its issuance date and has infringed the '454 patent willfully and

11  deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

12      **ANSWER:**

13      Momcozy admits that it has been aware of the '454 Patent since before the filing of

14  this Complaint.   Momcozy denies each and every allegation in Paragraph 183, and

15  specifically denies that it has committed or is committing any act of patent infringement and

16  willful patent infringement.

17      184.    Counterclaim Defendants' infringement of the '454 patent has damaged, and

18  continues to damage Elvie in an amount yet to be determined, of at least a reasonable royalty

19  and/or lost profits that Elvie would have made but for Momcozy's infringing acts as provided

20  by 35 U.S.C. § 284.

21      **ANSWER:**

22      Momcozy denies each and every allegation in Paragraph 184, and specifically denies

23  that it has committed or is committing any act of patent infringement.

24      185.    Elvie will suffer irreparable harm unless Counterclaim Defendants are

25  enjoined from infringing the '454 patent.

26      **ANSWER:**

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 61

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    Momcozy denies each and every allegation in Paragraph 185, and specifically denies

2    that it has committed or is committing any act of patent infringement.

**Count V**

**(Breach of Contract)**

5    186.    The allegations of paragraphs 1 through 185 are realleged and reincorporated

6    by reference as if fully set forth herein.

7    **ANSWER:**

8    Counterclaim Defendants incorporate by reference each of its responses set forth in

9    Paragraphs 1-185 above, as if fully set forth herein.

10    187.    The APEX Agreement is a valid, binding, and enforceable agreement between

11    Elvie and Momcozy that was made for valid consideration, including the exchange of

12    information intended to facilitate the APEX proceeding.

13    **ANSWER:**

14    Counterclaim Defendants admit that the APEX Agreement is between Elvie and

15    Momcozy and was made for consideration, including the exchange of information intended

16    to facilitate the APEX proceeding, but specifically deny that the APEX Agreement is valid,

17    binding, and enforceable.  Counterclaim Defendants' participation in the APEX proceeding

18    was not voluntary.  Amazon stated its intention to remove its listings of the Accused Products

19    if Momcozy did not participate in the proceeding.

20    188.    Elvie fully performed its contractual duties and obligations under the APEX

21    Agreement.

22    **ANSWER:**

23    Counterclaim Defendants lack information sufficient to support a belief as to the

24    allegations of this paragraph and therefore deny the same.

25    189.    Under the Agreement, Momcozy was prohibited from "disclos[ing] to third

26    parties information or documents learned from" the APEX proceeding. Dkt. # 53-07 § 2.

1     **ANSWER:**

2      Counterclaim Defendants admit that the APEX Agreement provides that

3 "[p]articipants agree not to disclose to third parties information or documents learned from

4 other Participants, Amazon, or Evaluator in the Evaluation, except to their respective

5 affiliates, legal counsel or as required by law." Counterclaim Defendants deny the remaining

6 allegations of this paragraph.

7      190.    In the filing of its complaint, Plaintiffs publicly disclosed information and

8 documents that it learned from the APEX proceeding, including, but not limited to,

9 communications with Amazon. *See* Dkt. #20, Ex. 6; Dkt. #22, Exs. 10–14; Dkt. # 54,

10 Amended Compl. ¶ 28; Dkt. #21, Motion for TRO at 2, 19–20.

11     **ANSWER:**

12      Counterclaim Defendants admit that certain information and documents were

13 disclosed in the filing of the Complaint relating to the APEX proceeding. Counterclaim

14 Defendants deny the remaining allegations of this paragraph.

15      191.    As a result of Plaintiffs' breach of the Apex Agreement, Elvie has suffered

16 damages in an amount to be proven at trial, including Amazon's decision to reinstate

17 Momcozy's Accused Products on its website.

18     **ANSWER:**

19      Counterclaim Defendants deny each and every allegation in this paragraph, and

20 specifically deny that Elvie has suffered any damages.

21                 **<u>DENIAL OF ALL REMAINING ALLEGATIONS</u>**

22      Except as expressly admitted herein, Momcozy denies all remaining allegations in

23 Elvie's Counterclaims.

24                      **<u>PRAYER FOR RELIEF</u>**

25      WHEREFORE, Defendant and Counterclaim Plaintiff Elvie request that this Court

26 enter judgment in favor against Counterclaim Defendants and grant to Elvie the following



relief:

    A.    Find that Counterclaim Defendants are infringing the Asserted Patents in violation of 35 U.S.C. § 271 (a), (b), and/or (c);

    B.    Enter an order preliminarily and permanently enjoining Counterclaim Defendants, their officers, directors, agents, servants, employees, and all other persons in privity or acting in concert with them who receive actual notice of the order by person serve or otherwise, from any further acts of infringement of the Asserted Patents;

