THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN ROOT TECHNOLOGY CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHIARO TECHNOLOGY Ltd.,<br><br>Defendant. | Case No. 2:23-cv-631<br><br>**CHIARO TECHNOLOGY LTD.'S ANSWER TO PLAINTIFFS' COUNTER-COUNTERCLAIMS** |
| CHIARO TECHNOLOGY LTD.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>SHENZHEN ROOT TECHNOLOGY CO., LTD., et al.,<br><br>Counterclaim Defendants. | |

Defendant/Counterclaim Plaintiff Chiaro Technology Ltd. ("Elvie") hereby submits its Answer to Counter-Counterclaims for Non-Infringement and Invalidity filed by Shenzhen Root Technology Co., Ltd. (aka Shenzhen Lutejiacheng Network Technology Co., Ltd.), Hong Kong Lute Technology Co., Limited, Shenzhen Conglin E-Commerce Co., Ltd, Shenzhen Jinruihang

ELVIE'S ANSWER TO MOMCOZY'S COUNTER-COUNTERCLAIMS – 1
Case No. 2:23-CV-631

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Technology Co., Ltd., and Shenzhen Xitao Network Technology Co., Ltd. (collectively "Momcozy").

## GENERAL DENIAL

Elvie denies all allegations contained in Momcozy's Counter-Counterclaims not expressly admitted in this Answer. Elvie refers to its Answer and Counterclaims (Dkt. 69) with respect to the allegations made in the Amended Complaint.

## THE PARTIES

1. Shenzhen Root Technology Co., Ltd., aka Shenzhen Lutejiacheng Network Technology Co., Ltd., is a corporation organized and existing under the laws of China, with its principal place of business at 2F2-201 Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China.

**ANSWER:** Elvie lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 1 as pled, and denies those allegations on that basis.

2. Hong Kong Lute Technology Co., Limited is a foreign corporation that is organized under the laws of Hong Kong and has its principal place of business at Room 02, 21F Shek Kwan Commercial Building, 38 Bi Street, Yau Ma Tei, Kowloon, Hong Kong.

**ANSWER:** Elvie lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 2 as pled, and denies those allegations on that basis.

3. Shenzhen Conglin E-Commerce Co., Ltd. is a corporation organized and existing under the laws of China, with its principal place of business at 21F, Jinzhonghuan International Business Building, No. 3037, Jintian Road, Fu'an Community, Futian Street, Futian District, Shenzhen, China.

**ANSWER:** Elvie lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 3 as pled, and denies those allegations on that basis.

4. Shenzhen Jinruihang Technology Co, Ltd. is a corporation organized and existing under the laws of China, with its principal place of business at Room 204, Building 59, Vanke Donghai'an, No. 216 Huanbi Road, Donghai'an, No. 216 Huanbi Road, Donghai'an Community, Meisha Street, Yantian District, Shenzhen, China.

ELVIE'S ANSWER TO MOMCOZY'S COUNTER-COUNTERCLAIMS – 2
Case No. 2:23-CV-631

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

**ANSWER:** Elvie lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 4 as pled, and denies those allegations on that basis.

5. Shenzhen Xitao Network Technology Co., Ltd. is corporation organized and existing under the laws of China, with its principal place of business at 2F2-209, Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China.

**ANSWER:** Elvie lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 5 as pled and denies those allegations on that basis.

6. Chiaro Technology, Limited is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business at 63-66 Hatton Garden, EC1N 8LE, London, United Kingdom. On information and belief, Elvie is the trading name of Chiaro Technology Limited and conducts business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

**ANSWER:** Elvie is a corporation organized and existing under the laws of England and Wales, with its principal place of business at 63-66 Hatton Garden, EC1N 8LE, London, United Kingdom. Elvie further admits that Elvie is the trading name of Chiaro Technology Limited and that it conducts business in the United States. Elvie denies the remaining allegations.

## JURISDICTION AND VENUE

7. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims arise under the patent laws of the United States.

