The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHENZHEN ROOT TECHNOLOGY CO., LTD., et al.,

    Plaintiffs,

v.

CHIARO TECHNOLOGY LTD.,

    Defendant.

CHIARO TECHNOLOGY LTD.,

    Counterclaim Plaintiff,

v.

SHENZHEN ROOT TECHNOLOGY CO., LTD., et al.,

    Counterclaim Defendants.

No. 2:23-cv-00631-KKE

**MOMCOZY'S MOTION TO CONTINUE PRE-TRIAL DEADLINES AND STRIKE TRIAL DATE**

Note on Motion Calendar:
**June 25, 2024**

    Plaintiffs/Counterclaim Defendants Shenzhen Root Technology Co., Ltd. (aka Shenzhen Lutejiacheng Network Technology Co., Ltd.), Hong Kong Lute Technology Co., Limited, Shenzhen Conglin E-Commerce Co., Ltd, Shenzhen Jinruihang Technology Co.,

MOMCOZY'S MOTION TO CONTINUE PRE-TRIAL
DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 1



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Ltd., and Shenzhen Xitao Network Technology Co., Ltd. (collectively, "Momcozy") move this Court for an order extending the current pre-trial deadlines and striking the trial date.

## I. INTRODUCTION

By this motion, Momcozy seeks a modest extension of the case schedule. This extension is necessary given the massive expansion of this litigation due to Chiaro Technology, Ltd.'s ("Elvie") recently amended counterclaim, which has quadrupled the number of patents at issue and expanded eight-fold the number of Momcozy products accused of infringement from when the case schedule was first issued. An adjustment to the case schedule is also necessary to correct an apparent mistake in the existing case schedule, which makes expert reports on claim construction issues due before the parties identify claim terms for construction and propose constructions for disputed claim terms.

In March—nearly a year after this litigation started—Elvie moved for leave to amend its counterclaims. Elvie's proposed amended counterclaims involved a significant expansion of this case, increasing the number of patents at issue from two to four, adding a new defendant, and adding new accused products. Momcozy opposed Elvie's proposed amendment, primarily on the grounds that it would be unfairly prejudiced unless the case schedule was adjusted to account for the massive expansion of the scope of the case. The Court granted Elvie's motion to amend and invited the parties to confer regarding the case schedule. Regrettably, the parties have been unable to agree on a revised case schedule. Indeed, Elvie proposes further *tightening* an already unworkable schedule. Accordingly, Momcozy now brings this motion.

## II. FACTS

**A. Procedural Background**

Momcozy filed this lawsuit against Elvie over a year ago to seek declaratory judgment that one of its breast pump products, the S12 Pro, does not infringe Elvie's U.S. Patent No. 11,357,893 ("the '893 Patent") and that the '893 Patent is invalid. Complaint (Dkt. No. 1).

MOMCOZY'S MOTION TO CONTINUE PRE-TRIAL
DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 2



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

By this lawsuit, Momcozy also sought to remedy Elvie's removal, through an extrajudicial process called an Amazon Patent Evaluation Express Procedure ("APEX"), of Momcozy's S12 Pro product from Amazon's marketplace. *Id.* Shortly after filing the lawsuit, Momcozy sought a temporary restraining order requiring Elvie to withdraw its infringement complaints from Amazon as to Momcozy's products. *See* Motion for TRO and Order to Show Cause Why a Preliminary Injunction Should not Issue (Dkt. No. 21). The Honorable John Chun denied Momcozy's TRO request, but issued an order to show cause why a preliminary injunction should not issue. Order Denying TRO; Granting Order to Show Cause (Dkt. No. 43). In the Court's order on the TRO application, it noted that "the Court tentatively believes that [Momcozy] is likely to prevail on the merits." *Id.* at 7. Thereafter, Momcozy withdrew its preliminary injunction motion because Amazon re-listed Momcozy products in its marketplace. *See* Notice to Withdraw Pending Motion (Dkt. No. 49) at 1.

On June 2, 2023, Momcozy filed an Amended Complaint, which significantly developed Momcozy's allegations against Elvie. Amended Complaint (Dkt. No. 54).

