The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHENZHEN ROOT TECHNOLOGY
CO., LTD., et al.,

    Plaintiffs,

v.

CHIARO TECHNOLOGY LTD.,

    Defendant.

CHIARO TECHNOLOGY LTD.,

    Counterclaim Plaintiff,

v.

SHENZHEN ROOT TECHNOLOGY
CO., LTD., et al.,

    Counterclaim Defendants.

No. 2:23-cv-00631-KKE

**MOMCOZY'S REPLY IN SUPPORT OF MOTION TO CONTINUE PRE-TRIAL DEADLINES AND STRIKE TRIAL DATE**

Noted on Motion Calendar:
**June 25, 2024**

## I.  INTRODUCTION

Elvie admits that the case schedule must be changed because it is missing a deadline (to identify claim terms for construction, per LPR 130) and has a mistake in deadline sequencing (because it requires the Parties to serve claim construction expert reports *before*

MOMCOZY'S REPLY IN SUPPORT OF MOTION TO CONTINUE
PRE-TRIAL DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 1

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

they propose constructions for disputed claim terms in a preliminary claim chart, per LPR 131). This is unworkable, as without identification of proposed claim terms for construction and proposed constructions, expert reports will be useless. Rather than agreeing to fix those scheduling quirks *and* make a modest adjustment to remaining claim construction deadlines that are necessary due to Elvie's recent massive expansion of this case, Elvie insists that other claim construction deadlines *and* the fact discovery cutoff be accelerated—making a bad situation worse.

Elvie's recent dramatic enlargement of this case makes the existing schedule even more unworkable. All Parties agree that mistakes in the schedule need to be remedied. This Court should solve both problems by striking the trial date and approving a modest extension to claim construction deadlines. Elvie's protestations that an extension of the schedule would prejudice it are belied by its offer of a "generous extension" if Momcozy agrees to post a bond.

## II. ARGUMENT

### A. Elvie's Assertion that Momcozy Knew Elvie Intended to Massively Expand the Case is Misleading and Beside the Point

Elvie spends pages arguing that Momcozy knew that Elvie intended to explode the scope of this case by adding new patents and new products. That is misleading and irrelevant. While Elvie did state in the June 2023 JSR that it intended to allege that Momcozy infringed additional Elvie patents, it did not identify those patents, and the later-added '381 and '454 patents had not yet issued. JSR (Dkt. No. 61) at 1-2.

While Elvie further noted that intended to amend again "to further assert infringement of allowed Patent Application No. 17/203,292 upon its issuance by the USPTO," (Dkt. No. 69 ¶ 1 n.1), that statement was not meaningful for at least two reasons. First, that application eventually issued as the '381 Patent, but it was unclear whether the patent would ever issue, even more so before the March 6, 2024 deadline to amend. Second, while the '381 Patent issued in early November of 2023, *see* Amended Counterclaims ¶ 88, Elvie did not approach

MOMCOZY'S REPLY IN SUPPORT OF MOTION TO CONTINUE
PRE-TRIAL DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 2

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Momcozy about this amendment until February 20, 2024. *See* Elvie Opposition Ex. A at 25-26. The Parties then spent several days negotiating terms by which the amendment could be stipulated (which primarily involved scheduling issues), *see id.* at 20-26, before Elvie moved to amend on March 1, 2024. Motion for Leave to Amend (Dkt. No. 101).

### B. Elvie Appears to Contemplate Additional Amendments

While Elvie seems to have walked away from its intention to add Root Technology as yet another new counterclaim defendant, *see* Opposition at 10, Elvie appears to intend to amend yet again. In its June 10, 2024 Disclosure of Asserted Claims and Initial Infringement Contentions, Elvie includes the Momcozy "Mobile Style (M6)" model as an "Accused Product" and provided patent claim charts for that model for two patents. Roller Reply Decl. ¶ 2 & Ex. G. Elvie did not accuse that product of infringement in its Amended Counterclaims. *See* Amended Counterclaims ¶¶ 2-5. Including the M6 model, Elvie appears to anticipate adding at least ***twelve*** accused products to this litigation, though it has not yet provided claim charts for those newly accused products except for the M6. Roller Reply Decl. ¶ 3 & Ex. G.

### C. Elvie's Assertions About Copying are False and its Presentation of Side-by-Side Photographs of Products is Misleading

In an apparent attempt to unfairly prejudice this Court against Momcozy, Elvie presents side-by-side photographs of certain of its and Momcozy's products. *See* Opposition at 11. As Elvie and its counsel know, the relevant question is not whether there are similarities in appearance between the two Parties' products. Rather, the relevant questions are (1) whether Momcozy's products meet the claim limitations of Elvie's patents, *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1365 (Fed. Cir. 2002), and (2) whether Elvie's asserted patent claims are valid. Momcozy has not copied Elvie's products. Elvie's irrelevant and misleading side-by-side photographs should be disregarded for what they are—

MOMCOZY'S REPLY IN SUPPORT OF MOTION TO CONTINUE
PRE-TRIAL DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

an attempt to deflect from the unfair prejudice Momcozy will suffer if the case schedule is not extended given Elvie's massive expansion of this case.[1]

### D. Elvie's "Historical Practice" Argument Fails

Elvie contends that the "historical practice" in this district shows that the case schedule need not be extended. Opposition at 12-13. Contrary to Elvie's suggestion, examining patent cases in this district over the past dozen years reveals that the current schedule is unrealistic.

