UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN ROOT TECHNOLOGY CO. LTD. et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>CHIARO TECHNOLOGY LTD.,<br><br>      Defendants. | CASE NO. C23-0631-KKE<br><br>ORDER ON MOTION TO CONTINUE PRETRIAL DEADLINES AND STRIKE TRIAL DATE |

The parties' dispute concerns patents for wearable breast pumps. Plaintiffs Shenzhen Root Technology Co., Ltd., Hong Kong Lute Technology Co. Ltd., Shenzhen Conglin e-Commerce Co., Ltd, Shenzhen Root e-Commerce Co., Ltd., Shenzhen TPH Technology Co., Ltd., Shenzhen Lutejiacheng Network Technology Co., and Shenzhen Jinruihang Technology Co., Ltd. (collectively "Momcozy") ask the Court to continue certain pretrial deadlines, and to strike the trial date. Dkt. No. 119. Defendant Chiaro Technology, Ltd. ("Elvie") opposes the motion. The Court grants Momcozy's motion because it has shown good cause.

       **I. BACKGROUND**

Both Momcozy and Elvie manufacture and sell wearable breast pumps. In April 2023, Momcozy filed this action seeking declaratory judgment that Elvie's U.S. Patent No. 11,357,893 ("the '893 patent") is not infringed by Momcozy products, and other declaratory, injunctive, and

monetary relief. See Dkt. No. 1 (original complaint), Dkt. No. 54 (amended complaint). The complaint places at issue one patent and one Momcozy product, the S12 Pro. Dkt. No. 54 at 1–2.

On July 5, 2023, the Court issued an order setting the trial date and pretrial deadlines. Dkt. No. 62. The initial case schedule issued by the Court provided for 28 months to trial. Dkt. No. 109 at 9. Since issuing the schedule, the Court has granted multiple stipulated motions to continue deadlines. See Dkt. Nos. 63–64 (order extending deadline to join additional parties and file answer/counterclaims, and shortening time to amend the pleadings); Dkt. No. 74 (order extending deadline to respond to counterclaim by 30 days); Dkt. Nos. 76–77 (order extending deadline to respond to counterclaim by an additional 21 days); Dkt. Nos. 106–07 (order extending deadline for Momcozy to respond to this motion).

In August 2023, Elvie counterclaimed, alleging willful patent infringement and breach of contract under Washington law. Dkt. No. 69 at 26. Elvie asserted Momcozy's S9, S9 Pro, S12, S12 Pro, M1, and M5 products infringed the '893 patent and a second patent ("the '380 patent"). *Id.* Elvie also stated it intended "to amend its Counterclaims to further assert infringement of allowed Patent Application No. 17/203,292 ("the '292 application") upon its issuance by the USPTO." *Id.* at n.1. Elvie stated it "may also amend its Counterclaims to identify additional products that infringe [the '893 and '380 patents], including Momcozy's new V1 product." *Id.* at n.2.

On September 28, 2023, Elvie informed Momcozy it intended to amend its Counterclaims to add the '292 application, and a second allowed Patent Application, No. 18/148,864 ("the '864 application"). Dkt. No. 101-3 at 2. The USPTO issued two patents to Elvie, U.S. Patent No. 11,813,381 ("the '381 patent" (previously the '292 application)) and U.S. Patent No. 11,806,454 ("the '454 patent" (previously the '864 application)) in November 2023. Dkt. No. 101 at 3.

ORDER ON MOTION TO CONTINUE PRETRIAL DEADLINES AND STRIKE TRIAL DATE - 2

On April 30, 2024 the Court granted Elvie's motion to amend its counterclaims to add the two new patents (the '381 and '454 patents) and add Xitao as a counterclaim Defendant. Dkt. No. 101 at 2.  This amendment brought the number of patents at issue to four, and the number of products at issue to eight.

Momcozy now asks the Court to strike the trial date and proposes a schedule with the last scheduled date as February 28, 2025 for Responsive Claim Construction Briefs.  Dkt. No. 119 at 11–12.

## II.   LEGAL STANDARD

The Court may modify a case schedule on a showing of "good cause." Fed. R. Civ. P. 16(d)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).  "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

## III.   ANALYSIS

The parties agree it is necessary to modify some deadlines to correct an issue with the ordering of claim construction expert reports.  *See* Dkt. No. 121 at 14.  The parties disagree as to the need for a trial continuance, and the length of any such continuance.

Momcozy argues it has been diligent in its preparation of the case, but that because of the amendments made by Elvie, it cannot reasonably meet the present deadlines.  Momcozy argues "[t]his case is indisputably different and of a much larger scope than it was when the case schedule was issued, in that multiple new claims, multiple new patents, and multiple new parties have been added since [the case schedule was set]."  Dkt. No. 119 at 10.  Momcozy argues its diligence is

ORDER ON MOTION TO CONTINUE PRETRIAL DEADLINES AND STRIKE TRIAL DATE - 3

shown by its participation in the discovery process, and that its willingness to move the case forward efficiently is shown by it authorizing its lawyers to accept service of summons on behalf of recently added defendant Xitao. *Id.* at 9. Momcozy argues it could not reasonably have anticipated the need for an extension of the case schedule at the time it was set because it did not know if the new patents would ever issue, or that Elvie intended to add more accused products. *Id.* at 9–10. Momcozy states it "cannot adequately prepare for the existing claim construction deadlines and will be unfairly prejudiced if this Court does not expand the case schedule given recent huge increase in the breadth of this litigation." Dkt. No. 122 at 7.

Elvie argues Momcozy has not been diligent, and that it would have had time to comply with the deadlines as set if it had been mindful of the scope of the case from the start, and begun preparing for Elvie's amended counterclaims as soon as it had notice Elvie intended to add new patents to the case. Dkt. No. 121 at 8–9. Elvie states "[t]rue diligence under the circumstances would be supported by a conclusion that despite a showing of *conscientious preparation beginning from the earliest moment Momcozy became aware of the asserted patents* that they still could not reasonably meet the deadlines in the current schedule." Dkt. No. 121 at 9 (emphasis in original). Elvie argues it will be prejudiced by a continuance because "[w]ith each passing day, Momcozy cuts into Elvie's market share and erodes Elvie's reputation by releasing blatantly copied products at a fraction of the cost." *Id.* at 13. Elvie states that, given Momcozy's business structure, it is concerned it will be unable to enforce any damages award. *Id.*

The Court finds that Momcozy has shown diligent participation in this case, and that, together with the expansion of issues since the trial schedule was set, Momcozy has shown "good cause" for the case schedule to be modified. The modification requested by Momcozy will set the schedule up for a time-to-trial resembling recent similar patent cases in this District. *See* Dkt. No. 122 at 4–5.

ORDER ON MOTION TO CONTINUE PRETRIAL DEADLINES AND STRIKE TRIAL DATE - 4

Elvie's concerns that it will be prejudiced by Momcozy continuing to sell the allegedly infringing products represent those present in any "garden-variety patent case." See Dkt. No. 59 at 3. That prejudice does not outweigh Momcozy's showing of good cause for modification.

### IV.   CONCLUSION

The Court STRIKES the present trial date and pretrial schedule. The Court ADOPTS Momcozy's proposed schedule (Dkt. No. 119 at 11–12).

Dated this 28th day of June, 2024.

Kymberly K. Evanson
United States District Judge