The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN ROOT TECHNOLOGY CO., LTD., HONG KONG LUTE TECHNOLOGY CO., LIMITED, AND SHENZHEN CONGLIN E-COMMERCE CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>CHIARO TECHNOLOGY, LTD.,<br><br>Defendant. | Case No. 2:23-cv-00631-KKE<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL AND ENTRY OF CONSENT JUDGMENT**<br><br>Note on Motion Calendar:<br>**June 17, 2026** |
| CHIARO TECHNOLOGY, LTD.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>SHENZHEN ROOT TECHNOLOGY CO., LTD., HONG KONG LUTE TECHNOLOGY CO., LIMITED, SHENZHEN CONGLIN E-COMMERCE CO., LTD., SHENZHEN ROOT E-COMMERCE CO., LTD., SHENZHEN TPH TECHNOLOGY CO., LTD., SHENZHEN LUTEJIACHENG NETWORK TECHNOLOGY CO., LTD, AND SHENZHEN JINRUIHANG TECHNOLOGY CO., LTD.,<br><br>Counterclaim Defendants. | |



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

**TABLE OF CONTENTS**

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 3

III. ARGUMENT ..... 4

1. The proposed Consent Judgment is fair. ..... 5
2. The proposed Consent Judgment is reasonable. ..... 7
3. The proposed Consent Judgment does not violate the law or public policy. ..... 8
4. The proposed Consent Judgment is the appropriate means to resolve this dispute. ..... 10

IV. CONCLUSION ..... 11



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Defs. of Wildlife v. Jewell*
No. 14-02472, 2016 WL 7852469 (D. Ariz. Oct. 18, 2016)............................................. 2

*Eco. Rts. Found. v. S.D. Gas & Elec. Co.*
No. 24-cv-1614, 2024 WL 4495530 (S.D. Cal. Oct. 15, 2024)......................................... 5

*EEOC v. Innovative Servs. NW*
No. 3:23-cv-05173, 2024 WL 3638235 (W.D. Wash. Aug. 2, 2024)................................ 1

*Eli Lilly & Co. v. Alderwood Surgical Ctr. LLC*
2:24-CV-00878-LK, 2025 WL 2697126 (W.D. Wash. Sep. 22, 2025)............................. 1

*In re Hewlett-Packard Co. S'holder Derivative Litig.*
716 Fed. App'x 603 (9th Cir. 2017) ........................................................................... 4

*Kokkonen v. Guardian Life Ins. Co. of Am.*
511 U.S. 375 (1994)..................................................................................................... 10

*Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland*
478 U.S. 501 (1986)....................................................................................................... 1

*McHale v. Enos*, C0301128CRBEDL
2004 WL 3332045 (N.D. Cal. Oct. 29, 2004)................................................................. 10

*Metro. Life Ins. Co. v. Hanni*
No. 1:17-cv-80, 2017 WL 6805318 (N.D. Ind. Sep. 14, 2017) ....................................... 10

*Montrose Environ. Grp., Inc. v. Zephyr Air Quality Servs., LLC*
2:16-cv-00433-SAB, 2017 WL 393606 (E.D. Wash. Jan. 27, 2017) ............................... 9

*Puget Soundkeeper All. v. Pac. Steel Grp.*
No. 3:23-cv-05960, 2024 WL 5318688 (W.D. Wash. Dec. 4, 2024)............................ 1, 8

*San Diego Coastkeeper v. Baker Iron Works, Inc.*
No. 24-cv-1477, 2025 WL 1746304 (S.D. Cal. June 23, 2025) ................................ 5, 7, 8

*SEC v. Randolph*
736 F.2d 525 (9th Cir. 1984) ......................................................................................... 4

*Sierra Club, Inc. v. Elec. Controls Design, Inc.*
909 F.2d 1350 (9th Cir. 1990) .................................................................................... 1, 4



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

*Turtle Island Restoration Net. v. U.S. Dep't of Comm.*
834 F. Supp. 2d 1004 (D. Haw. 2011), *aff'd*, 672 F.3d 1160 (9th Cir. 2012) ............ 2, 6, 7

