UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN ROOT TECHNOLOGY CO. LTD. et al.,<br><br>Plaintiff(s),<br>v.<br><br>CHIARO TECHNOLOGY LTD.,<br><br>Defendant(s). | CASE NO. C23-0631-KKE<br><br>**CONSENT JUDGMENT AND ORDER OF DISMISSAL** |

1. In consideration of Momcozy's unopposed motion to approve consent judgment (Dkt. No. 168):

IT IS HEREBY FOUND, ORDERED, ADJUDGED, and DECREED that:

Findings of Fact

2. Plaintiff/Counterclaim Defendant Shenzhen Root Technology Co., Ltd. is organized under the laws of the People's Republic of China and has its principal place of business at Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China.

3. Plaintiff/Counterclaim Defendant Hong Kong Lute Technology Co., Limited is organized under the laws of the Hong Kong and has its principal place of business at Room 803B, 8/F, West Bund International Building, 290-296 Yuen Chau Street, Cheung Sha Wan, Kowloon, Hong Kong.

4. Plaintiff/Counterclaim Defendant Shenzhen Conglin e-Commerce Co., Ltd. organized under the laws of the People's Republic of China and has its principal place of business

at 21F, Jinzhonghuan International Business Building, No. 3037, Jintian Road, Fu'an Community, Futian Street, Futian District, Shenzhen, China.

5. Counterclaim Defendant Shenzhen Yuyou Technology Co., Ltd. (formerly known as Shenzhen Root E-Commerce Co., Ltd.) is a company formed in China with the address 3F307 Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China.

6. Counterclaim Defendant Shenzhen Lutejiacheng Network Technology Co., Ltd. (currently known as, Shenzhen Lute Innovation Technology Co., Ltd.) is a company formed in China with the address 2F2-201 Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China.

7. Counterclaim Defendant Shenzhen Jinruihang Technology Co., Ltd. is a company formed in China with the address Room 204, Building 59, Vanke Donghai'an, No. 216 Huanbi Road, Donghai'an, No. 216 Huanbi Road, Donghai'an Community, Meisha Street, Yantian District, Shenzhen, China.

8. Counterclaim Defendant Shenzhen Xitao Network Technology Co., Ltd. is a company formed in China with the address 2F2-209, Shenzhou Computer Building, Curie Madame Avenue, Longgang District, Shenzhen, China.

9. Counterclaim Defendant Shenzhen TPH Technology Co., Ltd. is a company formed in China with the address 2F, Building 29, Lianchuang Technology Park II, Longgang District, Shenzhen, China.

10. Plaintiffs/Counterclaim Defendants are collectively referred to as "Momcozy."

11. Momcozy makes, uses, offers to sell, sells, and/or imports the Momcozy S9, S9 Pro, S12, S12 Pro, M1, M5, V1, V2, MobileStyle (M6), Mobile Flow (M9), the Paruu P3, P10, P15, P16, R10, R12, Y10, X1, and X2, and Pibur P15 products (collectively, "the Accused Products").

12. Defendant/Counterclaim Plaintiff Chiaro Technology, Ltd. (in Administration) ("Chiaro" and together with Momcozy, "Parties") is organized under the laws of the United

Kingdom, with its principal place of business at 1 Brunswick Square, Bristol BS2 8PE, United Kingdom.

13. On or about June 14, 2022, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 11,357,893, entitled "Breast Pump System" to identified inventors Jonathan O'Toole, Adam Rollo, and Andrew Carr ("the '893 patent").

14. On or about August 16, 2022, the USPTO issued U.S. Patent No. 11,413,380, entitled "Breast Pump System" to identified inventors Jonathan O'Toole, Adam Rollo, and Andrew Carr ("the '380 patent").

15. On or about November 7, 2023, the USPTO issued U.S. Patent No. 11,806,454, entitled "Wearable Breast Pump System" to identified inventors Thibault De Becdelievre, Oliver Blanchard, Georgia Thomas, Daniel John Thompson, Adam Rollo, Paul Reid, Jonathan O'Toole, Jack Biltcliffe, Clare Larkspur, and Claudia Bruen ("the '454 patent").

16. On or about November 14, 2023, the USPTO issued U.S. Patent No. 11,813,381, entitled "Breast Pump System" to identified inventors Jonathan O'Toole, Adam Rollo, and Andrew Carr ("the '381 patent", together with the '893 patent, the '380 patent, and the '454 patent, "the Asserted Patents").

17. At the time that the patent claims in the above-referenced action were made, Chiaro was the owner of the Asserted Patents. Those claims relate to the patent rights granted at that time. Chiaro has all necessary rights in the Asserted Patents to enter into this Consent Judgment and resolve the above-referenced action on the terms set forth herein.

18. Momcozy brought this declaratory judgment action against Chiaro on April 28, 2023. Dkt. No. 1 ("Complaint"). In the Complaint, Momcozy sought declaratory judgment of non-infringement of the '893 patent (Count I), declaratory judgment of invalidity of the '893 patent (Count II), and a claim of tortious interference with prospective business expectancy (Count III).

19. Momcozy filed an Amended Complaint for Declaratory Judgment and Other Relief on June 2, 2023. Dkt. No. 54 ("Amended Complaint"). In the Amended Complaint, Momcozy sought declaratory judgment of non-infringement of the '893 patent (Count I); declaratory

judgment of invalidity of the ’893 patent (Count II); a claim of tortious interference with prospective business expectancy (Count III); and a claim of unfair competition (Count IV).