    C.    Award Elvie damages in an amount adequate to compensate Elvie for Counterclaim Defendants 'infringement of the Asserted Patents;

    D.    Treble any and all damages award to Elvie by reason of Defendants 'willful infringement of the Asserted Patents pursuant to 35 U.S.C. § 284;

    E.    Award Elvie interest on damages award and their costs pursuant to 35 U.S.C. § 284;

    F.    Find that this is an exceptional case and awarding Elvie its reasonable attorneys 'fees pursuant to 35 U.S.C. § 285;

    G.    Find that Counterclaim Defendants breach the APEX Agreement under Washington common law;

    H.    Award Elvie recoverable damages in an amount to be determined at trial, including an award of compensatory and actual damages, punitive damages, reasonable attorneys 'fees, prejudgment interest, post-judgment interest, and costs; and

    I.    Award such other and further relief as this Court deems proper.

## **ANSWER TO PRAYER FOR RELIEF**

    To the extent a response is required, Momcozy denies that Elvie is entitled to any of its requested relief. Momcozy specifically denies that it, directly or indirectly, literally or

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 64

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    under the doctrine of equivalents, has infringed or is infringing U.S. Patent Nos. 11,357,893,

2    11,413,380, 11,813,381 and/or 11,806,454 willfully or otherwise; specifically denies that the

3    claims of the Asserted Patents are valid; specifically denies that Counterclaim Defendants

4    breached the APEX Agreement under Washington common law; specifically denies that

5    Elvie is entitled to any award of damages; specifically denies that Elvie is entitled to

6    attorneys' fees; and specifically denies that Elvie is entitled to costs, prejudgment or post

7    judgment interest, treble damages, or any other relief in this action.

8                            **AFFIRMATIVE DEFENSES**

9            Subject to the responses above, and upon information and belief, Momcozy alleges

10   and asserts the following affirmative defenses in response to the allegations in Elvie's

11   Counterclaims. In addition to the defenses described below, subject to its responses above,

12   Momcozy specifically reserves all rights to allege additional defenses that become known

13   through the course of discovery or otherwise.

14               **FIRST DEFENSE – NO PATENT INFRINGEMENT**

15           1.      Momcozy's Accused Products do not infringe and have not infringed, either

16   literally or under the doctrine of equivalents.  Momcozy is not liable for direct infringement

17   of any valid and enforceable claim of the '893, '380, '381 and/or the '454 Patents.

18           2.      Momcozy's Accused Products do not indirectly infringe and have not

19   indirectly infringed, either literally or under the doctrine of equivalents.  Momcozy is not

20   liable for indirect infringement of any valid and enforceable claim of the '893, '380, '381 and

21   the '454 Patents, for at least the reasons that (1) there is no underlying direct infringement

22   pursuant to 35 U.S.C. § 271(a); (2) Momcozy lacks and has lacked an intent to induce

23   infringement of the '893, '380, '381 and the '454 Patent under § 271(b); and (3) Momcozy

24   did not sell any product made especially for an infringing use or have knowledge of an

25   infringing use under § 271(c).

26

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 65

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**SECOND DEFENSE – NO WILLFUL PATENT INFRINGEMENT**

3.    Momcozy's Accused products do not willfully infringe and have not infringed, directly or indirectly, either literally or under the doctrine of equivalents. Momcozy is not liable for willful infringement of any valid and enforceable claim of the '893, '380, '381 and/or the '454 Patents.

**THIRD DEFENSE – PATENT INVALIDITY AND UNENFORCEABILITY**

4.    The claims of the '893, '380, '381 and/or the '454 Patents are invalid under 35 U.S.C. § 102 because the claims lack novelty and are taught and suggested by the prior art.

5.    The claims of the '893, '380, '381 and/or the '454 Patents Patents are invalid under 35 U.S.C. § 103 because the claims would have been obvious in view of the prior art at the time of their effective filing dates.

6.    The claims of the '893, '380, '381 and/or the '454 Patents are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and indefiniteness.

**FOURTH DEFENSE – LIMITATION ON PATENT DAMAGES**

7.    Elvie's claim for damages, if any, against Momcozy for alleged infringement of the '893, '380, '381 and/or the '454  Patents is limited by 35 U.S.C. §§ 286, 287, and/or 288.