**ANSWER:** Paragraph 7 states legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie admits that Momcozy purports to bring an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and the United States Patent Act, and that Elvie does not contest subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1338(a) for purposes of this action only.

8. This Court has personal jurisdiction over Elvie, at least because Elvie has submitted to the jurisdiction of this District.

ELVIE'S ANSWER TO MOMCOZY'S COUNTER-COUNTERCLAIMS – 3
Case No. 2:23-CV-631

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

**ANSWER:** Paragraph 8 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie does not contest the Court's exercise of personal jurisdiction over it for purposes of this action only.

9. Venue for these Counterclaims is proper in this District under 28 U.S.C. §§ 1391 and 1400.

**ANSWER:** Paragraph 9 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie does not contest venue for purposes of this action only.

## FACTUAL BACKGROUND

10. In its Counterclaims, Elvie asserts that Momcozy has infringed U.S. Patent Nos. 11,357,893 (the "'893 patent"), 11,413,380 (the "'380 patent"), 11,813,381, (the "'381 Patent") and 11,806,454 (the "'454 patent") (collectively, the "Elvie Asserted Patents").

**ANSWER:** Elvie admits it asserts that Momcozy has infringed the Elvie Asserted Patents in its Counterclaims.

11. The Elvie Asserted Patents are invalid, are unenforceable by Elvie, and/or have not been, and are not being, infringed by Momcozy, either directly or indirectly, literally or under the doctrine of equivalents.

**ANSWER:** Paragraph 11 contains legal conclusions and allegations to which no response is required. To the extent a response is required, denied.

12. There is an actual case or controversy between the parties over the invalidity, unenforceability by Elvie, and noninfringement of the Elvie Asserted Patents.

**ANSWER:** Paragraph 12 contains legal conclusions and allegations to which no response is required. To the extent a response is required, on information and belief, Elvie admits there is an actual case or controversy between Elvie and each of the parties over Momcozy's infringement of the valid and enforceable Elvie Asserted Patents. Elvie denies the remaining allegations of Paragraph 12.

ELVIE'S ANSWER TO MOMCOZY'S COUNTER-COUNTERCLAIMS – 4
Case No. 2:23-CV-631

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

## COUNT I: DECLARATORY JUDGMENT OF [ALLEGED] INVALIDITY OF U.S. PATENT NO. 11,357,893

13. Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 12 of its Counterclaims.

**ANSWER:** Elvie incorporates by reference its responses to Paragraphs 1 through 12 in response to Momcozy's allegations.

14. An actual case or controversy exists between Momcozy and Elvie as to whether the '893 Patent is invalid.

**ANSWER**: Paragraph 14 contains legal conclusions and allegations to which no response is required. To the extent a response is required, on information and belief, Elvie admits there is an actual case or controversy between Elvie and each of the parties over Momcozy's infringement of the valid and enforceable '893 Patent. Elvie denies the remaining allegations of Paragraph 14.

15. A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights as to whether the '893 Patent is invalid.

**ANSWER**: Paragraph 15 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie denies that a judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights, at least because the '893 Patent is valid.

16. The '893 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

**ANSWER**: Denied.

## COUNT II: DECLARATORY JUDGMENT OF [ALLEGED] NON-INFRINGEMENT OF U.S. PATENT NO. 11,413,380

17. Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 16 of its Counterclaims.

**ANSWER:** Elvie incorporates by reference its responses to Paragraphs 1 through 16 in response to Momcozy's allegations.

ELVIE'S ANSWER TO MOMCOZY'S COUNTER-COUNTERCLAIMS – 5
Case No. 2:23-CV-631

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

18. An actual case or controversy exists between Momcozy and Elvie as to whether the '380 Patent is not infringed by Momcozy.

**ANSWER**: Paragraph 18 contains legal conclusions and allegations to which no response is required. To the extent a response is required, on information and belief, Elvie admits there is an actual case or controversy between Elvie and each of the parties over Momcozy's infringement of the valid and enforceable '380 Patent. Elvie denies the remaining allegations of Paragraph 18.