On July 5, 2023, Judge Chun issued a scheduling order setting a trial date of September 2, 2025. Minute Order Setting Trial Date and Related Dates (Dkt. No. 62). Three weeks later the Parties jointly moved to modify certain case schedule deadlines. *See* Joint and Stipulated Motion to Modify Deadlines to Join Parties, Amend Pleadings, and Answer (Dkt. No. 63). The Parties requested a seven-month extension of the deadline to join additional parties. *Id.* at 1. The Parties also sought, at Elvie's request, an extension of the deadline for Elvie to answer Momcozy's Amended Complaint. *Id.* The Court amended the scheduling order, consistent with the Parties' request, on July 26, 2023. Order Granting Parties' Joint and Stipulated Motion to Modify Deadlines to Join Parties, Amend Pleadings, and Answer (Dkt. No. 64).

On August 14, 2023—three and a half months after Momcozy filed this lawsuit—Elvie answered Momcozy's Amended Complaint. *See* Elvie's Answer, Defenses, and

MOMCOZY'S MOTION TO CONTINUE PRE-TRIAL
DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Counterclaims (Dkt. No. 69). With that answer, Elvie asserted counterclaims against the then-plaintiffs, including, in addition to claims for patent infringement, a claim for breach of contract, and added three new counterclaim defendants. *Id.* The counterclaims significantly expanded the scope of this lawsuit, accusing six Momcozy products of infringing the '893 Patent and a newly added patent, U.S. Patent No. 11,413,380 (the "'380 Patent"). *Id.* at 26.

On March 1, 2024—ten months into this lawsuit—Elvie moved to amend its counterclaims again. *See* Motion for Leave to Amend Counterclaims (Dkt. No. 101). Elvie's proposed amendment represented a massive expansion of this lawsuit. Elvie sought to add (1) two new patents (U.S. Patent Nos. 11,813,381 (the "'381 Patent") and 11,806,454 (the "'454 Patent"))[1], (2) a new defendant (Shenzhen Xitao Network Technology Co., Ltd. ("Xitao")), and (3) two new accused products (the Momcozy V1 and V2 hands-free breast pumps). *Id.* Ex. B. While the '381 Patent belongs to the same patent family as the previously asserted '893 and '380 Patents, the '454 Patent belongs to a different and unrelated patent family. The Momcozy V1 and V2 hands-free breast pumps are also substantially different from the Momcozy S and M series products that were already in the case. And information about Xitao had been publicly available and unchanged since at least 2022, long before Elvie first filed its original counterclaim in August of 2023.

Momcozy opposed Elvie's Motion to Amend, primarily on the grounds that without an extension of the case schedule, Momcozy would be unfairly prejudiced by Elvie's massive expansion of the case. *See* Opposition to Motion for Leave to Amend Counterclaims (Dkt. No. 108). Under Elvie's proposed amendment, (1) the number of patents in the case would be four times the number when the case schedule was issued, (2) the number of disputed Momcozy products would be eight times the number when the case schedule was issued, and

---

[1] The U.S. Patent and Trademark Office ("USPTO") granted these two new patents in November 2023, nearly four months before Elvie sought to add them to this lawsuit.



(3) the number of companies accused of infringement would be more than twice the number when the case schedule was issued.

This Court granted Elvie's Motion to Amend on April 30, 2024. Order Granting Motion to Amend Counterclaims (Dkt. No. 113). In the order, the Court observed that "modifications to the case schedule necessitated by amendment may be addressed in a future motion to modify the case schedule." *Id.* at 6. The Court further directed the Parties "to meet and confer regarding modifications to the case schedule necessitated by this amendment" and stated that if the parties are unable to agree on case schedule modifications, "either party may file a motion to modify the schedule pursuant to Local Civil Rule 16(b)(6)." *Id.* at 7.

Elvie filed its Amended Counterclaims on May 1, 2024. *See* Amended Counterclaims (Dkt. No. 114). Momcozy answered those counterclaims and asserted counter-counterclaims on May 15, 2024, which Elvie just recently answered. *See* Answer to Amended Counterclaims, Affirmative Defenses, and Counter-Counterclaims (Dkt. No. 117); Answer to Counter-Counterclaims (Dkt. No. 118).