The two cases Elvie specifically identifies *support* an extension. Elvie points to *NXP USA v. Impinj*, No. 2:20-cv-01503-JHC, as an example of a case that was completed on a timeline similar to that scheduled here. While Elvie notes that *Impinj* went to trial in less than 1,000 days "of transfer," Elvie fails to account for the fact that the case had been filed in Delaware a year before transfer. Accordingly, it went to trial well more than 1,300 days after filing. *Immersion Corporation v. Valve Corporation*, No. 2:23-cv-000712-TL, undermines rather than supports Elvie's position. While Elvie points to the original scheduling order in *Immersion*, it fails to advise that the case recently was stayed and therefore trial, if it ever happens, will be significantly later than the original scheduling order provided.

A docket search reveals that five patent cases filed since 2013 have gone to jury trial in the Western District of Washington:

- *NXP USA v. Impinj*, No. 2:20-cv-01503-JHC (8 patents) (3 years, 8 months to trial);

---

[1] Briefing on this motion is not the place to resolve Elvie's allegations of infringement. But Momcozy is confident that it will show that its products are not infringing, consistent with Judge Chun's preliminary observations. Relatedly, while Elvie accuses Momcozy of breaching the APEX Agreement by disclosing that Elvie failed to make its infringement case, Elvie's Opposition does the very thing of which it accuses Momcozy—namely, disclose Momcozy's confidential non-infringement positions. Momcozy will timely supplement those non-infringement arguments in its non-infringement contentions (though all parties should benefit from extended deadlines, given the significantly increased scope of this case).



- *Ironburg Inventions v. Valve Corporation*, No. 2:17-cv-01182-TSZ (4 patents) (5 years, 2 months to trial);
- *Inventist. v. Ninebot*, No. 3:16-cv-05688-BJR (1 utility patent and 2 design patents) (7 years to trial);
- *Eko Brands v. Adrian Rivera Maynez Enterprises*, No. 2:15-cv-00522-MLP (2 patents) (3 years, 2 months to trial);
- *Milo & Gabby v. Amazon.com*, No. 2:13-cv-01932-RSM (6 design patents) (2 years to trial).

Of these five cases, *Milo & Gabby* is the outlier. But *Milo & Gabby* involved *design* patents for dog pillows, not utility patents. Design patent cases generally are simpler than utility patent cases, as utility patents cover how a product works and involve complex technical details and functional aspects, while design patents are concerned with the appearance of the article. *See, e.g.*, *Reddy v. Lowe's Companies, Inc.*, 60 F. Supp. 3d 249, 251-52 (D. Mass. 2014). Even including the simpler *Milo & Gabby* case, the median time to trial is 3 years, 8 months, while the mean time to trial is 4 years, 1 month. Setting aside the recent massive expansion of this case (which itself more than justifies an extension of the case schedule), this shows the current case schedule of 2 years, 4 months from case filing to trial would be the fastest time to trial of any case involving utility patents tried to a jury in this district filed in the past dozen years.

**E. Elvie's Opposition is a Pretext to ask for a Bond, Which Would be Unprecedented and Unwarranted**

Elvie again raises its request for "a bond for attorneys' fees specifically for the duration of any case extension," which it contends "presents an additional option for compromising on the trial date." Opposition at 13. But Elvie cites no authority for conditioning a necessary extension of case schedule on a counterclaim defendant posting a bond—because such a condition would be unprecedented. Elvie similarly argues that "[e]xtending the case schedule prejudices Elvie, because it allows Momcozy to continue

MOMCOZY'S REPLY IN SUPPORT OF MOTION TO CONTINUE PRE-TRIAL DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 5

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

infringing without guarantee of recompense." Elvie is wrong that Momcozy is infringing—as Momcozy will show at trial or on summary judgment. Elvie raised a similar argument, *i.e.*, that it had no guarantee it could collect on a judgment, in support of its motion for reconsideration of the TRO Order. Judge Chun properly rejected that as "the current status quo—in which [Momcozy] continues to manufacture and sell the accused products—represents a garden-variety patent case." Order Denying Motion for Reconsideration (Dkt. No. 59) at 3. This case is not special in that regard. The purported "prejudice" Elvie points to occurs in *every* patent infringement case where the plaintiff does not obtain a preliminary injunction.[2]