*United States v. Houston.*
547 F.2d 104 (9th Cir. 1976) ........................................................................................ 9

*United States v. Intalco Aluminum LLC*
No. 2:24-cv-01066, 2024 WL 4491542 (W.D. Wash. Oct. 15, 2024)........................ 5, 8, 9

*United States v. Montrose Chem. Corp. of Cal.*
50 F.3d 741 (9th Cir. 1995) .......................................................................................... 5

*United States v. Oregon*
913 F.2d 576 (9th Cir. 1990) ................................................................... 1, 5, 6, 8, 9



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

## I. INTRODUCTION

Momcozy and TPH seek entry of a consent judgment confirming that their products do not infringe Chiaro's patents. The Court should enter the judgment. It is fair, reasonable, lawful, and the superior vehicle over a stipulated dismissal—particularly because Chiaro is in UK insolvency proceedings and the ultimate disposition of its patent rights remains unknown. A court-entered judgment of non-infringement provides finality regarding the asserted claims against the same products. This brief addresses the two concerns the Court identified in denying the parties' prior stipulated motion (Dkt. 163): the applicable legal standards for consent judgment approval, and why a consent judgment is the appropriate vehicle rather than a stipulated dismissal. Dkt. 163 (citing *Eli Lilly & Co. v. Alderwood Surgical Ctr. LLC*, 2:24-CV-00878-LK, 2025 WL 2697126, at *1–2 (W.D. Wash. Sep. 22, 2025)). Momcozy submits this renewed motion to address both concerns.

A trial court "should enter a proposed consent judgment if the court decides that it is fair, reasonable, and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). A consent judgment must also "'spring from and serve to resolve a dispute within the court's subject-matter jurisdiction,' come 'within the general scope of the case made by the pleadings,' and 'must further the objectives of the law upon which the complaint was based.'" *Puget Soundkeeper All. v. Pac. Steel Grp.*, No. 3:23-cv-05960, 2024 WL 5318688, at *1 (W.D. Wash. Dec. 4, 2024), citing *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland*, 478 U.S. 501, 525 (1986). The Court also considers whether the proposed consent judgment is in the public interest. *See EEOC v. Innovative Servs. NW*, No. 3:23-cv-05173, 2024 WL 3638235, at *2 (W.D. Wash. Aug. 2, 2024), citing *United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990). The proposed Consent Judgment satisfies each of these elements.

*First*, the proposed Consent Judgment is both procedurally and substantively fair. With respect to procedural fairness, a consent judgment is "presumptively valid" if it was a product of "good faith, arms-length negotiations." *Oregon*, 913 F.2d at 581. That is precisely the case here,



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

where the Consent Judgment was the product of good-faith, arm's-length negotiations by experienced, independent counsel representing the parties over the course of a complex, multi-year litigation. Chiaro's UK bankruptcy trustee even approved the judgment. Moreover, the proposed Consent Judgment is substantively fair because it allocates each party's rights and obligations based on a careful and informed assessment of the merits of the parties' claims, defenses, and litigation risks. *See, e.g., Turtle Island Restoration Net. v. U.S. Dep't of Comm.*, 834 F. Supp. 2d 1004, 1017–18 (D. Haw. 2011), *aff'd*, 672 F.3d 1160 (9th Cir. 2012) (consent judgment substantively fair where it "embodie[d] a carefully negotiated compromise" that weighed the benefits of an immediate resolution against "the measure of relief [each party] would have obtained had they prevailed on the merits"). For the same reason, the Consent Judgment is equitable. *See, e.g., Defs. of Wildlife v. Jewell*, No. 14-02472, 2016 WL 7852469, at *3 (D. Ariz. Oct. 18, 2016) ("In determining whether a consent decree is equitable, courts look to whether the decree is substantively fair[]").

*Second*, the proposed Consent Judgment is reasonable because it provides relief within the scope of the pleadings and furthers the objectives of the Patent Act by entering a judgment that Momcozy's and TPH's products do not infringe the Asserted Patents, thereby providing Momcozy and TPH with the certainty and protection they sought from the outset of this litigation.