20. Chiaro filed its Answer, Defenses, and Counterclaims to Plaintiffs’ Amended Complaint on August 14, 2023. Dkt. No. 69 (“Answer”). In its Answer, Chiaro brought a claim of infringement of the ’893 patent (Count I), a claim of infringement of the ’380 patent (Count II), and a breach of contract claim (Count III).

21. Momcozy filed its Answer to Counterclaims, Affirmative Defenses, and Counter-Counterclaims on October 26, 2023. Dkt. No. 78 (“Counter-Counterclaims”). In its Counter-Counterclaims, Momcozy sought declaratory judgment of non-infringement of the ’380 patent (Count I); and declaratory judgment of invalidity of the ’380 patent (Count II).

22. Chiaro filed its Amended Counterclaims on May 1, 2024. Dkt. No. 114 (“Amended Counterclaims”). In its Amended Counterclaims, Chiaro brought a claim of infringement of the ’893 patent (Count I); a claim of infringement of the ’380 patent (Count II); a claim of infringement of the ’381 patent (Count III); a claim of infringement of the ’454 patent (Count IV); and a breach of contract claim (Count V).

23. Momcozy filed its Answer to Amended Counterclaims, Affirmative Defenses, and Counter-Counterclaims on May 15, 2024. Dkt. No. 117 (“Amended Counter-Counterclaims”). In its Amended Counter-Counterclaims, Momcozy sought declaratory judgment of invalidity of the ’893 patent (Count I); declaratory judgment of noninfringement of the ’380 patent (Count II); declaratory judgment of invalidity of the ’380 patent (Count III); declaratory judgment of non-infringement of the ’381 patent (Count IV); declaratory judgment of invalidity of the ’381 patent (Count V); declaratory judgment of noninfringement of the ’454 patent (Count VI); and declaratory judgment of invalidity of the ’454 patent (Count VII).

24. Counterclaim defendant Shenzhen TPH Technology Co. (“TPH”), Ltd. filed its Answer to Amended Counterclaims, Affirmative Defenses, Counter-Claims, and Cross-Claims on January 14, 2025. Dkt. No. 140 (“TPH’s Counter-Claims”). In its Counter-Claims, TPH sought judgment of invalidity of the ’893 patent (Count I); judgment of noninfringement of the ’380 patent

(Count II); judgment of invalidity of the ’380 patent (Count III); judgment of non-infringement of the ’381 patent (Count IV); judgment of invalidity of the ’381 patent (Count V); judgment of noninfringement of the ’454 patent (Count VI); and judgment of invalidity of the ’454 patent (Count VII).

25. Chiaro filed its Answer to TPH’s Counter-Claims on February 04, 2025. Dkt. No. 147 (“Answer to TPH Counterclaims”).

<u>Conclusions of Law</u>

26. This Court has jurisdiction over the Parties and jurisdiction over the subject matter of this lawsuit.

27. Judgment is hereby entered for Momcozy and against Chiaro on Count I of the Complaint (Dkt. No. 1), Count I of the Amended Complaint (Dkt. No. 54), Count I of the Counter-Counterclaims (Dkt. No. 78), Counts IV and VI of the Amended Counter-Counterclaims (Dkt. No. 117), and Counts II, IV, and VI, of TPH’s Counter-Claims (Dkt. No. 140), including on Momcozy’s claims as set forth in those Counts that Plaintiffs/Counterclaim Defendants do not infringe, directly or indirectly, literally or under the doctrine of equivalents, the Asserted Patents, including by the making, using, offering to sell, selling, or importing into the United States, any of the Accused Products.

28. Except as ordered and adjudged in the above paragraphs of this Consent Judgment, all claims and counterclaims asserted (including Counts I-III of Chiaro’s Answer and Counts I-V of its Amended Counterclaims) by Chiaro against Momcozy are dismissed with prejudice.

29. By effect of this consent judgment: (1) Chiaro hereby releases Momcozy of all patent infringement and breach of contract claims and counterclaims currently existing that could have been asserted in the above-captioned action; and (2) Momcozy hereby releases Chiaro of all tortious interference and unfair competition claims and counterclaims currently existing that could have been asserted in the above-captioned action.

30. Except as ordered and adjudged in the above paragraphs of this Consent Judgment, Count II of the Complaint, Count II of the Amended Complaint, Count II of the Counter-

Counterclaims, and Counts I, III, V, and VII of the Amended Counter-Counterclaims, and Counts I, III, V, and VII of TPH's Counter-Claims are dismissed without prejudice.

31. Except as ordered and adjudged in the above paragraphs of this Consent Judgment, Count III of the Complaint and Counts III and IV of the Amended Complaint, are dismissed with prejudice.

32. This Court retains jurisdiction to enable any of the Parties to this Consent Judgment to apply to this Court at any time for such further order or directions as may be necessary to appropriate for the construction or implementation of this Consent Judgment, for the enforcement of any of its provision, or for the punishment of any violation thereof.

33. Chiaro and Momcozy have waived any and all rights to appeal from or to otherwise contest this Consent Judgment.

34. Each of the Parties shall bear their own respective costs and attorney's fees which have been incurred in the instant litigation through the date hereof as well as in having this Consent Judgment issued.

**IT IS SO ORDERED.**

DATED this 24th day of September, 2026

Kymberly K. Evanson

The Honorable Kymberly K. Evanson
United States District Judge