8.    With respect to the marking requirement of § 287, Elvie has failed to mark its allegedly patented articles.

9.    With respect to the notice requirement of § 287, Elvie did not provide notice to Momcozy of the '893 and '380 Patents and/or notice of Momcozy's alleged infringement of the '893 and/or '380 Patent before the filing of its Counterclaims on August 14, 2023. In addition, Elvie did not provide notice to Momcozy of the '381 and '454 Patents and/or notice of Momcozy's alleged infringement of the'381 and/or the '454 Patents before the filing of its



1    Motion for Amended Counterclaim on March 1, 2024.

2    ### FIFTH DEFENSE – FAILURE TO STATE A CLAIM

3    10.    Elvie's Counterclaims fail to state a claim upon which relief can be granted,

4    including, but not limited to, failure of Elvie's Counterclaims to meet the standard for

5    pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic*

6    *Corp. v. Twombly*, 550 U.S. 544 (2007).

7    ### SIXTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

8    11.    Elvie is barred, under the doctrine of prosecution history estoppel, from

9    construing the claims of the '893, '380, '381 and/or the '454 Patents in such a way as to cover

10    any Accused Product by reasons of statements made to the United States Patent and

11    Trademark Office during the prosecution of the application that led to the issuance of the

12    '893, '380, '381 and the '454 Patents.

13    ### SEVENTH DEFENSE – NOT AN EXCEPTIONAL CASE

14    12.    If Elvie is entitled to any remedy, Elvie is not entitled to a finding that this

15    case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, pursuant to the Court's

16    inherent power, or otherwise.

17    ### RESERVATION OF ADDITIONAL DEFENSES

18    13.    Momcozy reserves the right to assert any additional defenses or counterclaims

19    which may now exist or in the future may be available based on discovery and further factual

20    investigation in this case.

21    ### MOMCOZY'S COUNTER-COUNTERCLAIMS

22    Momcozy incorporates herein by reference the admissions, allegations, denials, and

23    Defenses contained in its Answer above as if fully set forth herein. For its Counterclaims

24    against Elvie, and upon information and belief, Momcozy states as follows:

25    ### THE PARTIES

26    1.    Shenzhen Root Technology Co., Ltd., aka Shenzhen Lutejiacheng Network

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 67

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Technology Co., Ltd., is a corporation organized and existing under the laws of China, with its principal place of business at 2F2-201 Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China.

2.    Hong Kong Lute Technology Co., Limited is a foreign corporation that is organized under the laws of Hong Kong and has its principal place of business at Room 02, 21F Shek Kwan Commercial Building, 38 Bi Street, Yau Ma Tei, Kowloon, Hong Kong.

3.    Shenzhen Conglin E-Commerce Co., Ltd. is a corporation organized and existing under the laws of China, with its principal place of business at 21F, Jinzhonghuan International Business Building, No. 3037, Jintian Road, Fu'an Community, Futian Street, Futian District, Shenzhen, China.

4.    Shenzhen Jinruihang Technology Co, Ltd. is a corporation organized and existing under the laws of China, with its principal place of business at Room 204, Building 59, Vanke Donghai'an, No. 216 Huanbi Road, Donghai'an, No. 216 Huanbi Road, Donghai'an Community, Meisha Street, Yantian District, Shenzhen, China.

5.    Shenzhen Xitao Network Technology Co., Ltd. is corporation organized and existing under the laws of China, with its principal place of business at 2F2-209, Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China.

6.    Chiaro Technology Limited is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business at 63-66 Hatton Garden, EC1N 8LE, London, United Kingdom. On information and belief, Elvie is the trading name of Chiaro Technology Limited and conducts business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

7.    This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims arise under the patent laws of the United States.

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 68

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

8.      This Court has personal jurisdiction over Elvie, at least because Elvie has submitted to the jurisdiction of this District.

9.      Venue for these Counterclaims is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

10.     In its Counterclaims, Elvie asserts that Momcozy has infringed U.S. Patent Nos. 11,357,893 ("'893 patent"), 11,413,380 (the "'380 patent"), 11,813,381 (the "'381 patent") and 11,806, 454 (the "'454 patent") (collectively, the "Elvie Asserted Patents").

11.     The Elvie Asserted Patents are invalid, are unenforceable by Elvie, and/or have not been, and are not being, infringed by Momcozy, either directly or indirectly, literally or under the doctrine of equivalents.

12.     There is an actual case or controversy between the parties over the invalidity, unenforceability by Elvie, and noninfringement of the Elvie Asserted Patents.

## COUNT I: DECLARATORY JUDGMENT OF INVALIDITY OF
## U.S. PATENT NO. 11,357,893

13.     Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 12 of its Counterclaims.

14.     An actual case or controversy exists between Momcozy and Elvie as to whether the '893 Patent is invalid.

15.     A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights as to whether the '893 Patent is invalid.

16.     The '893 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.



**COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF**

**U.S. PATENT NO. 11,413,380**

17.    Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 16 of its Counterclaims.