19. A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights regarding the '380 Patent.

**ANSWER**: Paragraph 19 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie denies that a judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights, at least because Momcozy willfully infringed and continues to infringe the '380 Patent.

20. Momcozy has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '380 Patent.

**ANSWER**: Denied.

### COUNT III: DECLARATORY JUDGMENT OF [ALLEGED] INVALIDITY OF U.S. PATENT NO. 11,413,380

21. Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 20 of its Counterclaims.

**ANSWER**: Elvie incorporates by reference its responses to Paragraphs 1 through 20 in response to Momcozy's allegations.

22. An actual case or controversy exists between Momcozy and Elvie as to whether the '380 Patent is invalid.

**ANSWER**: Paragraph 22 contains legal conclusions and allegations to which no response is required. To the extent a response is required, on information and belief, Elvie admits there is an actual case or controversy between Elvie and each of the parties over Momcozy's

ELVIE'S ANSWER TO MOMCOZY'S COUNTER-COUNTERCLAIMS – 6
Case No. 2:23-CV-631

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

infringement of the valid and enforceable '380 Patent. Elvie denies the remaining allegations of Paragraph 22.

23.  A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights as to whether the '380 Patent is invalid.

**ANSWER**:  Paragraph 23 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie denies that a judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights, at least because the '380 Patent is valid.

24.  The '380 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

**ANSWER**:  Denied.

### COUNT IV: DECLARATORY JUDGMENT OF [ALLEGED] NON-INFRINGEMENT OF U.S. PATENT NO. 11,413,381

25.  Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 24 of its Counterclaims.

**ANSWER:**  Elvie incorporates by reference its responses to Paragraphs 1 through 24 in response to Momcozy's allegations.

26.  An actual case or controversy exists between Momcozy and Elvie as to whether the '381 Patent is not infringed by Momcozy.

**ANSWER**:  Paragraph 26 contains legal conclusions and allegations to which no response is required. To the extent a response is required, on information and belief, Elvie admits there is an actual case or controversy between Elvie and each of the parties over Momcozy's infringement of the valid and enforceable '381 Patent. Elvie denies the remaining allegations of Paragraph 26.

27.  A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights regarding the '38[1] Patent.

**ANSWER**:  Paragraph 27 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie denies that a judicial declaration

ELVIE'S ANSWER TO MOMCOZY'S COUNTER-COUNTERCLAIMS – 7
Case No. 2:23-CV-631

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

is necessary and appropriate so that Momcozy may ascertain its rights, at least because Momcozy willfully infringed and continues to infringe the '381 Patent.

28. Momcozy has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '381 Patent.

**ANSWER**: Denied.

**COUNT V: DECLARATORY JUDGMENT OF [ALLEGED] INVALIDITY OF U.S. PATENT NO. 11,413,381**

29. Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 28 of its Counterclaims.

**ANSWER**: Elvie incorporates by reference its responses to Paragraphs 1 through 28 in response to Momcozy's allegations.

30. An actual case or controversy exists between Momcozy and Elvie as to whether the '381 Patent is invalid.

**ANSWER**: Paragraph 30 contains legal conclusions and allegations to which no response is required. To the extent a response is required, on information and belief, Elvie admits there is an actual case or controversy between Elvie and each of the parties over Momcozy's infringement of the valid and enforceable '381 Patent. Elvie denies the remaining allegations of Paragraph 30.

31. A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights as to whether the '381 Patent is invalid.

**ANSWER**: Paragraph 31 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie denies that a judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights, at least because the '381 Patent is valid.

32. The '381 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

**ANSWER**: Denied.

ELVIE'S ANSWER TO MOMCOZY'S COUNTER-COUNTERCLAIMS – 8
Case No. 2:23-CV-631

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

### COUNT VI: DECLARATORY JUDGMENT OF [ALLEGED] NON-INFRINGEMENT OF U.S. PATENT NO. 11,806,454

33.  Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 32 of its Counterclaims.