**B. Elvie Refuses to Adjust the Case Schedule and Instead Suggests Further Compression of Case Deadlines**

Even before the Court granted Elvie's Motion for Leave to Amend Counterclaims, Momcozy reached out to Elvie to suggest a modest change in the remaining pre-trial schedule. On April 9, 2024, Momcozy's counsel emailed Elvie's counsel a schedule that proposed extending most pre-*Markman* hearing deadlines by about seven to ten weeks. Roller Decl. Ex. A. Elvie rejected that proposal, and instead proposed a revised schedule that would *accelerate* at least five pre-*Markman* deadlines. Roller Decl. Ex. B.

After this Court granted Elvie's Motion for Leave to Amend Counterclaims, Momcozy again proposed an adjustment to the remaining pre-trial schedule, which suggested an even smaller extension of the pre-*Markman* deadlines. Roller Decl. Ex. C. About three weeks ago Elvie rejected Momcozy's suggestions. Roller Decl. Ex. D. Shockingly, Elvie's

MOMCOZY'S MOTION TO CONTINUE PRE-TRIAL
DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 5



counterproposal *accelerated* multiple dates by a week and a half to nearly five weeks, including the following:

- Moving the deadline for preliminary infringement contentions and disclosure of asserted claims from the current deadline of June 10, 2024, to May 31, 2024 (a proposed acceleration of 10 days);
- Moving the deadline for exchange of preliminary claim constructions and extrinsic evidence from the current deadline of September 9, 2024, to August 7, 2024 (a proposed acceleration of 33 days); and
- Moving the deadline for submission of the joint claim construction and prehearing statement from the current deadline of October 3, 2024, to September 16, 2024 (a proposed acceleration of 17 days).

Roller Decl. ¶ 3 & Ex. D.

Elvie's objection to Momcozy's proposed extension has nothing to do with the needs of the case. Rather, Elvie's objection is that it "has no guarantee it can collect on a judgment should it succeed at trial, and in the meantime Momcozy will continue to sell its accused products for the duration of the case." Roller Decl. Ex. D. But that is true for *every* patent infringement plaintiff who does not obtain a preliminary injunction against distribution of accused products. Indeed, Judge Chun recognized this in his order denying Elvie's meritless motion for reconsideration of the TRO Order:

> [T]he Court notes that the current status quo—in which [Momcozy] continues to manufacture and sell the accused products—represents a garden-variety patent case. In many patent cases, a patentee must litigate a case to judgment; if successful, a patentee may be entitled to a prospective injunction as well as money damages to compensate for past infringement. [Momcozy's] continued sale of the accused products while the parties litigate this case does not, *on its own*, justify reconsideration of the Court's prior order.

Order Denying Motion for Reconsideration (Dkt. No. 59) at 3 (emphasis in original).

MOMCOZY'S MOTION TO CONTINUE PRE-TRIAL
DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

### C. Momcozy Agrees to Have Counsel Accept Service on Xitao's Behalf

Although not required, to reduce delays and costs and to address this case on the merits, Momcozy authorized its lawyers to accept service on behalf of the newly added counterclaim defendant, Xitao. Roller Decl. Ex. E. Had Momcozy not agreed to authorize its counsel to accept service of the summons and Amended Counterclaims on Xitao's behalf, Elvie likely would have expended the better part of a year serving Xitao under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention").

### D. Elvie Intends to Add yet Another Counterclaim Defendant

Even though the deadline to amend pleadings and add parties passed over three months ago, Elvie has indicated that it intends to add yet another counterclaim defendant, Root Technology, a Colorado corporation. *See* Roller Decl. Ex. D (Elvie's counsel offering a two-week extension of deadline to answer counterclaims "provided that Momcozy agrees not to oppose our motion for leave to amend as to Root Technology").