**F. Other than Misleadingly Suggesting that Momcozy Should have Anticipated Elvie's Massive Expansion of this Case, Elvie does not Address the Effects of the Significantly Increased Scope of this Litigation**

The Parties are facing imminent claim construction deadlines on a schedule that, even if the existing deadlines were all in 2025, would not be workable because expert reports are due *before* disclosure of preliminary claim constructions and extrinsic evidence upon which the experts will opine.[3] Elvie's proposed solution to this problem is to *accelerate* existing case deadlines by a week and a half to more than a month, including moving the deadline for exchange of preliminary claim constructions and extrinsic evidence up 33 days and moving

---

[2] Elvie likely has not sought such preliminary relief because Judge Chun observed that "the Court tentatively believes that [Momcozy] is likely to prevail on the merits." TRO Order (Dkt. No. 43) at 7.

[3] Elvie falsely suggests that Momcozy timed this motion "to coincide with Elvie's deadline to serve infringement contentions." Opposition at 2. Not so. As shown in the declaration that accompanied Momcozy's motion, Momcozy attempted to negotiate a reasonable extension of the claim construction deadlines and harmonize those deadlines with the Local Patent Rules both before and after this Court granted Elvie's Motion to Amend. *See* Roller Decl. ¶¶ 2-3 & Exs. A-D. But Elvie responded only by proposing to *accelerate* deadlines. Momcozy proposed that the Parties partially solve this problem by agreement, but Elvie rejected that proposal. *See* Opposition Ex. C. Momcozy will serve its preliminary non-infringement and invalidity contentions by the July 1 deadline if this Court does not sooner grant this motion, but all Parties and the Court will be well served by the modest extension of claim construction deadlines Momcozy proposes.



the deadline for submission of the joint claim construction and prehearing statement up 17 days.  Roller Decl. ¶ 3 & Ex. D.

Elvie's proposal wouldn't work even had it not recently drastically expanded the case. Indeed, the schedule is already compressed as compared to the default claim construction intervals in the Local Patent Rules. *See* Motion at 11-14 & 13 n.3.  But Elvie has significantly increased the scope of the case from when the scheduling order was first entered, with the bulk of the expansion coming in the last several weeks.  The original case schedule was entered based upon one patent and one disputed product.  Since that time, Elvie has expanded the case to *four* patents (in two different patent families) and to *eight* accused products (not to mention the new Momcozy products that Elvie has accused, but has not yet added to this case, *see* Section II.B, *supra*).

Momcozy cannot adequately prepare for the existing claim construction deadlines and will be unfairly prejudiced if this Court does not expand the case schedule given recent huge increase in the breadth of this litigation and fix the undisputed mistakes in existing claim construction deadlines.  Momcozy unquestionably was shortchanged in the time for it to prepare invalidity contentions because of the late addition of two patents.  Momcozy's proposal would give all parties sufficient time to supplement their contentions.  The changes to the remaining claim construction deadlines proposed by Momcozy will harmonize that portion of the schedule with the Local Patent Rules and provide the Parties sufficient time to prepare and present this critical phase of the case.  Given uncertainty about when claim construction will be complete, this Court should strike the trial date to be re-set *after* the Court finishes claim construction, as this Court did in *Fantasia Trading v. Slice Engineering*.

### III.   CONCLUSION

This Court should grant Momcozy's request for a modest extension of the pre-*Markman* hearing case deadlines and strike the current trial date.

MOMCOZY'S REPLY IN SUPPORT OF MOTION TO CONTINUE
PRE-TRIAL DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

DATED: June 25, 2024.

The undersigned counsel certify that this memorandum contains 2,100 words, in compliance with the Local Civil Rules.

**ARETE LAW GROUP PLLC**

By: */s/ Jeremy Roller*
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:     (206) 428-3251
jroller@aretelaw.com

**SHM LAW FIRM**

By: */s/ Qianwu Yang*
Qianwu Yang (admitted *pro hac vice*)
Xiaomin Cao (admitted *pro hac vice*)
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Phone: +86 139 2521 2009
Fax:     +86 755 8326 6693
yang@shm.law
cao.xiaomin@shm.law

*Attorneys for Shenzhen Root Technology Co., Ltd., Hong Kong Lute Technology Co., Limited, Shenzhen Conglin E-Commerce Co., Ltd., Shenzhen Jinruihang Technology Co., Ltd., and Shenzhen Xitao Network Technology Co., Ltd.*

MOMCOZY'S REPLY IN SUPPORT OF MOTION TO CONTINUE
PRE-TRIAL DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 8

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon all attorneys of record using the automatic notification generated by the CM/ECF system.

Dated this 25th day of June, 2024, in Seattle, Washington.

/s/ Kaila Greenberg
Kaila Greenberg
Legal Assistant

MOMCOZY'S REPLY IN SUPPORT OF MOTION TO CONTINUE
PRE-TRIAL DEADLINES AND STRIKE TRIAL DATE
No. 2:23-cv-00631-KKE – Page 9

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250