*Third*, the proposed Consent Judgment conforms to applicable laws and is in the public interest. Nothing in the proposed Consent Judgement violates any laws, either under the Patent Act or otherwise. The proposed Consent Judgment advances the public interest by efficiently resolving a technically complex patent dispute and reducing burdens on the courts and litigants.

*Finally*, a consent judgment is the superior vehicle over a stipulated dismissal. Chiaro is in UK insolvency proceedings, and while it has been represented that Willow has acquired the rights to the patents, it is unclear to Momcozy the exact rights and the extent of such rights. A court-entered non-infringement judgment—not a private settlement—provides additional certainty over a dismissal that the claims at issue in this matter are truly put to rest.



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Momcozy and TPH request that the Court enter the proposed Consent Judgment (Ex. A). Chiaro does not oppose.

## II. FACTUAL BACKGROUND

This action involves four United States patents related to wearable breast pump technology, all owned by Chiaro at the time the patent claims in this action were made. Specifically, the "'893 patent" (U.S. Patent No. 11,357,893, "Breast Pump System," issued June 14, 2022), the "'380 patent" (U.S. Patent No. 11,413,380, "Breast Pump System," issued August 16, 2022), the "'454 patent" (U.S. Patent No. 11,806,454, "Wearable Breast Pump System," issued November 7, 2023), and the "'381 patent" (U.S. Patent No. 11,813,381, "Breast Pump System," issued November 14, 2023) (collectively, the "Asserted Patents").

On April 28, 2023, Momcozy filed this action against Chiaro seeking declaratory judgment of non-infringement of the '893 patent (Count I), declaratory judgment of invalidity of the '893 patent (Count II), and asserting claims of tortious interference with prospective business expectancy (Count III). Dkt. 1. Momcozy filed an Amended Complaint on June 2, 2023, adding a claim of unfair competition (Count IV). Dkt. 54.

On August 14, 2023, Chiaro filed its Answer and Counterclaims asserting infringement of the '893 patent (Count I), infringement of the '380 patent (Count II), and breach of contract (Count III). Dkt. 69. Momcozy thereafter filed Counter-Counterclaims on October 26, 2023 (Dkt. 78) seeking declaratory judgments of non-infringement and invalidity of the '380 patent.

The scope of the litigation grew substantially when, on May 1, 2024, Chiaro filed Amended Counterclaims expanding its infringement allegations to include the '381 patent (Count III) and the '454 patent (Count IV), in addition to renewing its claims for infringement of the '893 and '380 patents and breach of contract. Dkt. 114. Momcozy responded with Amended Counter-Counterclaims on May 15, 2024, seeking declaratory judgments of non-infringement and invalidity as to all four Asserted Patents. Dkt. 117. The Accused Products at issue include the Momcozy S9, S9 Pro, S12, S12 Pro, M1, M5, V1, V2, MobileStyle (M6), and Mobile Flow (M9)



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

products; the Paruu P3, P10, P15, P16, R10, R12, Y10, X1, and X2 products; and the Pibur P15 product (collectively, the "Accused Products"). Ex. A ¶ 11.

In April 2025, the case was stayed pending Chiaro's administration proceedings in the United Kingdom. Chiaro is operating under a UK insolvency proceeding—referred to as "Administration"—and the ultimate distribution of Chiaro's assets, including its patent rights in the Asserted Patents, to creditors, successors, or assignees remains uncertain and largely unknown to Momcozy. No trial date is currently set in this case.

In the course of this litigation and notwithstanding the stay, the parties—each represented by independent, experienced counsel—engaged in arm's-length negotiations to resolve this dispute. Those negotiations, conducted in good faith against the backdrop of a technically complex, multi-patent case, resulted in the proposed Consent Judgment. Chiaro's UK bankruptcy trustee even approved the Consent Judgment before the parties' filing.