18.    An actual case or controversy exists between Momcozy and Elvie as to whether the '380 Patent is not infringed by Momcozy.

19.    A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights regarding the '380 Patent.

20.    Momcozy has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '380 Patent.

**COUNT III: DECLARATORY JUDGMENT OF INVALIDITY OF**

**U.S. PATENT NO. 11,413,380**

21.    Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 20 of its Counterclaims.

22.    An actual case or controversy exists between Momcozy and Elvie as to whether the '380 Patent is invalid.

23.    A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights as to whether the '380 Patent is invalid.

24.    The '380 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

**COUNT IV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF**

**U.S. PATENT NO. 11,413,381**

25.    Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 24 of its Counterclaims.



26.    An actual case or controversy exists between Momcozy and Elvie as to whether the '381 Patent is not infringed by Momcozy.

27.    A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights regarding the '380 Patent.

28.    Momcozy has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '381 Patent.

## COUNT V: DECLARATORY JUDGMENT OF INVALIDITY OF
## U.S. PATENT NO. 11,413,381

29.    Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 28 of its Counterclaims.

30.    An actual case or controversy exists between Momcozy and Elvie as to whether the '381 Patent is invalid.

31.    A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights as to whether the '381 Patent is invalid.

32.    The '381 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

## COUNT VI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
## U.S. PATENT NO. 11,806,454

33.    Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 32 of its Counterclaims.

34.    An actual case or controversy exists between Momcozy and Elvie as to whether the '454 Patent is not infringed by Momcozy.

35.    A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights regarding the '454 Patent.

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 71

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

36.    Momcozy has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '454 Patent.

### COUNT VII: DECLARATORY JUDGMENT OF INVALIDITY OF
### U.S. PATENT NO. 11,806, 454

37.    Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 36 of its Counterclaims.

38.    An actual case or controversy exists between Momcozy and Elvie as to whether the '454 Patent is invalid.

39.    A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights as to whether the '454 Patent is invalid.

40.    The '454 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

### PRAYER FOR RELIEF

WHEREFORE, Momcozy prays for judgment as follows:

A.    A judgment dismissing Elvie's Counterclaims against Momcozy with prejudice;

B.    A declaration that Momcozy has not infringed, directly or indirectly, any valid and enforceable claim of the '893, ' 380, '381, and '454 Patents;

C.    A declaration that the '893, '380, '381, and '454 Patents are invalid and/or unenforceable;

D.    A declaration that this case is exceptional and an award to Momcozy of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

E.    A judgment limiting or barring Elvie's ability to enforce the '893, '380, '381

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 72

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    and '454 Patents in equity;

2    F.    Such other and further relief as this Court may deem just and proper.

3    **DEMAND FOR JURY TRIAL**

4    Momcozy demands a jury trial for all issues so triable.

5

6

7    DATED: May 15, 2024.                    **SHM LAW FIRM**

8                                            By:  */s/ Qianwu Yang*
                                             Qianwu Yang (admitted *pro hac vice*)
9                                            Xiaomin Cao (admitted *pro hac vice*)
                                             3000 El Camino Real
10                                           Building 4, Suite 200
                                             Palo Alto, CA 94306
11                                           Phone: +86 139 2521 2009
                                             Fax:    +86 755 8326 6693
12                                           yang@shm.law
                                             cao.xiaomin@shm.law
13

14

15                                           **ARETE LAW GROUP PLLC**

16                                           By:  */s/ Jeremy Roller*
                                             Jeremy E. Roller, WSBA No. 32021
17                                           1218 Third Avenue, Suite 2100
                                             Seattle, WA 98101
18                                           Phone: (206) 428-3250
                                             Fax:    (206) 428-3251
19                                           jroller@aretelaw.com

20
                                             *Attorneys for Shenzhen Root Technology*
21                                           *Co., Ltd., Hong Kong Lute Technology Co.,*
                                             *Limited, Shenzhen Conglin E-Commerce*
22                                           *Co., Ltd., Shenzhen Jinruihang Technology*
                                             *Co., Ltd. and Shenzhen Xitao Network*
23                                           *Technology Co., Ltd.*

24

25

26

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 73

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon all attorneys of record using the automatic notification generated by the CM/ECF system.

Dated this 15th day of May, 2024, in Seattle, Washington.


*/s/ Kaila Greenberg*
Kaila Greenberg, Legal Assistant

MOMCOZY'S ANSWER TO AMENDED
COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND
COUNTER-COUNTERCLAIMS
No. 2:23-cv-00631-KKE – Page 74

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250