**ANSWER:** Elvie incorporates by reference its responses to Paragraphs 1 through 32 in response to Momcozy's allegations.

34.  An actual case or controversy exists between Momcozy and Elvie as to whether the '454 Patent is not infringed by Momcozy.

**ANSWER**: Paragraph 34 contains legal conclusions and allegations to which no response is required. To the extent a response is required, on information and belief, Elvie admits there is an actual case or controversy between Elvie and each of the parties over Momcozy's infringement of the valid and enforceable '454 Patent. Elvie denies the remaining allegations of Paragraph 34.

35.  A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights regarding the '454 Patent.

**ANSWER**: Paragraph 35 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie denies that a judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights, at least because Momcozy willfully infringed and continues to infringe the '454 Patent.

36.  Momcozy has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '454 Patent.

**ANSWER**: Denied.

### COUNT VII: DECLARATORY JUDGMENT OF [ALLEGED] INVALIDITY OF U.S. PATENT NO. 11,806,454

37.  Momcozy restates and incorporates by reference its allegations in Paragraphs 1 through 36 of its Counterclaims.

**ANSWER:** Elvie incorporates by reference its responses to Paragraphs 1 through 36 in response to Momcozy's allegations.

ELVIE'S ANSWER TO MOMCOZY'S COUNTER-COUNTERCLAIMS – 9
Case No. 2:23-CV-631

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

38.     An actual case or controversy exists between Momcozy and Elvie as to whether the '454 Patent is invalid.

**ANSWER**:   Paragraph 38 contains legal conclusions and allegations to which no response is required. To the extent a response is required, on information and belief, Elvie admits there is an actual case or controversy between Elvie and each of the parties over Momcozy's infringement of the valid and enforceable '454 Patent. Elvie denies the remaining allegations of Paragraph 38.

39.     A judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights as to whether the '454 Patent is invalid.

**ANSWER**:   Paragraph 39 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Elvie denies that a judicial declaration is necessary and appropriate so that Momcozy may ascertain its rights, at least because the '454 Patent is valid.

40.     The '454 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

**ANSWER**:   Denied.

### PRAYER FOR RELIEF

This section of Momcozy's Counter-Counterclaims constitutes Prayers for Relief that do not require a response. Elvie denies that Momcozy is entitled to any judgment or requested relief or any other relief whatsoever and, therefore, specifically denies Paragraphs (A) to (F) of Momcozy's Counter-Counterclaim's Prayer for Relief. Each averment and/or allegation contained in Momcozy's Counter-Counterclaim that is not specifically admitted herein is hereby denied.

ELVIE'S ANSWER TO MOMCOZY'S COUNTER-COUNTERCLAIMS – 10
Case No. 2:23-CV-631

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Executed this May 29, 2024.

Respectfully submitted,

Lowe Graham Jones PLLC

_____
Mark P. Walters, WSBA No. 30819
Mitchell D. West, WSBA No. 53103
*walters@LoweGrahamJones.com*
*west@LoweGrahamJones.com*
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300
F: 206.381.3301

_____
Nirav N. Desai (*pro hac vice*)
Josephine Kim (*pro hac vice*)
Alexander Covington (*pro hac vice*)
Alex Alfano (*pro hac vice*)
Joseph Kim (*pro hac vice*)
Paige Cloud (*pro hac vice*)
Michael Webb (*pro hac vice*)
Richa Patel (*pro hac vice*)
Zachary L. Jacobs (*pro hac vic*)
Christopher Coleman (*pro hac vice*)
**STERNE, KESSLER, GOLDSTEIN & FOX PLLC**
1100 New York Ave., NW
Washington, DC 20005
Telephone: 202.371.2600
Facsimile: 202.371.2540

ELVIE'S ANSWER TO MOMCOZY'S COUNTER-COUNTERCLAIMS – 11
Case No. 2:23-CV-631

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301