### E. Remaining Case Deadlines

The Parties are facing imminent claim construction deadlines, despite that the pleadings just closed (and that Elvie has stated it intends to amend its counterclaims at least once more to add a new counterclaim defendant). Currently the remaining pre-trial deadlines (through claim construction only) are as follows:

| Event | Deadline |
|---|---|
| Preliminary infringement contentions and disclosure of asserted claims | June 10, 2024 |
| Disclosure of preliminary invalidity contentions | July 1, 2024 |
| Reports from expert witnesses regarding Markman issues | July 29, 2024 |
| Rebuttal expert reports regarding Markman issues | August 23, 2024 |
| Preliminary claim chart | Sept. 9, 2024 |
| Joint claim chart and prehearing statement | Oct. 3, 2024 |

MOMCOZY'S MOTION TO CONTINUE PRE-TRIAL DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

| Opening claim construction briefs | Oct. 28, 2024 |
| Responsive claim construction briefs | Nov. 12, 2024 |
| <u>Markman</u> hearing | Dec. 16, 2024 |

Minute Order Setting Trial Dates and Related Dates (Dkt. No. 62); Order Modifying Deadlines (Dkt. No. 64).

The trial date currently is set for just over a year from now—September 2, 2025. *Id.*

### III.   ARGUMENT

**A. Standard**

A "district court has broad discretion . . . to control its own docket." *Clinton v. Jones*, 520 U.S. 682, 706-07 (1997). A district court may modify a case schedule on a showing of "good cause." Fed. R. Civ. P. 16(d)(4). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key question is whether the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A court should consider whether relief from a scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

**B. Good Cause Exists to Continue the Case Schedule**

Particularly given the significant expansion of the case given Elvie's amended counterclaims—which quadrupled the number of patents at issue, increased by eight-fold the number of products at issue, and expanded the number of counterclaim defendants from three to five since the case schedule was first issued—there is ample good cause to continue the case schedule.



### 1. Momcozy has Exercised Diligence

Momcozy plainly has exercised diligence in this matter. Indeed, were it not for Elvie's significant expansion of this case, Momcozy likely would not be seeking an extension of the case schedule. Momcozy has responded to Elvie's discovery, including substantively answering interrogatories (and supplementing multiple responses), responding to over one hundred requests for admission, and producing documents in response to Elvie's requests for production. Momcozy stands ready to execute searches of sources of electronic discovery upon agreement on search terms. Further, Momcozy has acted to move this case forward efficiently by, for example, authorizing its lawyers to accept service of a summons and Elvie's Amended Counterclaims on behalf of Xitao so that Elvie would not have to go through the hassle and delay of serving in accordance with the Hague Convention. Roller Decl. Ex. E. Similarly, Momcozy offered not to oppose Elvie's forthcoming motion to amend (months after the deadline to amend and add parties passed) to add Root Technology as yet another counterclaim defendant if the parties were able to agree on a reasonable extension of the case schedule. Roller Decl. Ex. C.

### 2. The Need for a Case Schedule Extension Arises from Matters that Could not Reasonably have been Anticipated when the Case Schedule was Entered

Momcozy could not reasonably have anticipated the need for an extension of the case schedule when it was issued. When Judge Chun ordered the governing case schedule (and minor modification) in July of 2023, Elvie had not yet answered Momcozy's complaint, much less asserted counterclaims. While in the pre-scheduling order Joint Status Report Elvie advised that it intended to allege that Momcozy infringed Elvie patents other than the '893 Patent, Momcozy did not know that Elvie intended to add the '381 Patent or the '454 Patent.[2]

---

[2] While Elvie mentioned in footnote 1 of its original Answer and Counterclaim that it intended to amend its counterclaim to assert infringement of Patent Application No.17/203,292 upon issuance by the USPTO, Judge Chun issued the governing scheduling

MOMCOZY'S MOTION TO CONTINUE PRE-TRIAL
DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 9



It could not have, as those patents issued in November of 2023—months after the current case schedule was established. Amended Counterclaims (Dkt. No. 114) ¶¶ 87, 90. Indeed, Momcozy could not have known that the new patents would ever issue at the time the scheduling order was entered. Further, Momcozy did not know that Elvie intended to expand this case to add multiple additional Momcozy breast pumps as accused products. And finally, Momcozy could not have known that—months after the deadline to add parties and amend pleadings had passed—Elvie would intend to add yet another counterclaim defendant (Root Technology) to this lawsuit. *See* Roller Decl. Ex. D. This case is indisputably different and of a much larger scope than it was when the case schedule was issued, in that multiple new claims, multiple new patents, and multiple new parties have been added since that time.