The proposed Consent Judgment requests that the Court: (1) confirm its jurisdiction over the parties and subject matter; (2) enter judgment for Momcozy and TPH and against Chiaro that the Accused Products do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any of the Asserted Patents; (3) dismiss with prejudice all of Chiaro's infringement and breach of contract counterclaims; (4) give effect to mutual releases as between the parties; (5) dismiss the invalidity counts without prejudice; (6) dismiss Momcozy's tortious interference and unfair competition claims with prejudice; and (7) retain jurisdiction to enforce the terms of the Consent Judgment. Ex. A ¶¶ 26–32. Each party shall bear its own costs and attorneys' fees. *Id.* ¶ 34.

## III. ARGUMENT

There is a "strong judicial policy in favor of settlement in complex cases." *In re Hewlett-Packard Co. S'holder Derivative Litig.*, 716 Fed. App'x 603, 605 (9th Cir. 2017) (quotations omitted). For this reason, the Court "should enter a proposed consent judgment" when "it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club*, 909 F.2d at 1355; *see also SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984) ("Unless a consent decree is



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

unfair, inadequate, or unreasonable, it ought to be approved"). A consent judgment "need not impose all the obligations authorized by law" and instead represents "an amalgam of delicate balancing, gross approximations and rough justice." *Oregon*, 913 F.2d at 581–82 (citations omitted).

**1. The proposed Consent Judgment is fair.**

A consent judgment is ***fair*** if it is "both (1) the product of a procedurally fair process, and (2) substantively fair to the parties in light of a reasonable reading of the facts." *United States v. Montrose Chem. Corp. of Cal.*, 50 F.3d 741, 746 (9th Cir. 1995). The proposed Consent Judgment is both procedurally and substantively fair.

As to ***procedural fairness***, the Ninth Circuit has consistently found consent judgments that are "the product of good faith, arms-length negotiations" to be "presumptively valid." *Oregon*, 913 F.2d at 581. Here, the proposed Consent Judgment was the product of good faith, arm's-length negotiations. Both Momcozy and Chiaro were represented throughout this litigation by independent, experienced counsel. The parties engaged in extensive litigation over the course of nearly three years—with pleadings, counterclaims, and counter-counterclaims expanding to encompass four patents and dozens of accused products—before reaching this resolution – and final approval was required and obtained from Chiaro's UK bankruptcy trustee. *See, e.g., Eco. Rts. Found. v. S.D. Gas & Elec. Co.*, No. 24-cv-1614, 2024 WL 4495530, at *2 (S.D. Cal. Oct. 15, 2024) (finding consent judgment procedurally fair where parties were "represented by experienced outside counsel" and negotiations were extensive).

As to ***substantive fairness***, a consent judgment is substantively fair and equitable if it requires a "party [to] bear[] the cost of the harm for which it is legally responsible." *United States v. Intalco Aluminum LLC*, No. 2:24-cv-01066, 2024 WL 4491542, at *3 (W.D. Wash. Oct. 15, 2024). The relevant standard for assessing substantive fairness "is not whether the settlement is one which the court itself might have fashioned, or considers as ideal," *San Diego Coastkeeper v. Baker Iron Works, Inc.*, No. 24-cv-1477, 2025 WL 1746304, at *3 (S.D. Cal. June 23, 2025), but is instead "an amalgam of delicate balancing, gross approximations and rough justice," that merely



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

requires the court to be satisfied that "the decree represents a reasonable factual and legal determination," *Oregon*, 913 F.2d at 581. The proposed Consent Judgment meets this standard by reflecting the parties' careful and informed assessment of the relative merits of each other's claims, while taking into consideration the costs, risks, and time associated with litigating the case.

The proposed Consent Judgment is substantively fair for several reasons. *First*, Momcozy sought declaratory judgment of non-infringement of all four Asserted Patents as to the Accused Products. The proposed Consent Judgment delivers precisely that relief—judgment is entered for Momcozy and against Chiaro that none of the Accused Products infringe, directly or indirectly, literally or under the doctrine of equivalents, any of the Asserted Patents. Ex. A ¶ 27. Momcozy thus obtains the core relief it sought from the outset of this litigation, which reflects a substantively favorable and merits-based outcome. *See Turtle Island*, 834 F. Supp. 2d at 1017–18 (consent judgment substantively fair where it "embodi[ed] a carefully negotiated compromise" that weighed the benefits of an immediate resolution against the measure of relief each party would have obtained had they prevailed on the merits).