### 3. Momcozy Would be Unfairly Prejudiced without an Extension of the Case Schedule

Under the current case schedule, disclosure of preliminary invalidity contentions is due in less than four weeks—July 1, 2024. Expert reports regarding *Markman* issues are due just four weeks after that—July 29, 2024. These deadlines were established based upon one patent and one disputed product. While that patent was known well over a year ago (and when Judge Chun set these deadlines to occur a year after issuance of the scheduling order), Elvie has since expanded the case to *four* patents (in two different patent families) and *eight* accused products. Momcozy only knew that two of the additional patents would be in the case about five weeks ago when this Court granted Elvie's motion to amend. Given the massive recent expansion of the scope of this case, it will be extraordinarily difficult (if not impossible) for Momcozy to prepare preliminary patent invalidity contentions and expert reports on *Markman* issues for the two newly added patents when those patents were added to this case just over a month ago.

---

order before that Answer and Counterclaim was filed. Additionally, it was uncertain whether the patent would be granted before the March 6, 2024 deadline to amend.



Elvie appears to recognize as much, at least as to expert disclosures on claim construction issues. In the parties' attempt to agree on a new schedule, Elvie proposed pushing back the deadlines for disclosure of expert reports on *Markman* issues by about a month. Roller Decl. Ex. D (Elvie suggesting that deadline for opening expert disclosures for claim construction be moved from July 29 to August 28, 2024, and that deadline for rebuttal expert disclosures for claim construction be moved from August 23 to September 20, 2024). And that overly modest one-month extension was only made possible by Elvie's proposal to *accelerate* certain other deadlines (*e.g.*, deadline for exchange of preliminary claim constructions and extrinsic evidence) by up to over a month. *Id.*

In contrast to the unfair prejudice Momcozy will suffer if the case schedule is not extended in light of Elvie's massive expansion of this case, Elvie will suffer no unfair prejudice. Indeed, Elvie's own lawyers admit as much, writing that "Elvie would be open to a generous extension of the case schedule if Momcozy would agree to post a bond." Roller Decl. Ex. D.

4. **Proposed Case Schedule**

Considering everything described above, Momcozy suggests the following adjustments to the case schedule:

| **Pre-Claim Construction Deadline** | **Current Schedule** | **Proposed Modification** |
|---|---|---|
| JURY TRIAL DATE | September 2, 2025 | To be set by the Court |
| Preliminary Infringement Contentions and Disclosure of Asserted Claims (LPR 120) | June 10, 2024 | August 1, 2024 |
| Disclosure of Preliminary Non-Infringement and Invalidity Contentions (LPR 121) | July 1, 2024 | September 5, 2024 |

MOMCOZY'S MOTION TO CONTINUE PRE-TRIAL DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 11

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

| Exchange of Proposed Terms and Claim Elements for Construction (LPR 130(a)) | n/a | September 26, 2024 |
|---|---|---|
| ~~Preliminary Claim Chart~~ Exchange of Preliminary Claim Constructions and Extrinsic Evidence (LPR 131(a), LPR 131(b)) | September 9, 2024 | October 25, 2024 |
| Joint Claim ~~chart~~ Construction and Prehearing Statement (LPR 132) | October 3, 2024 | December 11, 2024 |
| Opening Expert Disclosures for Claim Construction (LPR 132(f)) | July 29, 2024 | December 11, 2024 |
| Rebuttal Expert Disclosures for Claim Construction | August 23, 2024 | January 10, 2025 |
| Completion of Claim Construction Discovery | | February 6, 2025 |
| Opening Claim Construction Briefs (LPR 134(a)) | October 28, 2024 | February 13, 2025 |
| Responsive Claim Construction Briefs (LPR 134(c)) | November 12, 2024 | February 28, 2025 |
| Claim Construction Hearing (LPR 135) | December 16, 2024 | To be set by the Court |

    This schedule provides adequate (though by no means excessive) time for Momcozy to prepare invalidity contentions for both the patents that have been in this case from near the beginning *and* the newly added patents, which have been in this case for only a few weeks. Similarly, it will provide sufficient time for both Elvie and Momcozy to work with their experts to prepare expert disclosures for claim construction.