*Second*, Chiaro's infringement claims across all four Asserted Patents and its breach of contract counterclaims are dismissed with prejudice. Ex. A ¶ 28. This provides Momcozy with complete and durable finality as to those claims.

*Third*, the invalidity counts are dismissed without prejudice, reflecting a balanced compromise. Ex. A ¶ 30. Momcozy obtains the non-infringement protection it needs for the Accused Products without requiring the parties and the Court to expend the added substantial resources necessary to litigate invalidity to judgment. At the same time, neither party is bound on invalidity if the patents are ever asserted in a different context in the future.

*Fourth*, Chiaro is currently in Administration under UK insolvency law. The current and/or future distribution of Chiaro's assets—including the Asserted Patents—to creditors, assignees, or successors-in-interest remains unclear to Momcozy. Without a court-entered judgment of non-infringement, Momcozy could remain exposed to future assertions of the same Asserted Patents against the same Accused Products by any party who may acquire (or has acquired) those patent



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

rights through Chiaro's insolvency proceedings. A private settlement alone could not provide this protection, because a settlement is binding only on its signatories. The proposed Consent Judgment, by contrast, establishes a court-entered adjudication of non-infringement that runs with the patents and protects Momcozy against such future assertions regardless of who holds the Asserted Patents. This protection is a central and important element of the substantive fairness of the Consent Judgment.

*Fifth*, the case was stayed in April 2025 due to Chiaro's Administration, and no trial date is currently set. Full resolution of this technically complex, multi-patent dispute through litigation was indefinitely deferred. Both parties faced continuing uncertainty, delay, and cost. The proposed Consent Judgment eliminates that uncertainty and delivers an immediate, enforceable resolution—consistent with the principle that settlements reflect "a carefully negotiated compromise" of the competing risks both sides would face at trial. *Turtle Island*, 834 F. Supp. 2d at 1017.

In light of these considerations, the proposed Consent Judgment reflects a careful and informed allocation of rights and obligations based on the strengths and weaknesses of each party's claims and defenses, and is substantively fair.

**2. The proposed Consent Judgment is reasonable.**

A consent judgment is ***reasonable*** if it "comes within the general scope of the case made by the pleadings, furthers the objectives upon which the law is based, and does not violate[] the statute upon which the complaint was based[.]" *San Diego Coastkeeper*, 2025 WL 1746304, at *3. The proposed Consent Judgment embodies each of these factors.

*First*, the proposed Consent Judgment comes within the scope of Momcozy's pleadings. From the outset of this litigation, Momcozy's core claim has been that the Accused Products do not infringe Chiaro's patents. The proposed Consent Judgment delivers precisely that: judgment for Momcozy that the Accused Products do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any of the four Asserted Patents. Ex. A ¶ 27. The dismissal of Chiaro's infringement counterclaims with prejudice is likewise within the scope of the relief Momcozy



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

sought. The proposed Consent Judgment therefore "comes within the general scope of the case made by the pleadings." *San Diego Coastkeeper*, 2025 WL 1746304, at *3. *See also Puget Soundkeeper*, 2024 WL 5318688, at *1.

*Second*, the proposed Consent Judgment furthers the objectives of the Patent Act. The Patent Act is designed to provide clear, enforceable patent rights and to promote innovation by giving both patent holders and the public certainty about the scope of patented technology. A consent judgment that definitively resolves a multi-patent, multi-product infringement dispute serves these purposes by providing Momcozy, Chiaro, and any assignees of the Asserted Patents with a clear, court-entered determination of non-infringement. This eliminates the risk of prolonged uncertainty and repetitive litigation over the same products and patents—which is particularly important here given Chiaro's insolvency and the uncertainty about the rights Chiaro retained in the Asserted Patents. By resolving this technically complex dispute without the burden of a full trial, the Consent Judgment also furthers the public interest in efficient judicial administration. *See Intalco Aluminum*, 2024 WL 4491542, at *4.