    Furthermore, Momcozy's proposed schedule corrects a mistake in the existing schedule relating to the sequence of claim construction deadlines. The existing schedule calls



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

for expert reports on claim construction to be served before the parties identify claim terms for construction and propose constructions for disputed claim terms. This sequence makes no sense, as the parties must identify the claim terms for construction and proposed constructions *before* expert reports about those things can be prepared and served. Accordingly, Momcozy's proposed schedule corrects this mistake with a sequence of deadlines that calls for the parties to:

(1) exchange claim terms for construction,

(2) exchange proposed constructions for such claim terms,

(3) submit a joint claim construction statement to the Court and exchange expert reports on claim construction,

(4) exchange rebuttal expert reports, and

(5) file briefs and participate in the *Markman* hearing.

This sequence is consistent with Local Patent Rules 130 to 135. In short, even setting aside the extraordinarily compressed time for Momcozy to meet claim construction deadlines given Elvie's late addition of two patents to this case, the claim construction deadlines must be re-ordered to fit with local patent rules and make sense.[3]

Given the uncertainty about when claim construction will be complete, Momcozy suggests that the trial date be stricken and be re-set *after* this Court completes claim construction. Indeed, this is consistent with the Court's order in what appears to be the only patent case in which this Court has issued a scheduling order, *Fantasia Trading LLC v. Slice Engineering LLC*, in which this Court approved a case schedule that set trial deadlines through claim construction, but left the claim construction hearing, post-claim construction

---

[3] Under the Local Patent Rules, responsive *Markman* briefs are due 195 days after disclosure of asserted claims. *See* LPR Appendix 1. As the schedule now stands, responsive *Markman* briefs are due only 155 days after that disclosure—nearly five weeks earlier than the Local Patent Rules contemplate. That is too tight, even setting aside Elvie's recent addition of two new patents, which itself demands a continuance of the case schedule.

MOMCOZY'S MOTION TO CONTINUE PRE-TRIAL
DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 13


ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

deadlines, and the trial date to be set after the *Markman* hearing.  *See* Order Granting Stipulated Motion and Scheduling Order (Dkt. No. 29) in *Fantasia Trading LLC v. Slice Engineering LLC*, No. 2:23-cv-01436-KKE (W.D. Wash.) (attached as Roller Decl. Ex. F).

If the Court determines that, despite the uncertainty in predicting when claim construction will be complete, a trial date should be set, Momcozy believes it should be set on or after March 16, 2026.  Assuming that claim construction issues are resolved by April of 2025 (which is an aggressive assumption), this would allow ten months to complete discovery, expert reports, and dispositive motions prior to trial.

## IV.   CONCLUSION

For the foregoing reasons, this Court should grant Momcozy's request for a modest extension of the pre-*Markman* hearing case deadlines and strike the current trial date.  A proposed order is submitted herewith.

DATED: June 4, 2024.

The undersigned counsel certify that this memorandum contains 3,822 words, in compliance with the Local Civil Rules.

**ARETE LAW GROUP PLLC**

By: */s/ Jeremy Roller*
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jroller@aretelaw.com


**SHM LAW FIRM**

By: */s/ Qianwu Yang*
Qianwu Yang (admitted *pro hac vice*)
Xiaomin Cao (admitted *pro hac vice*)
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306



| | |
|---|---|
| 1 | Phone: +86 139 2521 2009 |
| 2 | Fax:     +86 755 8326 6693 |
|   | yang@shm.law |
| 3 | cao.xiaomin@shm.law |
| 4 | *Attorneys for Shenzhen Root Technology Co., Ltd., Hong Kong Lute Technology Co., Limited, Shenzhen Conglin E-Commerce Co., Ltd, and Shenzhen Jinruihang Technology Co., Ltd.* |

MOMCOZY'S MOTION TO CONTINUE PRE-TRIAL
DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 15

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon all attorneys of record using the automatic notification generated by the CM/ECF system.

Dated this 4th day of June, 2024, in Seattle, Washington.

/s/ Kaila Greenberg
Kaila Greenberg
Legal Assistant

MOMCOZY'S MOTION TO CONTINUE PRE-TRIAL
DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 16

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250