*Third*, the proposed Consent Judgment does not violate the Patent Act. It does not award damages, impose royalties, or restrict conduct beyond resolving the specific claims here. It enters a non-infringement judgment as to identified products and identified patents—relief that is squarely within the Court's power. It is precisely the kind of "reasonable factual and legal determination" that warrants court approval. *Oregon*, 913 F.2d at 581.

**3. The proposed Consent Judgment does not violate the law or public policy.**

Before the Court can enter the proposed Consent Judgment, it must determine that its terms "conform to applicable laws," and "protect [the interests of] those who did *not* participate in negotiating the compromise." *Oregon*, 913 F.2d at 580–81 (emphasis in original). The Court should make such a finding here.

*First*, the proposed Consent Judgment asks the Court to make findings and order relief in a fashion consistent with all applicable laws. The Consent Judgment enters judgment of non-infringement in favor of Momcozy on identified counts, dismisses Chiaro's claims with prejudice,



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

and retains jurisdiction for enforcement. Each of these steps is well within the Court's authority. Courts in the Ninth Circuit routinely find judgments lawful that contain stipulated terms. *See, e.g., Montrose Environ. Grp., Inc. v. Zephyr Air Quality Servs., LLC*, 2:16-cv-00433-SAB, 2017 WL 393606, at *1 (E.D. Wash. Jan. 27, 2017) ("Because this injunction preserves the status quo and is agreed to by the above Defendants, it is fair, reasonable[,] and equitable and does not violate the law or public policy.") (quotations omitted); *Cf. United States v. Houston.*, 547 F.2d 104, 107 (9th Cir. 1976) ("When parties have entered into stipulations as to material facts, those facts will be deemed to have been conclusively established"). Moreover, because "a consent decree need not impose all the obligations authorized by law," *Oregon*, 913 F.2d at 581, the fact that the Consent Judgment does not resolve the invalidity counts is permissible.

*Second*, the proposed Consent Judgment protects the interests of third parties—including acquirers of the Asserted Patents through Chiaro's Administration—by establishing a clear and binding court record of the non-infringement determination. Any patent holder who has acquired or acquired the Asserted Patents from Chiaro's estate will take those patents subject to this Court's judgment. This serves both fairness and judicial economy by preventing relitigation of the same infringement questions against the same Accused Products.

*Third*, the proposed Consent Judgment advances the public interest. It efficiently resolves a technically complex patent dispute, reducing burdens on the courts and the litigants. *See Intalco Aluminum*, 2024 WL 4491542, at *4 (public interest served by "prompt, effective vindication" of statutory purposes "while also lessening burdens on litigants and the Court"). It also provides market clarity: Momcozy's products—which are sold to consumers—are confirmed as non-infringing, and the risk of consumer market disruption from prolonged patent uncertainty is eliminated. Finally, it ensures that Chiaro's creditors and the administration of Chiaro's estate are not burdened by open-ended patent litigation, which itself serves the orderly administration of insolvency proceedings and the interests of Chiaro's stakeholders.



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

**4. The proposed Consent Judgment is the appropriate means to resolve this dispute.**

The Court's January 14, 2026 Order noted that the parties had not "addressed why a stipulated motion to dismiss would be insufficient." Dkt. 163. A consent judgment is the appropriate and superior vehicle here for several independent and compelling reasons.

*First*, a consent judgment creates a new, enforceable court order that "adopts and endorses with the court's authority the settlement terms agreed upon by the parties." *Metro. Life Ins. Co. v. Hanni*, No. 1:17-cv-80, 2017 WL 6805318, at *1–2 (N.D. Ind. Sep. 14, 2017). The proposed Consent Judgment retains the Court's jurisdiction "to enable any of the Parties . . . to apply to this Court at any time for such further order or directions as may be necessary . . . for the enforcement of any of its provision, or for the punishment of any violation thereof." Ex. A ¶ 32. A stipulated dismissal under Rule 41(a), by contrast, divests the Court of jurisdiction at the moment of filing unless the Court specifically issues an order retaining jurisdiction to enforce the settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994); *see also McHale v. Enos*, C0301128CRBEDL, 2004 WL 3332045, at *1 (N.D. Cal. Oct. 29, 2004) ("A district court lacks jurisdiction to enforce a settlement agreement following a dismissal of the action unless the district judge either: (1) expressly in the dismissal order, retains jurisdiction over the settlement agreement; or (2) incorporates the terms of the settlement agreement in the dismissal order"). Without retained jurisdiction, the parties would have no forum to enforce the terms of their resolution short of filing a new action. The proposed Consent Judgment eliminates that risk.

*Second*, and importantly, the proposed Consent Judgment enters an affirmative judgment of non-infringement. The judgment provides that Momcozy's Accused Products do not infringe any of the four Asserted Patents, directly or indirectly, literally or under the doctrine of equivalents. Ex. A ¶ 27. This is not merely a private agreement between two parties; it is a court adjudication. As such, it operates as a matter of public record and binds successors-in-interest who acquire the Asserted Patents through Chiaro's insolvency proceedings.



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

*Third*, Chiaro's Administration status makes the consent judgment format especially important. Chiaro is currently subject to UK insolvency proceedings, and the full distribution of its patent assets to creditors, assignees, or successors remains unclear to Momcozy. Without a court-entered non-infringement judgment, any party acquiring the Asserted Patents from Chiaro's estate could try to assert those patents against Momcozy's same Accused Products, forcing Momcozy to seek to enforce the dismissal and/or relitigate the precise infringement questions already resolved by the parties' agreement. A private settlement agreement would not bind such a third-party acquirer. The proposed Consent Judgment, as a court order, would. This protection is important and cannot be replicated by a stipulated dismissal.

*Fourth*, the Consent Judgment's mutual releases (Ex. A ¶ 29) and bilateral appeal waiver (Ex. A ¶ 33) benefit from court endorsement. A court order embodying these terms gives them the full force and authority of a judgment, and any violation would be subject to the Court's contempt power.

In sum, the parties seek a consent judgment rather than a stipulated dismissal because the consent judgment delivers something qualitatively different and more durable: a court-entered adjudication of non-infringement, with retained jurisdiction, that protects Momcozy and TPH against future patent assertions by anyone who acquires the Asserted Patents—including through Chiaro's ongoing insolvency proceedings.

## IV. CONCLUSION

The Court should enter the proposed Consent Judgment.

Dated: June 17, 2026

The undersigned counsel certify that the foregoing brief contains 3,753 words, in compliance with this Court's Order Granting Motion for Overlength Brief (Dkt. No. 167)

*<u>/s/ Carl E. Bruce</u>*
Carl E. Bruce (*pro hac vice*)
bruce@fr.com
Matthew A. Colvin (*pro hac vice*)

colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070 | Fax: (214) 747-2091

*/s/ Kelly Del Dotto*
Kelly Del Dotto (*pro hac vice*)
allenspach.del.dotto@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Tel: (302) 652-5070 | (302) 652-0607

*/s/ Jeremy E. Roller*
Jeremy E. Roller (WSBA 32021)
jroller@aretelaw.com
ARÊTE LAW GROUP PLLC
600 University Street, Suite 2420
Seattle, WA 98101
Tel: (206) 428-3250 | Fax: (206) 428-3251

Attorney for Plaintiffs and Counterclaim-Defendants, SHENZHEN ROOT TECHNOLOGY CO., LTD., HONG KONG LUTE TECHNOLOGY CO., LIMITED, SHENZHEN CONGLIN E-COMMERCE CO., LTD., SHENZHEN ROOT E-COMMERCE CO., LTD., SHENZHEN TPH TECHNOLOGY CO., LTD., SHENZHEN LUTEJIACHENG NETWORK TECHNOLOGY CO., LTD, AND SHENZHEN JINRUIHANG TECHNOLOGY CO., LTD.